IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02148-BNB

DARRELL FORTNER,
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El
    Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso
    County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County,
    Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the
    City of Colorado Springs, Co.,
JIM McGANAS, individually and in his official capacity as City Forrester for the City fo
    Colorado Springs, Co.,
STATE OF COLORADO, a state within the United States, and
JAMES S. RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 28 2006

GREGORY C. LANGHAM
    CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiffs Darrell Fortner and Jennifer Fortner initiated this action by filing *pro se* a document titled "Ex Parte Application to Waive the Requirements of Filing Administrative Claim With U.S. of America, ATF and Other County &/or State

Employees" in which they sought leave to file a civil complaint. In an order filed on October 26, 2006, the court directed the clerk of the court to commence a civil action and directed Plaintiffs to cure certain specified deficiencies if they wished to pursue their claims. Therefore the "Ex Parte Application . . ." will be denied as moot. Also on October 26, 2006, Plaintiffs filed "Plaintiffs' First Request for Extension of Time to File Civil Rights Complaint." On November 22, 2006, each Plaintiff filed an individual motion seeking leave to proceed *in forma pauperis*, and they filed a Complaint. Therefore, the motion for an extension of time also will be denied as moot. The *in forma pauperis* motions will be granted.

The court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file an amended complaint.

The court has reviewed the Complaint filed in this action and has determined that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV**

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs allege that their constitutional rights have been violated. They specifically allege that they have been denied due process and equal protection and that their Fourth Amendment rights have been violated. These claims apparently are asserted pursuant to 42 U.S.C. § 1983. However, because Plaintiffs have used only selected pages from the court's Complaint form, they fail to distinguish between the individual claims they are asserting and they fail to link the specific factual allegations that support each claim to that claim. In other words, it is not clear which factual allegations in the single narrative provided in the Complaint support which claims. In addition, although Plaintiffs cite 42 U.S.C. §§ 1985 and 1986 in the Complaint, they fail to allege facts to support any claims under those statutes.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Plaintiffs should be given an opportunity to file an amended complaint. They will be directed to do so below. Accordingly, it is

ORDERED that the "Ex Parte Application to Waive the Requirements of Filing Administrative Claim With U.S. of America, ATF and Other County &/or State Employees" and "Plaintiffs' First Request for Extension of Time to File Civil Rights Complaint," both of which were filed on October 26, 2006, are denied as moot. It is

FURTHER ORDERED that Plaintiffs file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiffs, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Plaintiffs fail within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED November 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02148-BNB

Darrell Fortner
Jennifer Fortner
13365 Nelson St.
Colorado Springs, CO 80908

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on 11/28/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk