IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERS, individually and in his official capacity as Mayor of C/S,
KATHRYN YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, CO,
JIM MCGANAS, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,
STAT OF COLORADO, a state within the United States, and
JAMES S. RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiffs** [sic] **Supplemental Verified Complaint** [Doc. #41, filed 4/16/07]. The plaintiffs have submitted a proposed supplement to their Complaint.

The Federal Rules of Civil Procedure provide that a complaint may be amended as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed.R.Civ.P. 15(a).

The defendants have not filed a responsive pleading in this action.[1] Pursuant to Rule 15(a), the plaintiffs are entitled to amend their Complaint once as a matter of course.[2]

However, the plaintiffs may not simply file piecemeal supplements to the Complaint. Rather, they must file the entire amended complaint. The plaintiffs may not incorporate any of their previous complaints into the amended complaint. The amended complaint must stand alone; it must contain <u>all</u> of the plaintiffs' claims. Accordingly,

IT IS ORDERED that the Plaintiffs [sic] Supplemental Verified Complaint IS STRICKEN.

Dated April 19, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Defendants' motions to dismiss the Complaint are not responsive pleadings. <u>Cooper v. Shumway</u>, 780 F.2d 27, 29 (10th Cir. 1985).

[2] On October 26, 2006, the Court ordered the plaintiffs to submit their complaint on the proper form [Doc. #1, issued 10/26/06]. On November 28, 2006, the plaintiffs were directed by the Court to amend their complaint to comply with Rule 8 of the Federal Rules of Civil Procedure [Doc. #7, issued 11/28/06]. Such directives are routinely given to *pro se* plaintiffs upon filing of their initial complaints. I do not consider the mandatory amendments to be amendments "as a matter of course" under Rule 15.