IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso
County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County
Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County,
Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of
Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of
Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Federal Government's Motion to Dismiss Second**

**Amended Verified Complaint** [Doc. #63, filed 5/10/07] (the "Motion"). The Motion is filed on

behalf of the United States of America; the Bureau of Alcohol, Tobacco, Firearms, and

Explosives ("ATF"); ATF Agents Sarah Pelton, Dog 1, Cat 2, and Horse 3;[1] and Assistant United States Attorney James Russell, to the extent they are sued in their official capacities (collectively referred to as the "Federal Defendants"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

---

[1] Defendants Dog 1, Cat 2, and Horse 3 are not really animals, but are fictitious names for three unidentified ATF agents. *Second Amended Verified Complaint*, ¶ 8 [Doc. #52, filed 4/26/07].

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint"). The Complaint contains the following allegations against the defendants:

1.    The Federal Defendants conspired with the City of Colorado Springs and the County of El Paso to injure the plaintiffs through threats, intimidation, and reprisal, all in an effort to ruin the plaintiffs' tree service business. *Complaint*, ¶ 32.

2.    ATF agents Pelton and Dog 1 entered the plaintiffs' home and falsely arrested Mr. Fortner without a warrant and without probable cause. Id. at ¶¶ 40, 43, 44. Pelton and Dog 1 denied Mr. Fortner's request to call his attorney. Id. at ¶ 45. Pelton, Dog 1, Cat 2, and Horse 3 seized nine firearms, seven carrying cases, and four telescopes without a warrant. Id. at ¶ 46. The Federal Defendants are guilty of false arrest, false imprisonment, and illegal search and seizure. Id. at ¶ 36.

3.    Under threat of arrest, Pelton ordered Mr. Fortner to report to the El Paso County Sheriff's Department within twelve hours to register as a sex offender. Id. at ¶ 52.

4.    Pelton called Ms. Fortner a Mexican and asked if she could speak English. Id. at ¶ 58.

5.    Pelton, Dog 1, Cat 2, and Horse 3 illegally seized the plaintiffs' property. Id. at ¶¶ 59-60.

6.   Pelton and Russell lied to the United States District Court judge in Case No. 06-cv-00281-LTB.  Pelton stated to the Court that Mr. Fortner was arrested and convicted in California for child molestation and that Mr. Fortner had a 9mm gun.  Id. at ¶¶ 99-103.

7.   Pelton stated that Bruce Millis told her that Mr. Fortner had guns and was a child molester.  Id. at ¶ 105.  Mr. Fortner told Pelton that Millis had pulled a gun on him and threatened him.  Id. at ¶ 106.  Pelton refused to investigate the matter.  Id. at ¶¶ 104, 106.

8.   Russell told the United States District Court that ATF agents seized seven firearms from plaintiffs' home and later told the Court that the ATF seized six firearms from plaintiffs' home and one firearm from Bruce Millis.  Id. at ¶ 107.

9.   All of the named defendants knew or should have known that their actions were wrong.  Id. at ¶¶ 115, 123.

The Complaint lists numerous constitutional provisions, federal statutes, and state law causes of actions that were allegedly violated by all of the named defendants.  The plaintiffs seek monetary damages against the Federal Defendants.  The Federal Defendants seek dismissal of the Complaint based on sovereign immunity.

### III.   ANALYSIS

#### A.   Sovereign Immunity

The Federal Defendants assert that the claims against them must be dismissed based on sovereign immunity.   It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an

expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). <u>Hensel v. Office of the Chief Administrative Hearing Officer</u>, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a jurisdictional bar to suit. <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994).

The defendants are asserting a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. <u>Holt</u>, 46 F.3d at 1003.

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985). James Russell is an Assistant United States Attorney. Defendants Pelton, Dog 1, Cat 2, and Horse 3 are agents of the ATF. Therefore, suits against them in their official capacities are suits against federal agencies. Sovereign immunity shields the Federal Government and its agencies from suit. <u>Department of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999).

The plaintiff bears the burden of establishing waiver to sovereign immunity. <u>Fostvedt v. United States</u>, 978 F.2d 1201, 1203 (10th Cir. 1992). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (internal quotation and citation omitted).

The plaintiffs do not provide any valid authority to establish a waiver of the United States' sovereign immunity.[2] Therefore, I respectfully RECOMMEND that the Motion be GRANTED.

_____

[2]I note that constitutional claims brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), may not be brought against federal agencies or agents acting in their official capacities. <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 483-86 (1994). I further note that the Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity from suit in certain circumstances. <u>See</u> 28 U.S.C. § 2674. Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or the claim "shall be forever barred." 28

## IV. CONCLUSION

I respectfully RECOMMEND that the **Federal Government's Motion to Dismiss Second Amended Verified Complaint** be GRANTED and that the Second Amended Complaint be DISMISSED as to the United States of America and the Bureau of Alcohol, Tobacco, Firearms, and Explosives in its entirety, and as to Sarah Pelton, Dog 1, Cat 2, and Horse 8, and James Russell, to the extent they are sued in their official capacities.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

U.S.C. § 2401(b). "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA." Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991). The Federal Defendants provide evidence that the plaintiffs have not filed a claim under the FTCA. *Motion*, Exhibit A-1. The plaintiffs do not provide any evidence to the contrary.