IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **James S. Russell's Motion to Dismiss Second Amended Verified Complaint** [Doc. #65, filed 5/10/07] (the "Motion"). The Motion is filed on behalf of

Assistant United States Attorney James Russell insofar as he is sued in his individual capacity.[1] I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint").  The allegations against defendant Russell are found in Claim Four of the Complaint:

1.  Russell lied to the United States District Court Judge in a civil forfeiture action, Civil Action No. 06-cv-00281 LTB, USA v. 7 Firearms.  Russell told the United States District Court

---

[1]The federal defendants, including Mr. Russell, have filed a separate motion to dismiss the claims against them in their official capacities.

that ATF agents seized seven firearms from plaintiffs' home and later told the Court that the ATF seized six firearms from plaintiffs' home and one firearm from a separate individual. Id. at ¶¶ 99, 107.

2. Russell knew or should have known that their actions were wrong. Id. at ¶¶ 115, 123.

Claim Four alleges violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to deprive plaintiffs of their equal protection rights in violation of 42 U.S.C. § 1985(3); failure to prevent conspiracy in violation of 42 U.S.C. § 1986; and violations of 18 U.S.C. §§ 241 and 242.[2] The plaintiffs seek monetary damages against Russell. Id. at p. 33.

## III. ANALYSIS

### A. Prosecutorial Immunity

Defendant Russell argues that claims against him for lying to the judge must be dismissed based on prosecutorial immunity. It is well established that prosecutors are absolutely immune for activities that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). "[P]rosecutorial immunity extends to proceedings where the prosecutor institutes a civil forfeiture proceeding." Blakely v. United States, 276 F.3d 853, 871 (6th Cir. 2002).

Russell's alleged actions in making statements of the facts to the Court, whether accurate or not, were within the scope of his duties as a prosecutor and advocate for the government. Accordingly, his actions are protected by absolute immunity. I respectfully RECOMMEND that

---

[2]I have recommended separately that the plaintiffs' claims under 18 U.S.C. §§ 241 and 242 be dismissed with prejudice as against all defendants. Therefore, I do not address the claims in this Recommendation.

the Motion be GRANTED to the extent it seeks dismissal of any claims against defendant Russell based on Russell's statements to the Court in Civil Action No. 06-cv-00281.

### B.  Conspiracy Claim

Defendant Russell asserts that the plaintiffs' conclusory allegations that he conspired with others to violate the plaintiffs' rights are insufficient to state a claim.

Claim Four asserts violations of 42 U.S.C. §§ 1985 and 1986.  Section 1985 provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(1).

This statute is narrowly construed, as explained by the circuit court:

> The case law has defined the elements of a claim under this statute. The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and

4

> immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, § 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. The other class-based animus language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. In fact, the Supreme Court has held that it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.

Tilton v. Richardson, 6 F.3d 683, 686 (10 Cir.1993) (internal quotations and citations omitted).

The Complaint does not contain any allegations of racial or class-based discriminatory animus by Russell, nor does it contain any factual allegations to show that Russell shared a general conspiratorial objective with the other defendants to deprive the plaintiffs of equal protection. To the contrary, the Complaint contains only one conclusory allegation of conspiracy against employees of the United States:

> Defendants, - employees of the City of Colorado Springs, ATF, United States, and the County of El Paso, Colorado under the direction of their co-defendants - superiors through office conspired in concert with each other to injure plaintiffs by threats, reprisals, intimidation and rights protected by the U.S. Constitution all in an effert [sic] to run plaintiffs out of employment - tree service business in Colorado Springs and County of El Paso and completly [sic] ruin plaintiffs' business and reputation, and to shame.

*Complaint*, ¶ 32.

Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party

5

> injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

Claim Four does not contain any allegations to support a claim under section 1986. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the plaintiffs' claims for violations of 42 U.S.C. §§ 1985 and 1986.

## IV. CONCLUSION

I respectfully RECOMMEND that James S. Russell's Motion to Dismiss Second Amended Verified Complaint be GRANTED and that the Second Amended Complaint be DISMISSED as to defendant Russell insofar as he is sued in his individual capacity.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge