IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso
County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County
Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County,
Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of
Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of
Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Sarah Pelton's Partial Motion to Dismiss the Second**

**Amended Verified Complaint** [Doc. #67, filed 5/14/07] (the "Motion"). The Motion is filed on

behalf of defendant Sarah Pelton, an agent for the Bureau of Alcohol, Tobacco, Firearms, and

Explosives ("ATF"), insofar as she is sued in her individual capacity.[1] The plaintiffs did not file a response to the Motion. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint"). The Complaint contains the following allegations against Pelton:

---

[1] The federal defendants, including Ms. Pelton, have filed a separate motion to dismiss the claims against them in their official capacities.

1. Pelton and others conspired with the City of Colorado Springs and the County of El Paso to injure the plaintiffs through threats, intimidation, and reprisal, all in an effort to ruin the plaintiffs' tree service business. *Complaint*, ¶ 32.

2. ATF agents Pelton and Dog 1[2] entered the plaintiffs' home and falsely arrested Mr. Fortner without a warrant and without probable cause. Id. at ¶¶ 40, 43, 44. Pelton and Dog 1 denied Mr. Fortner's request to call his attorney. Id. at ¶ 45. Pelton, Dog 1, Cat 2, and Horse 3 seized nine firearms, seven carrying cases, and four telescopes without a warrant. Id. at ¶ 46. Pelton is guilty of false arrest, false imprisonment, and illegal search and seizure. Id. at ¶ 36.

3. Under threat of arrest, Pelton ordered Mr. Fortner to report to the El Paso County Sheriff's Department within twelve hours to register as a sex offender. Id. at ¶ 52.

4. Pelton called Ms. Fortner a Mexican and asked if she could speak English. Id. at ¶ 58.

5. Pelton, Dog 1, Cat 2, and Horse 3 illegally seized the plaintiffs' property. Id. at ¶¶ 59-60.

6. Pelton and Russell lied to the United States District Court judge in Case No. 06-cv-00281-LTB. Pelton stated to the Court that Mr. Fortner was arrested and convicted in California for child molestation and that Mr. Fortner had a 9mm gun. Id. at ¶¶ 99-103.

7. Pelton stated that Bruce Millis told her that Mr. Fortner had guns and was a child molester. Id. at ¶ 105. Mr. Fortner told Pelton that Millis had pulled a gun on him and threatened him. Id. at ¶ 106. Pelton refused to investigate the matter. Id. at ¶¶ 104, 106.

8. All of the named defendants knew or should have known that their actions were wrong. Id. at ¶¶ 115, 123.

---

[2] Dog 1 and Cat 2 and Horse 3, discussed below, are not really animals, but are fictitious names employed by the plaintiffs for three unidentified ATF agents. *Second Amended Verified Complaint*, ¶ 8 [Doc. #52, filed 4/26/07].

The Complaint lists numerous constitutional provisions, federal statutes, and state law causes of actions that were allegedly violated by all of the named defendants. The plaintiffs seek monetary damages against Pelton.

### III. ANALYSIS

#### A. Claims One and Two

Pelton asserts that the common law torts asserted against her must be dismissed because she was acting within the scope of her employment; the Federal Tort Claims Act ("FTCA") is the exclusive remedy for common law torts committed by federal employees acting within the scope of their employment; and the United States is the only proper defendant in an FTCA action. *Motion*, p. 2.

The plaintiffs have alleged common law torts against Pelton in Claims One and Two. Claim One alleges false arrest, *Complaint*, ¶¶ 37, 39, and libel and slander. Id. at ¶ 39. Claim Two alleges intentional infliction of emotional distress, id. at ¶ 48, and negligence. Id. at ¶ 49.

The plaintiffs are suing Pelton as an ATF agent. Id. at caption of Complaint and ¶¶ 17, 40. "The FTCA is a limited waiver of sovereign immunity that only applies to federal employees." Woodruff v. Covington, 389 F.3d 1117, 1126 (10th Cir. 2004) (internal quotations omitted). "The Act defines 'government employees' to include 'officers and employees of any federal agency . . . .'" Id.

The FTCA waives sovereign immunity for actions against the United States for the intentional torts of false arrest, libel, and slander by "investigative or law enforcement officers of the United States Government," 28 U.S.C. § 2680(h), and "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances

4

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The Tenth Circuit Court of Appeals has stated:

> An FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1). "The purpose of this 'exclusive remedy' provision was to give federal employees an absolute immunity from common law tort actions[.]" Jamison, 14 F.3d at 227 (4th Cir.1994).

Woodruff v. Covington, 389 F.3d 1117, 1126 (10th Cir. 2004).

The plaintiffs cannot assert their common law tort claims against Pelton; instead, those claims must be asserted against the United States. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim One's allegations of false arrest, libel, and slander and Claim Two's allegations of intentional infliction of emotional distress and negligence as against Pelton.

**Claim Four**

Claim Four alleges, in part, that Pelton provided false testimony in a civil forfeiture case, *Complaint*, ¶¶ 99-107, in violation of the plaintiffs' constitutional rights. Id. at ¶ 61. In a one sentence argument which cites a Colorado Supreme Court case for support, Pelton asserts that she is entitled to absolute immunity for Claim Four because the claim is based on her courtroom testimony. *Motion*, p. 2.

"The one asserting absolute immunity must demonstrate clear entitlement." Anthony v. Baker, 955 F.2d 1395, 1399 (10th Cir. 1992). Federal officers "who seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope." Smith v. Dep't of Human Services, 232 F.3d 902,

5

2000 WL 1480259 (10th Cir. Oct. 6, 2000) (internal quotations omitted) (citing Malley v. Briggs, 475 U.S. 335, 340 (1986)). The defendant's half-hearted argument, and her failure to support the argument with controlling case law, do not establish her right to absolute immunity. Accordingly, I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Four on the basis of absolute immunity.

## IV. CONCLUSION

I respectfully RECOMMEND that **Sarah Pelton's Partial Motion to Dismiss the Second Amended Verified Complaint** be GRANTED IN PART and DENIED IN PART as follows:

(1) GRANTED insofar as it seeks to dismiss Claim One's allegations of false arrest, libel, and slander and Claim Two's allegations of intentional infliction of emotional distress and negligence as to defendant Sarah Pelton; and

(2) DENIED to the extent it seeks dismissal of Claim Four based on absolute immunity.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge