IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **County Defendants' Motion to Dismiss Second Amended Verified Complaint or in the Alternative Motion for More Definite Statement** [Doc. #61, filed 5/8/07] (the "Motion"). The Motion is filed on behalf of defendants County of El

Paso, Colorado; the employees of El Paso County, Colorado;[1] Sergeant James A. Choate; and Sheriff Terry Maketa (collectively referred to as the "County Defendants"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions

---

[1]The Caption of the Complaint names as defendants "County of El Paso Hound 4 & 5, individually and in their official capacity as El Paso County employees." These defendants are not really hounds, but are fictitious names employed by the plaintiffs for two unidentified El Paso County road maintenance employees. See *Amended Complaint*, ¶ 28 [Doc. #4, filed 11/22/06].

> the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint"). The allegations against the County Defendants are found in Claims Two and Four of the Complaint:

1. The County defendants conspired with others to "run Plaintiffs out of the tree service business." *Complaint*, ¶¶ 32, 95.

2. Defendant Maketa had knowledge of the wrongs and allowed them, ordered them, or failed to prevent them. Id. at ¶¶ 33, 114.

3. Maketa and Choate wrongfully forced plaintiff Darrell Fortner to register as a sex offender or be arrested for failure to register. Id. at ¶¶ 53, 91, 92.

3

4. The plaintiffs were forced to retain an attorney so they could obtain a court order to remove Mr. Fortner from the registry. Id. at ¶¶ 54, 94.

5. The County Defendants wrongfully entered Mr. Fortner, as the owner of Diamond Dundee Tree Service, on the internet as a registered sex offender. Id. at ¶¶ 55, 93, 96.

6. Choate and Maketa had the means to check Mr. Fortner's criminal background, but failed to do so. Id. at ¶ 97.

The plaintiffs seek monetary damages against the County Defendants. Id. at p. 33, §§ (a)-(f).

### III. ANALYSIS

Claim Two alleges loss of business in violation of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; violations of 42 U.S.C. §§ 1985(3) and 1986; violations of 18 U.S.C. §§ 241 and 242; intentional infliction of emotional distress; negligence, and "ruined reputation and shame." Claim Four alleges violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to deprive plaintiffs of their equal protection rights in violation of 42 U.S.C. § 1985(3); failure to prevent conspiracy in violation of 42 U.S.C. § 1986; and violations of 18 U.S.C. §§ 241 and 242.

The County Defendants seek dismissal of the Complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[2]

### A. Defendants "County of El Paso Hound 4 & 5"

---

[2] The Motion is confusing. For example, the defendants appear to confuse the "official capacity" and "individual capacity" terminology found in suits brought under 42 U.S.C. § 1983 with the "scope of employment" terminology found in the Colorado Governmental Immunity Act. *Motion*, ¶ 2. The defendants also appear to confuse sovereign immunity with qualified immunity. Id. at ¶ 13. Nevertheless, I have attempted to analyze all of the defenses presented in the Motion.

The Caption of the Complaint names as defendants "County of El Paso Hound 4 & 5, individually and in their official capacity as El Paso County employees." However, the Complaint does not contain any allegations against Hounds 4 and 5. I respectfully RECOMMEND that defendants "County of El Paso Hound 4 & 5" be DISMISSED.

### B. State Law Tort Claims

The defendants assert that they are immune from tort liability under the Colorado Governmental Immunity Act ("CGIA"), §24-10-101 *et seq.*, because they have not waived sovereign immunity for the plaintiffs' claims. *Motion*, ¶¶ 13 -15. The defendants recite law pertinent to the notice provision of the CGIA, but they do not specifically assert that the plaintiffs failed to comply with the notice provision, nor do they provide any evidence of noncompliance.[3]

Compliance with the notice provision is "a jurisdictional prerequisite to any action brought under" the CGIA "and failure of compliance shall forever bar any such action." C.R.S. § 24-10-109(1). Because compliance with the notice provision implicates this Court's jurisdiction over the plaintiffs' state law tort claims, and because it appears the defendants may be asserting that the plaintiffs did not comply with the notice provision, I decline to address the defendants' other CGIA arguments. I respectfully RECOMMEND that the Motion be DENIED WITHOUT PREJUDICE insofar as it seeks dismissal of the plaintiffs' state law tort claims based on sovereign immunity, subject to proper reassertion of the notice issue.

### C. Constitutional Claims

Claims Two and Four assert violations of the plaintiffs' constitutional rights under 42 U.S.C. § 1983. Section 1983 provides:

---

[3]The question of whether the plaintiffs complied with the CGIA's notice provisions presents a factual challenge to the Complaint. Therefore, the Court would have wide discretion to consider evidence in its resolution of the issue. Holt, 46 F.3d at 1003.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The plaintiff is suing the County of El Paso and the individual county defendants in both their official and individual capacities. As the court noted in Johnson v. Board of County Com'rs, 85 F.3d 489, 493 (10th Cir. 1996):

> When a governmental official is sued in his official and individual capacities for acts performed in each capacity, those acts are treated as the transactions of two different legal personages. Thus, a person sued in his official capacity has no stake, as an individual, in the outcome of the litigation. Personal or individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, while an official capacity suit is only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, and not as a suit against the official personally, for the real party in interest is the entity.

(Internal citations and quotations omitted).

### 1. Official Capacity Claims

The County Defendants assert that the claims against them in their official capacities must be dismissed for failure to state a claim upon which relief can be granted. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Department of

6

Social Services, 436 U.S. 658, 694 (1978). A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. Id. at 690. A custom is a "persistent and widespread ... practice[] of ... officials." Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The Complaint does not allege that any custom or policy is responsible for the deprivation of the plaintiff's constitutional rights. To the contrary, the plaintiffs complain that the actions of the County Defendants "violated clearly established laws." *Complaint*, ¶¶ 95, 98. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the constitutional claims against the County Defendants in their official capacities.

### 2. Individual Capacity Claims

The defendants assert that they are entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly

established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I now look to the Complaint's allegations to determine if the plaintiffs have sufficiently alleged a violation of their constitutional rights.

Claims Two and Four allege violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. However, Claims Two and Four do not contain any allegations against Maketa or Choate which implicate the Fourth Amendment. The Complaint is devoid of allegations against Choate regarding the Fourth Amendment. The following allegations, found in the plaintiffs' "Brief Statement of the Case," are the only allegations against Maketa which could pertain to the Fourth Amendment:

> Defendants, superiors, Rivera, Maketa and other superiors in office failed to prevent the wrongs to be done and they had knodledge [sic] of wrongs and had power to prevent and refused to do so . . . instead superior Defendants joined into the conspircys [sic] to commit the wrongful acts complained of herin [sic] this complaint.
> * * *
> False arrest, false emprisonment [sic], illegal search and seizure by Defendants, City of Colorado Springs, ATF, and Defendant[] Maketa.

*Complaint*, ¶¶ 33, 36.

Maketa and Choate assert that the constitutional claims against them in their individual capacities must be dismissed for lack of personal involvement. *Motion*, ¶ 4. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control

or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiffs' summary allegation against Maketa is not sufficient to demonstrate personal participation by Maketa. Indeed, the factual allegations regarding personal involvement in the "false arrest, false emprisonment [sic], and illegal search and seizure" are found in Claims One and Three as against other defendants. *Complaint*, ¶¶ 37-47, 56-60. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the Complaint's allegations of a Fourth Amendment violation against Maketa and Choate in their individual capacities. Because the plaintiffs have not sufficiently alleged violation of a their Fourth Amendment rights as against Maket and Choate, I do not reach the issue of qualified immunity on this claim.

The plaintiffs allege in Claims Two and Four that in an effort to "run plaintiffs out of the tree service business," Maketa and Choate forced plaintiff Darrell Fortner to register as a sex offender; threatened him with arrest if he failed to register; and entered Mr. Fortner, as the owner of Diamond Dundee Tree Service, on the internet as a registered sex offender. *Complaint*, ¶¶ 53, 55, 91, 92, 93, 95, 96. The allegations that government officials deliberately, wrongfully, and publicly labeled Mr. Fortner as a sex offender implicate a liberty interest and could constitute a violation of Mr. Fortner's due process rights under the Fifth and Fourteenth Amendments. Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004); Dean v. McWherter, 70 F.3d 43, 45 (6th Cir. 1995). The plaintiffs' allegations are sufficient to demonstrate personal participation of both Maketa and Choate. Moreover, as stated by the Tenth Circuit Court of Appeals, the due process rights implicated in this claim have been clearly established for more than a decade:

9

> " 'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' a protectible liberty interest may be implicated that requires procedural due process in the form of a hearing to clear his name." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir.1993) (quoting Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971)). Damage to one's reputation alone, however, is not enough to implicate due process protections. See Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (stating that "reputation alone, apart from some more tangible interests such as employment, is neither 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause"); McGhee v. Draper, 639 F.2d 639, 643 (10th Cir.1981) ("[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action.").
>
> Instead, a plaintiff asserting that the government has violated the Due Process Clause by impugning his or her "good name, reputation, honor, or integrity," Jensen, 998 F.2d at 1558, must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that "significantly altered [his or] her status as a matter of state law." Paul, 424 U.S. at 710-11, 96 S.Ct. 1155. This is sometimes described as the "stigma plus" standard.

Gwinn, 354 F.3d at 1216. Therefore, the defendants are not entitled to qualified immunity on this claim.

I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the due process claims against the Maketa and Choate in their individual capacities.

### D. Violations of 18 U.S.C. §§ 241 and 242

Section 241 criminalizes conspiracies to violate a person's rights under the Constitution or the laws of the United States. 18 U.S.C. § 241. Section 242 makes it a crime to wilfully deprive persons under color of law of their rights under the constitution or laws of the United States. 18

10

U.S.C. § 242.  These sections do not form a basis for civil liability.  Kelly v. Rockefeller, 69 Fed.Appx. 414, 415-16, 2003 WL 21386338 (10 Cir. June 17, 2003).  I respectfully RECOMMEND that these claims be DISMISSED WITH PREJUDICE as against all defendants.

### E.  Violations of 42 U.S.C. §§ 1985 and 1986

Claims Two and Four assert violations of 42 U.S.C. §§ 1985 and 1986.  Section 1985 provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(1).

This statute is narrowly construed, as explained by the circuit court:

> The case law has defined the elements of a claim under this statute. The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.  The evolving law has

> clarified these elements. Firstly, a valid claim must, of course,
> involve a conspiracy. Secondly, however, § 1985(3) does not apply
> to all tortious, conspiratorial interferences with the rights of others,
> but rather, only to conspiracies motivated by some racial, or
> perhaps otherwise class-based, invidiously discriminatory animus.
> The other class-based animus language of this requirement has been
> narrowly construed and does not, for example, reach conspiracies
> motivated by an economic or commercial bias. In fact, the
> Supreme Court has held that it is a close question whether §
> 1985(3) was intended to reach any class-based animus other than
> animus against Negroes and those who championed their cause.

Tilton v. Richardson, 6 F.3d 683, 686 (10 Cir.1993) (internal quotations and citations omitted).

The Complaint does not contain any allegations of racial or class-based discriminatory animus by Maketa or Choate, nor does it contain any factual allegations to show that Maketa or Choate shared a general conspiratorial objective with the other defendants to deprive the plaintiffs of equal protection. Therefore, the plaintiffs have failed to state a claim under section 1985.

Section 1986 provides:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence could have
> prevented; and such damages may be recovered in an action on the
> case; and any number of persons guilty of such wrongful neglect or
> refusal may be joined as defendants in the action; and if the death of
> any party be caused by any such wrongful act and neglect, the legal
> representatives of the deceased shall have such action therefor, and
> may recover not exceeding $5,000 damages therein, for the benefit
> of the widow of the deceased, if there be one, and if there be no
> widow, then for the benefit of the next of kin of the deceased. But
> no action under the provisions of this section shall be sustained
> which is not commenced within one year after the cause of action
> has accrued.

42 U.S.C. § 1986.

Claim Four does not contain any allegations to support a claim under section 1986. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the plaintiffs' claims for violations of 42 U.S.C. §§ 1985 and 1986.

### F. Compliance with Rule 8

The defendants assert that the Complaint should be dismissed because the plaintiffs have failed to comply with the pleading requirements of Rule 8, Fed.R.Civ.P. Rule 8 requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

The Complaint is not a model of clarity; however, it provides sufficient allegations to apprise the defendants of the claims against them and the grounds for the claims. The defendants may through discovery seek to obtain details concerning the plaintiffs' claims. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8.

### IV. CONCLUSION

I respectfully RECOMMEND that the County Defendants' Motion to Dismiss Second Amended Verified Complaint or in the Alternative Motion for More Definite Statement be GRANTED IN PART and DENIED IN PART as follows:

DENIED WITHOUT PREJUDICE insofar as it seeks dismissal of the plaintiffs' state law tort claims based on sovereign immunity;

GRANTED insofar as it seeks dismissal of the constitutional claims against the County Defendants in their official capacities;

GRANTED to the extent it seeks dismissal of the Fourth Amendment claims against Maketa and Choate in their individual capacities;

DENIED insofar as it seeks dismissal of the due process claims against the Maketa and Choate in their individual capacities;

GRANTED to the extent it seeks dismissal of the plaintiffs' claims for violations of 42 U.S.C. §§ 1985 and 1986; and

DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8.

IT IS FURTHER RECOMMENDED that defendants "County of El Paso Hound 4 & 5" be DISMISSED.

IT IS FURTHER RECOMMENDED that the plaintiffs' claims for violations of 18 U.S.C. §§ 241 and 242 be DISMISSED WITH PREJUDICE as against all defendants for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge