IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **City Defendants' Motion to Dismiss Plaintiffs' Second Amended Verified Complaint** [Doc. #60, filed 5/7/07] (the "Motion"). The Motion is filed on behalf of defendants City of Colorado Springs, Lionel Rivera, Kathryn Young, James McGannon,

Darrel Pearson, and Shane White to the extent they are sued in their official capacities (collectively referred to as the "City Defendants"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter

> jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint"). The allegations against the City Defendants are found in Claim Four of the Complaint:

1. Defendants Rivera, Young, McGannon, Pearson, White, and the City of Colorado Springs conspired with others to "run Plaintiffs out of the tree service business." *Complaint*, ¶¶ 62, 66, 77, 95, 113.

2. Rivera, Young, McGannon, and White are wrongfully withholding the plaintiffs' tree service license. Id. at ¶¶ 67, 118.

3. Rivera, Young, McGannon, White, and Pearson retaliated against the plaintiffs "by taking Plaintiffs' tree service business signs from private property without just cause." Id. at ¶¶ 70, 90, 110.

4. Rivera, Young, McGannon, White, and Pearson are telling the public that plaintiff Darrell Fortner is a registered sex offender and not to hire the plaintiffs. Id. at ¶¶ 71-71, 87.

3

5. Rivera, Young, McGannon, White, and the City of Colorado Springs "have harassed Plaintiffs in court trials more than (10) ten times without just cause." Id. at ¶ 74.

6. Rivera, as the Mayor of the City of Colorado Springs, has failed to prevent the wrongs. Id. at ¶ 77.

7. Pearson is wrongfully preventing plaintiff Darrell Fortner from cutting trees. Pearson struck Fortner across the left side of his head. Id. at ¶ 78.

8. Pearson caused the City of Colorado Springs to issue Darrell Fortner a ticket for working without a tree service license. Id. at ¶ 82.

9. White served plaintiff Darrell Fortner with a grand jury subpoena. Id. at ¶ 84.

10. Pearson, McGannon, and other City of Colorado Springs employees are following plaintiffs and taking their pictures. Id. at ¶ 85.

11. Rivera, Young, McGannon, Pearson, and White are threatening to arrest the plaintiffs. Id. at ¶ 86.

12. Rivera, Young, McGannon, Pearson, and White are telling the plaintiffs' customers and friends not to help the plaintiffs in any way or they will "dig up all the old goast [sic] in your back ground." Id. at ¶¶ 88, 117.

13. Pearson told plaintiffs that there are "two [sic] many Mexicans in our town and we don't want you working here." Id. at ¶ 89.

14. The City of Colorado Springs and its employees are contacting out of state agencies and asking them to harass the plaintiffs. The State of Washington has harassed the plaintiffs with threats of arrest. Id. at ¶ 112.

15. The defendants' actions violated the Fourth, Fifth, and Fourteenth Amendments; 42 U.S.C. §§ 1985(3) and 1986; and 18 U.S.C. §§ 241 and 242.[1] Id. at ¶¶ 61-63.

The plaintiffs seek monetary damages against the City Defendants. Id. at p. 33, §§ (a)-(f). In addition, they seek the following injunctive relief: "City of Colorado Springs revise the rules and regulations of the City Forstery [sic] and testing procudure [sic] to be written within the meaning of the laws of the Constitution of the United State [sic]." Id. at p. 33, § (h).

## III. ANALYSIS

The City Defendants seek dismissal of the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure; failure to establish either federal question jurisdiction or diversity jurisdiction; and failure to adequately allege a conspiracy.

### A. Compliance with Rule 8

In the first section of their Motion, the defendants assert that the Complaint should be dismissed because the plaintiffs have failed to comply with the pleading requirements of Rule 8, Fed.R.Civ.P. Rule 8 requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062,

---

[1] I have recommended in a separate Recommendation that the plaintiffs' claims under 18 U.S.C. §§ 241 and 242 be dismissed with prejudice as against all defendants. Therefore, I do not address the claims in this Recommendation.

1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

The defendants assert that the Complaint fails to comply with Rule 8 because it "consists of over 34 pages of so-called allegations that in many cases are nothing more than conclusory allegations and accusations" which leave the defendants "without any mechanism by which to identify which of several of Plaintiffs' allegations pertain to them." *Motion*, p. 2.

The Complaint is not a model of clarity; however, it provides sufficient allegations to apprise the defendants of the claims against them and the grounds for the claims. The defendants may through discovery seek to obtain details concerning the plaintiffs' claims. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8.

### B. Subject Matter Jurisdiction[2]

In the second section of their Motion, the defendants seek to dismiss the Complaint because the claims against them do not "involve either federal question jurisdiction or diversity of citizenship." The entire argument is as follows:

> Additionally, as required by Fed.R.Civ.P. 8(a)(2), Plaintiffs'
> allegations as set forth fail to show that they are entitled to relief
> from the City Defendants. Those allegations that can be deciphered
> as pertaining to the City Defendants are not claims involving any
> kind of federal question or cause of action, but rather at best are
> state tort claims. Plaintiffs allege intentional infliction of emotional
> distress, negligence, loss of business, ruined reputation and shame,
> property loss, slander and loss of income. None of these allegations

---

[2]Although the second section of the defendants' Motion is entitled "Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted," the defendants' argument is a challenge to the Court's subject matter jurisdiction.

6

> involve either federal question jurisdiction or diversity of citizenship. Consequently, Plaintiffs' complaint should be dismissed.

*Motion*, p. 3.

In the third section of their Motion, the defendants set forth the same argument: the Complaint should be dismissed because the plaintiffs have failed to allege either federal question jurisdiction or diversity of citizenship.

The defendants are asserting a facial attack on the Complaint's allegations as to subject matter jurisdiction. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

As a preliminary matter, the plaintiffs' state law tort claims are asserted in Claim Two as against other defendants. *Complaint*, ¶¶ 48-51. Claim Four does not assert any state law tort claims against the City Defendants. Id. at ¶¶ 61-63.

Claim Four asserts violations of the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and violations of 42 U.S.C. §§ 1985(3) and 1986.

> A suit will be dismissed for lack of federal question jurisdiction when the claim is too insubstantial for consideration, or is wholly insubstantial and frivolous. Otherwise the district court will assume jurisdiction in order to decide whether the allegation stated a cause of action on which the court could grant relief as well as to determine the issues of fact arising in the controversy.

Martinez v. U.S. Olympic Committee, 802 F.2d 1275, 1280 (10th Cir. 1986) (internal quotations and citations omitted).

Although the federal claims will likely not withstand a challenge on the merits, I do not find them "too insubstantial for consideration" or "wholly insubstantial and frivolous."[3] Therefore, the plaintiffs sufficiently allege federal questions. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the Complaint for lack of subject matter jurisdiction.

### C. Failure to Sufficiently Allege a Claim for Conspiracy

In the fourth and final section of the Motion, the defendants assert that "[t]o the extent that Plaintiffs allege conspiracy claims against any or all of the City Defendants, those claims should be dismissed because they contain only conclusory allegations of a conspiracy." *Motion*, p. 4. Although the Motion is brought by the defendants in their official capacities, it is unclear whether the City Defendants are seeking dismissal of the conspiracy claim as against them in their individual capacities or their official capacities. See Rivas v. State Bd. For Community colleges and Occupational Ed., 517 F.Supp. 467, 472 (D.Colo. 1981) (stating that a section 1985(3) claim may be brought against a defendant in both individual and official capacities). Regardless, the plaintiffs have failed to allege a conspiracy claim against the defendants in either capacity.

Claim Four alleges that, in violation of 42 U.S.C. §§ 1985(3), the City Defendants conspired with each other and with county officials to deprive them of their equal protection rights by "run[ning] Plaintiffs out of the tree service business." *Complaint*, ¶¶ 63, 66, 95. Section 1985 provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the

---

[3]The Motion is brought on behalf of the defendants in their official capacities. Therefore, I do not address individual capacity claims. In addition, the defendants do not address the merits of any of the claims against them, except the conspiracy claim. Therefore, I address only the merits of the conspiracy claim.

purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

This statute is narrowly construed, as follows:

> The case law has defined the elements of a claim under this statute. The essential elements of a §1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, §1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. The other class-based animus language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. In fact, the Supreme Court has held that it is a close question whether §1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.

Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (internal quotations and citations omitted).

The Complaint's only allegation of racial or class-based discriminatory animus is as follows: "Defendant[] Pearson told Plaintiff Darrell Fortner and Jennifer Fortner, we have two [sic] many Mexicans in our town and we don't want you working here." *Complaint*, ¶ 89. The Complaint does not contain any factual allegations to show that Pearson shared a general conspiratorial objective with other defendants to deprive the plaintiffs of equal protection. To the contrary, the Complaint asserts only conclusory allegations of conspiracy without factual averments. The plaintiffs' allegations of conspiracy are summarized as follows:

> 62. Deprivation of rights under color of state law and conspiracy to deprive Plaintiffs of equal protection of the laws of 42 USC 1985(3), 18 USCS 241, and 242.
> * * *
> 66. Defendants[] Rivera, Young, McGannon, Pearson, & White conspired in concert with each other to run Plaintiffs out of the tree service business.
> * * *
> 77. Defendant, Rivera, Mayor of the Defendant, City of Colorado Springs[,] has the power to prevent the wrongs complained of herein but fail to prevent them instead, Rivera conspired in concert with Young, White, McGannon, and Pearson to further the conspiracy to harm Plaintiffs.
> * * *
> 95. Defendants[] Choate & Maketa, County of El Paso and the El Paso Sheriff's Office violated clearly established laws that even a layman should know in an effert [sic] to harm plaintiffs and further the conspercy [sic] with Defendants[] City of Colorado Springs, Rivera, Young, McGannon, White, & Pearson in another effert [sic] to run Plaintiffs out of the tree service business.
> * * *
> 113. Defendants[] Rivera, Young and McGinnis [sic] allowed their co-defendants and/or ordered them to carry out the things herein mentioned in this complaint conspiring in concert with their co-defendants.

*Complaint*, ¶¶ 62, 66, 77, 95, 113.

Claim Four further alleges violations of 42 U.S.C. § 1986. Section 1986 provides:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence could have
> prevented; and such damages may be recovered in an action on the
> case; and any number of persons guilty of such wrongful neglect or
> refusal may be joined as defendants in the action; and if the death of
> any party be caused by any such wrongful act and neglect, the legal
> representatives of the deceased shall have such action therefor, and
> may recover not exceeding $5,000 damages therein, for the benefit
> of the widow of the deceased, if there be one, and if there be no
> widow, then for the benefit of the next of kin of the deceased. But
> no action under the provisions of this section shall be sustained
> which is not commenced within one year after the cause of action
> has accrued.

Claim Four does not contain any allegations to support a claim under section 1986. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the plaintiffs' claims for conspiracy in violation of 42 U.S.C. §§ 1985 and 1986.

## IV. CONCLUSION

I respectfully RECOMMEND that the City Defendants' Motion to Dismiss Plaintiffs' Second Amended Verified Complaint be GRANTED IN PART and DENIED IN PART as follows:

DENIED insofar as it seeks dismissal of the Complaint for failure to comply with Rule 8;

DENIED to the extent it seeks dismissal of the Complaint for lack of subject matter jurisdiction; and

GRANTED to the extent it seeks dismissal of the plaintiffs' claims for conspiracy in violation of 42 U.S.C. §§ 1985 and 1986.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge