IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
COUNTY OF EL PASO HOUND 4 & 5, individually and in their official capacity as El Paso County employees,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co.,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,
STATE OF COLORADO, a state within the United States, and
JAMES RUSSELL, individually and in his official capacity as Asst. U.S. Attorney,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the following motions:

1. **Ex Parte Application for Leave to File the Attached Third Amended Verified Complaint** [Doc. #71], filed by the plaintiffs on May 24, 2007;

2. **County Defendants' Motion to Dismiss Third Amended Verified Complaint or in the Alternative Motion for More Definite Statement** [Doc. #81], filed by the County of El Paso, Colorado; the employees of El Paso County, Colorado; Sergeant James A. Choate; and Sheriff Terry Maketa (collectively referred to as the "County Defendants") on June 15, 2007;

3. **Plaintiffs' Motion for Injunctive Relief Against "City Defendants" and Move for** [sic] **the Filing of Plaintiffs' Third Amended Verified Complaint** [Doc. #88], filed by the plaintiffs on July 10, 2007; and

4. **Plaintiffs' Request This** [sic] **Court File Plaintiffs' Third Amended Verified Complaint** [Doc. #103], filed by the plaintiffs on October 25, 2007.

The plaintiffs seek leave to file a third amended complaint. They also seek an order granting the injunctive relief sought in the proposed third amended complaint. The County Defendants seek dismissal of the proposed third amended complaint.

The plaintiffs' motion for leave to file a third amended complaint was filed *ex parte* after all of the defendants had entered their appearances. For this reason alone the motion should be denied.

In addition, I have recently recommended dismissal of numerous claims asserted in the Second Amended Complaint for jurisdictional defects and for failure to state claims upon which relief can be granted. The proposed third amended complaint suffers the same deficiencies.

As to the plaintiffs' motion to grant the injunctive relief sought in the proposed third amended complaint, the plaintiffs currently have pending a motion for injunctive relief [Doc. #102] which seeks the same injunctive relief as the proposed third amended complaint. The motion is fully briefed and ready for ruling. The plaintiffs' request for injunctive relief will be addressed through the motion and the briefs. Accordingly,

I respectfully RECOMMEND that the Ex Parte Application for Leave to File the Attached Third Amended Verified Complaint be DENIED.

I FURTHER RECOMMEND that the County Defendants' Motion to Dismiss Third Amended Verified Complaint or in the Alternative Motion for More Definite Statement be DENIED AS MOOT.

I FURTHER RECOMMEND that Plaintiffs' Motion for Injunctive Relief Against "City Defendants" and Move for [sic] the Filing of Plaintiffs' Third Amended Verified Complaint be DENIED.

I FURTHER RECOMMEND that Plaintiffs' Request This [sic] Court File Plaintiffs' Third Amended Verified Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge