FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

¿Ῐß

Civil Action No. 06-cv-02148-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service

   Plaintiffs,

v.

UNITED STATES OF AMERICA
ATF,
SARAH PELTON, individually and in her official capacity as ATF agent, et al.,
ATF AGENTS DOG 1, CAT 2, and HORSE 3,
THE CITY FO COLORADO SPRINGS,
COUNTY OF EL PASO, COLO.,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
DAWN DOE, individually and in her official capacity as El Paso County employee at El
 Paso County Sheriff's office,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso
 County Sheriff's office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El Paso County,
 Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the
 City for Colorado Springs, Co.,
JIM McGANNON, individually and in his official capacity a City Forrester for the City
 For Colorado Springs, Co.,
PAUL SMITH, individually and in his official capacity as employee for City Forrester
 Dept. of the City of Colorado Springs, Co.,
CHRIS HACKER, individually and in his official capacity as employee for City Forrester
 Dept. of the City of Colorado Springs, Co.,
PAUL BUTCHER, individually and in his official capacity as an employee for City
 Forrester Dept. of the City of Colorado Springs, Co.,
MILAM FORSTER, individually and in his official capacity as employee of City Clerk's
 Office for the City of Colorado Springs, Co.,
Et al., DEFENDANTS.

_Plaintiffs' Reply to Federal Defendants' Response to
Plaintiffs' Motion to File Fourth Amended Verified Complaint_

1

Note: plaintiffs received a copy of Federal Defendant's response Doc #173 on April 9, 2008 and

1. Plaintiffs incorporates by this reference the Reply Dated April 4, 2008 and mailed to this Court on April 4, 2008 Doc #176 Filed April 7, 2008 as though fully set forth herein.

2. In para 1 of federal defendants response the attorney is trying to mislead this Court. The claims and Defendants that were dismissed in the Second Amended Complaint was Not dismissed with prejudice Therefore Plaintiffs has a right to Amend their complaint and reassert all these claims and defendants in their fourth Amended verified Complaint.
   See Doc #176 pg 3 para 6.

3. Plaintiffs have New evidence That the federal Defendants violated the Law + the Constitution Therefore waiving any immunities that they may have had. In Pelton's own Answer to the Second Amended Complaint she admits that Mr. Fortner told all ATF Agents Not to enter his home without a warrant, all in violation

2.

of The 4Th Amendment with willful + wanton
see . Plaintiffs Exhibit # 10 is Georia V.
Randolph   That Exhibit is attached to
Doc # 176.

4. On pg. 2 para. 2 of federal defendants
response, Their attorney again tryin to
mislead This Honorable Court... When
a case is dismissed, The action may be
amended unless it is dismissed Withprejudice.

5. Further, The attorney for Relton + federal Government
states in para. 2, " Plaintiffs motion for
reconsideration was denied Doc#172".

6. Doc 172 was a Motion for reconsideration
of Plaintiffs Doc# 2 , courts order Doc #
154. This de nova or Reconsideration Motion
was aimed at Doc # 2 where Plaintiffs
Exparte Applacition to WAIVE The
requirements of filing administrative claim.

3.

7. It was Not weather The Court had jurisdiction
The issue was and still is

"This Court ordered Doc # 2
MOOT."

8. IF The Court did not have jurisdiction
to grant This Exparte Applacition
Doc # 2 Then The Court should
not have ordered Doc # 2 as
MOOT when Plaintiffs had eleven
(11) more months to serve The federal
government with adminstrative claim from
The date of This Courts' order Doc # 7,

9. Plaintiffs motion for reconsideration Doc # 172
pg. 2 paras. 3 4 + 5 + pg. 3 para 6
pg. 4 paras 7 + 8 also see Doc # 146
a different motion for This Court to order
Plaintiffs' Exparte Applacition Doc # 2 be Granted
The Court has not ruled upon Doc # 146
as of This Date,

4.

10. The only Issue in Doc # 2, Doc #7, Doc # 146 and Doc # 172 is The issue of The "
_MOOT_" order

The order of Doc # 7 as to Doc # 2.

11. _Now_, The Federal Government's attorney is trying to Further astray that issue on his response pg.2 para. 2 in part "The court granted The federal government's motion to dismiss," and denied Plaintiffs' motion for reconsideration."

12. Plaintiffs' motion for reconsideration was to look at The issue of The
_MOOT_ Order Doc# 2+7. nothing else.

13. The Federal Government has waived Sovernign immunity by admitting to illegal acts shown above, and The Court

5.

its self Waived any immunity that
The Federal defendants may have hade
see Doc # 2 and Doc # 7.

14. In Doc # 146 and Doc 172 Plaintiffs'
only wanted the Court to clearify
its own order
                What Does MOOT mean???
in This case, in Doc # 7??

15. The Court took The Eleven (11) months
away from plaintiffs That They had yet
to serve federal defendants with
administrative claim by ordering Doc # 2
as MOOT.

16. The federal governments attorney is trying to
Lead the court To believe That This Court
granted feds Motion To dismiss and denied
Plaintiffs motion for reconsideration of Those
issues," Plaintiffs Motion was to
Order Their Doc # 2 granted not The
issues of defendants other Than sovereign
immunity, Plaintiffs are trying to show The

6.

court That The Doc #7 did
in fact Waive Plaintiff's request
in Doc #2.

17. In federal defendants response pg.3 para.3
defendants' attorney mentions tort claims,..
Yes, Plaintiffs' asserts federal & tort
claims with willful & wanton conduct
against all federal defendants. They themselves
have waived any immunity by Their own
admissions     and plaintiff's Exhibit #20
attached to Doc #176

18. Also see Plaintiff's Exhibit # 22 attached
herewith which is an auto tape of
defendant, Pelton admitting That They,
The ATF Agents and Pelton    stated
on The tape in part " The guns That
WE seized from you". In her answer
she denied That she seized The guns This is
not the case, Pelton did indeed and
admitted on the tape Exhibit#22 that
She helped ("we seized from you") seize Plaintiff's
property.

7.

19. Any claim could be subject to dismissal but with new discovery the dismissal issue is less likely and with further discovery Plaintiffs claims against all defendants in The fourth Amended Verified Complaint is getting stronger and not likely to be dismissed at any stage of these proceedings.

20. See Plaintiffs Exhibits #18 + #22 attached hereto consisting of two (2) auto tapes Exhibit #22 mentioned in para 18 above and exhibit #18 mentioned in Doc # 176 pg. 5 para. 13 an Auto tape of County defendant Dawn Doe stating in part, "Yes, Darrell forther was a registered sex offender in El Paso County, nine months after The Court ordered Mr. forthers' name removed from The registry Exhibit # 12 + four (4) months after Plaintiffs filed The original Complaint in This action.

8.

21. The federal defendants' acts were willful and wanton, in bad faith and in violation of state and federal Law and in violation of The Constitution They are not immunied by any means. and their actions was under color of Law.

22. See Peltons answer to The second Amended Complaint pg 3 para 43 in part "Admit That Mr. fortner did not consent to the entry," deny the entry violated The Fourth Amendment See Geogia V Randolph plaintiff's Exhibit # 10 attached to Doc#176.

23. Mr. fortner was arrested + held in hand cuffs outside his home + told all ATF Agents That They could NOT enter or search his home without a warrant. See plaintiffs' Exhibit 20 attached to Doc#176 a witness saw Mr. fortner in handcuffs outside his home + being held by another ATF Agent other Than Pelton.

9.

24. Now hear Plaintiff's Exhibit #22
an Auto tape recording of Relton as
stated see para 18 above as to Reltons
addmitted statements.

25. See Relton's answer Doc. 148 pg 3 para 46
"Aver that Other ATF Agents seized
seven firearms"; Now hear the
Auto tape again Exhibit # 22

26. Also, a witness saw Relton walking out
of Plaintiff's home with two (2)
Long firearms in her hands.

27. Plaintiff, Jenniffer Fortner, had broken
her foot in Sept., 2005, her foot in
a cast and Ms. Fortner was on heavy
medication for pain on Oct. 18, 2005
The night of the illegal invasion of Plaintiffs
home

10.

20. Wherefore, + for all The reasons stated in Doc #176 and herein with all The proof + exhibits There is no reason That The fourth Amended verified Complaint Should not be filed and an order of This Honorable Court To all defendants to answer same.

Dated: April 10, 2008.

Respectfully submitted,

Plaintiffs in pro se    _Darrell Fortner_
13365 Nelson St.        Darrell Fortner
Co. Springs, Co.
80908
(719)495-7639           _Jenniffer Fortner_
                        Jenniffer Fortner

11

## PROOF OF SERVICE BY MAIL

I declare that I am over age 18 years of age, I am not a party to this action, I am a citizen of the United States, I reside in the City of Colorado Springs, County of El Paso, State of Colorado. I placed a true and correct copy of the attached document into sealed envelopes with postage thereon fully pre-paid and placed these in the United States Post Office in Colorado Springs on the date stated below addressed as follows:

Lori R. Miskel Esq.
Litigation Attorney
Colorado Springs City Attorney
P.O. box 1575, Mail Code 510
Colorado Springs, CO 80901
(719) 385-5909

William G. Pharo, Jr.
Assistant United States Attorney
United States Attorneys Office
1225 17th Street, Suite 700
Denver, CO 80202-5598   (303) 454-0100

Andrew C. Gorgey, Esq.
Assistant County Attorney
Office of the County Attorney of
El Paso County, Colorado
27 E. Vermijo Ave., Third Floor
Colorado Springs, CO 80903
(719) 520-7013

I declare under penalty of perjury under the Laws of the State of Colorado that the foregoing is true and correct.

Dated: April 10, 2008.

Matt Niccoli

12.