IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **County Defendants' Motion to Strike Plaintiffs Motion for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Order to Show Cause and Request for Attorney's Fees** [Doc. #107, filed 11//14/07] (the "Motion to Strike"). The Motion is DENIED.

On October 25, 2007, the plaintiffs filed "Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injuction [sic], Permanent Injunction, and Order to Show Cause" [Doc. #102] (the "Motion for Injunctive Relief"). The defendants request that the Motion for Injunctive

Relief be "be summarily DENIED and that the County Defendants be awarded all appropriate relief pursuant to Fed. R. Civ. P. 11(c)." *Motion to Strike*, p. 3.

Rule 11, Fed. R. Civ. P., provides that a motion for sanctions must be served pursuant to Rule 5, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2). This safe harbor provision serves to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11 's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 at 722 (3rd ed.2004). Failure to comply with the safe harbor provision "will result in the rejection of the motion for sanctions . . . ." Id. § 1337.2 at 723; Roth v. Green, 466 F.3d 1179, 1192-91 (10th Cir. 2006).

The defendants do not address the safe harbor provision, nor do they demonstrate that they have complied with it. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated June 27, 2008.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge