IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injuction** [sic]**, Permanent Injunction, and Order to Show Cause** [Doc. #102, filed 10/25/07] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

### I. BACKGROUND

The plaintiffs seek injunctive relief against the City of Colorado Springs, Lionel Rivera, Kathryn Young, James McGannon, Darrel Pearson, and Shane White (the "City Defendants"); Sergeant James A. Choate and Sheriff Terry Maketa (the "County Defendants"); and Sarah Pelton,

Dog 1, Cat 2, and Horse 3 (the "ATF Defendants").

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint").[1] The allegations against the City Defendants are found in Claim Four of the Complaint:

1. Rivera, Young, McGannon, and White are wrongfully withholding the plaintiffs' tree service license. Id. at ¶¶ 67, 118.

2. Rivera, Young, McGannon, White, and Pearson retaliated against the plaintiffs "by taking Plaintiffs' tree service business signs from private property without just cause." Id. at ¶¶ 70, 90, 110.

3. Rivera, Young, McGannon, White, and Pearson are telling the public that plaintiff Darrell Fortner is a registered sex offender and not to hire the plaintiffs. Id. at ¶¶ 71-71, 87.

4. Rivera, Young, McGannon, White, and the City of Colorado Springs "have harassed Plaintiffs in court trials more than (10) ten times without just cause." Id. at ¶ 74.

5. Rivera, as the Mayor of the City of Colorado Springs, has failed to prevent the wrongs. Id. at ¶ 77.

6. Pearson is wrongfully preventing plaintiff Darrell Fortner from cutting trees. Pearson struck Fortner across the left side of his head. Id. at ¶ 78.

7. Pearson caused the City of Colorado Springs to issue Darrell Fortner a ticket for working without a tree service license. Id. at ¶ 82.

8. White served plaintiff Darrell Fortner with a grand jury subpoena. Id. at ¶ 84.

---

[1]The Second Amended Verified Complaint is the operative complaint. On February 12, 2008, many of the claims and defendants were dismissed [Docs. #137-#141].

9. Pearson, McGannon, and other City of Colorado Springs employees are following plaintiffs and taking their pictures. Id. at ¶ 85.

10. Rivera, Young, McGannon, Pearson, and White are threatening to arrest the plaintiffs. Id. at ¶ 86.

11. Rivera, Young, McGannon, Pearson, and White are telling the plaintiffs' customers and friends not to help the plaintiffs in any way or they will "dig up all the old goast [sic] in your back ground." Id. at ¶¶ 88, 117.

12. Pearson told plaintiffs that there are "two [sic] many Mexicans in our town and we don't want you working here." Id. at ¶ 89.

13. The City of Colorado Springs and its employees are contacting out of state agencies and asking them to harass the plaintiffs. The State of Washington has harassed the plaintiffs with threats of arrest. Id. at ¶ 112.

14. The defendants' actions violated the Fourth, Fifth, and Fourteenth Amendments.[2] Id. at ¶¶ 61-63.

The plaintiffs seek monetary damages against the City Defendants. Id. at p. 33, §§ (a)-(f). In addition, they seek the following injunctive relief: "City of Colorado Springs revise the rules and regulations of the City Forstery [sic] and testing procudure [sic] to be written within the meaning of the laws of the Constitution of the United State [sic]." Id. at p. 33, § (h).

The allegations against the County Defendants are found in Claims Two and Four of the Complaint:

---

[2]The plaintiffs also brought claims against the City Defendants pursuant to 42 U.S.C. §§ 1985(3) and 1986 and 18 U.S.C. §§ 241 and 242. These claims have been dismissed [Doc. #140].

1. Maketa and Choate wrongfully forced plaintiff Darrell Fortner to register as a sex offender or be arrested for failure to register. Id. at ¶¶ 53, 91, 92.

2. The plaintiffs were forced to retain an attorney so they could obtain a court order to remove Mr. Fortner from the registry. Id. at ¶¶ 54, 94.

3. The County Defendants wrongfully entered Mr. Fortner, as the owner of Diamond Dundee Tree Service, on the internet as a registered sex offender. Id. at ¶¶ 55, 93, 96.

4. Choate and Maketa had the means to check Mr. Fortner's criminal background, but failed to do so. Id. at ¶ 97.

The plaintiffs claim that the County Defendants violated Mr. Fortner's due process rights under the Fifth and Fourteenth Amendments.[3] The plaintiffs also assert tort claims against the County Defendants. The plaintiffs seek monetary damages against the County Defendants. Id. at p. 33, §§ (a)-(f).

The Complaint contains the following allegations against the ATF defendants:

1. ATF agents Pelton and Dog 1 entered the plaintiffs' home and falsely arrested Mr. Fortner without a warrant and without probable cause. Id. at ¶¶ 40, 43, 44. Pelton and Dog 1 denied Mr. Fortner's request to call his attorney. Id. at ¶ 45. Pelton, Dog 1, Cat 2, and Horse 3 seized nine firearms, seven carrying cases, and four telescopes without a warrant. Id. at ¶ 46. Pelton is guilty of illegal search and seizure. Id. at ¶ 36.

2. Under threat of arrest, Pelton ordered Mr. Fortner to report to the El Paso County Sheriff's Department within twelve hours to register as a sex offender. Id. at ¶ 52.

---

[3]The plaintiffs' claims against the County Defendants for violation of the Fourth Amendment and for violations of 42 U.S.C. §§ 1985 and 1986 have been dismissed [Doc. #141].

3. Pelton called Ms. Fortner a Mexican and asked if she could speak English. Id. at ¶ 58.

4. Pelton, Dog 1, Cat 2, and Horse 3 illegally seized the plaintiffs' property. Id. at ¶¶ 59-60.

5. Pelton and Russell lied to the United States District Court judge in Case No. 06-cv-00281-LTB. Pelton stated to the Court that Mr. Fortner was arrested and convicted in California for child molestation and that Mr. Fortner had a 9mm gun. Id. at ¶¶ 99-103.

6. Pelton stated that Bruce Millis told her that Mr. Fortner had guns and was a child molester. Id. at ¶ 105. Mr. Fortner told Pelton that Millis had pulled a gun on him and threatened him. Id. at ¶ 106. Pelton refused to investigate the matter. Id. at ¶¶ 104, 106.

7. All of the named defendants knew or should have known that their actions were wrong. Id. at ¶¶ 115, 123.

8. Pelton provided false testimony in a civil forfeiture case in violation of their constitutional rights. Id. at ¶¶ 99-103.

The plaintiffs also assert numerous tort claims against the unnamed ATF agents.[4] The plaintiffs seek monetary damages against Pelton and the unnamed ATF agents. Id. at p. 33, §§ (a)-(f).

## II. ANALYSIS

The plaintiffs are proceeding *pro se*. Therefore, I must liberally construe their Motion. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for *pro se* litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[4]The tort claims against Pelton have been dismissed [Doc. #138].

The plaintiffs seek a temporary restraining order, a preliminary injunction, and a permanent injunction.[5] The plaintiffs' request for a permanent injunction is premature. See Grupo Mexicano de Desarroollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 314-15 (1999) (stating that permanent injunctive relief is typically appropriate only after an action is found to be meritorious).

Where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction" under Fed.R.Civ.P. 65(a). Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D.Colo. Jan. 23, 2001).

To obtain a preliminary injunction under Rule 65(a), the plaintiffs must show that (1) there is a substantial likelihood that the moving party will eventually prevail on the merits; (2) they will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiffs' right to relief must be clear and unequivocal. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movants to establish their right to the relief requested. Penn, 528 F.2d at 1185.

---

[5]The plaintiffs also seek an "order to show cause." A show cause order is not appropriate in this matter.

### 1. Likelihood of Success on the Merits

The plaintiffs bear the burden of establishing that they have a *substantial* likelihood of succeeding on the merits of their claims. The Motion is filled only with conclusory statements of wrongdoing, and it does not provide any meaningful discussion of the merits of the plaintiffs' claims.

The only discussion that appears to be an attempt to reach the merits of a claim is the plaintiffs' assertion that the City Defendants are refusing to reinstate the plaintiffs' tree service license in violation of city rules and regulations. *Motion*, p.4, ¶¶ 7-12. See also *Plaintiffs' Reply to All Defendants County, Federal, City . . . .* (the "Reply"), ¶¶ 21-33. However, the plaintiffs' claims against the City Defendants are for violations of the Fourth, Fifth, and Fourteenth Amendments. City rules and regulations are not determinative of the requirements of the Constitution. See Bell v. Wolfish, 441 U.S. 520, 543 n. 27 (1979). Therefore, the plaintiffs' argument regarding violations of city rules and regulations does not establish a substantial likelihood of success on the merits of their Fourth, Fifth, and Fourteenth Amendment claims.

### 2. Irreparable Harm

The plaintiffs make several summary statements of the injuries allegedly caused by the defendants. For example, they state that they "are suffering and continue to suffer loss of income, business, and property loss all due to the hands of Defendants and each of them" and "Defendants and each of them did and are at this time causing Plaintiffs to suffer emotional stress." *Motion*, p. 9, ¶¶ 26 and 27. See also ¶¶ 29, 34, 36. These conclusory statement of injury fall far short of a clear and unequivocal showing that they will suffer irreparable injury unless the injunction issues.

I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001) (holding that a presumption of irreparable injury exists where plaintiff claimed that monetary relief would not properly redress the violation of his right to free exercise of religion caused by previous denials of pastoral visits). The plaintiffs, however, have not established a likelihood of success on any their constitutional claims. As a result, they are not entitled to a presumption of irreparable injury.

### 3. Balance of Hardships Between Plaintiffs and Defendants

The plaintiffs do not discuss the balance of the hardships between the parties, nor do they establish that an equitable remedy is warranted in view of the balance of those hardships.

### 4. Public Interest

The following constitutes the plaintiffs' entire discussion regarding whether the public interest would be disserved by an injunction:

> Should this Court issue its order that the City Defendants reinstate Plaintiffs tree service business license and order City Defendants to refrain from taking Plaintiffs' tree service signs, and refrain the City Defendants from harassing, threating [sic], and intimidating Plaintiffs, Plaintiffs' friends, family and clients that would not harm the public and would be in the interest of justice, and would not harm the defendants.
>
> Should this Court issue its order in whole or in part in favor of Plaintiffs upon this motion, said order would not harm the public, nor Defendants, and would be in the interest of justice.

*Response*, ¶¶28, 39.

These statements are conclusory, and they do not demonstrate that the injunction, if issued, would not be adverse to the public interest.

8

### III. CONCLUSION

The plaintiffs have failed to meet their burden to clearly establish their right to injunctive relief. Accordingly, I respectfully RECOMMEND that Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injuction [sic], Permanent Injunction, and Order to Show Cause be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge