IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Plaintiffs' Motion for Leave to File Fourth Amended Verified Complaint** [Doc. #163, filed 3/10/08] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

As a preliminary matter, I note that the plaintiffs are proceeding *pro se*. Therefore, I liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, I cannot act as an advocate for the, and they must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs initiated this action by filing a document titled "Ex Parte Application to Waive the Requirements of Filing Administrative Claim with U.S. of America, ATF and Other County &/or State Employees" in which they sought leave to file a civil complaint [Doc. #2]. On November 22, 2006, the plaintiffs filed a Complaint [Doc. #4]. On November 28, 2006, the Complaint was dismissed for failure to comply with Rule 8, Fed.R.Civ.P., and the plaintiffs were ordered to file an amended complaint [Doc. #7]. The plaintiffs filed their First Amended Complaint on December 27, 2006 [Doc. #8]. All of the defendants filed motions to dismiss the First Amended Complaint [Docs. #30, #33, #34, #39, and #51].

The plaintiffs filed a supplement to their First Amended Complaint on April 16, 2007 [Doc. #41]. The supplement was stricken, and the plaintiffs were directed that in order to amend their First Amended Complaint they must submit an entire proposed amended complaint rather than piecemeal supplements [Doc. #44].

The plaintiffs filed a Second Amended Complaint on April 26, 2007 [Doc. #52] as a matter of course. Because the defendants' motions to dismiss were all directed at the First Amended Complaint, they were denied without prejudice [Doc. #58].

All of the defendants filed motions to dismiss the Second Amended Complaint [Docs. #54, #60, #61, #63, #65, and #67]. Subsequently, on May 24, 2007, the plaintiffs moved for leave to file a Third Amended Complaint [Doc. #71].

On January 8, 2008, I issued a report and recommendation on each of the motions to dismiss [Doc. #112, #113, #114, #115, #116, and #117]. I also recommended denial of the plaintiffs' motion for leave to file the proposed Third Amended Complaint because it suffered many of the same deficiencies as did the Second Amended Complaint [Doc. #118]. The district judge adopted my recommendations [Docs. #135, #136, #137, #138, #139, #140, and #141].

The plaintiffs now seek leave to file a fourth amended complaint. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiffs' proposed Fourth Amended Verified Complaint [Doc. #163-2] (the "proposed fourth amended complant") suffers from many deficiencies. First, it fails to comply with the mandates of Rule 8 of the Federal Rules of Civil Procedure. When I ordered the plaintiffs to amend their initial Complaint on November 28, 2006, I explained the requirements of Rule 8 as follows:

> The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

*Order Directing Plaintiff to File Amended Complaint* [Doc. #7], pp. 2-3.

The proposed fourth amended complaint is prolix and confusing. It consists of 28 single-spaced typewritten pages and 210 paragraphs. The complaint begins with 46 paragraphs of factual allegations which detail numerous events. Many of the allegations are redundant. The complaint includes with 12 delineated causes of action. The first five list multiple statutory and constitutional claims. Each claim incorporates by reference all of the preceding typewritten pages. The allegations of the individual claims are vague and conclusory, necessitating a dissection of the 46 paragraphs of factual allegations in order to attempt to discern which facts apply to which claim. None of the claims specify which facts apply to which alleged violation, and the first five claims do not specify which of the many alleged violations apply to which defendant(s). It is utterly impossible to discern the plaintiffs' claims.

In addition, the proposed fourth amended complaint is single-spaced and is not on this Court's form. All typewritten complaints must be double-spaced, D.C.COLO.LCiv.R 10.1E, and all *pro se* pleadings must be submitted on the Court's complaint form. D.C.COLO.LCiv.R 8.1A.

Numerous claims asserted in the Second Amended Complaint have been dismissed for jurisdictional defects and for failure to state claims upon which relief can be granted. The plaintiffs reassert many of these deficient claims in their proposed fourth amended complaint. For example, the plaintiffs' claims against the United States and the federal defendants in their official capacities have been dismissed based on sovereign immunity [Doc. #136]. The proposed fourth amended complaint reasserts claims against the United States and the federal defendants in their official capacities. *Proposed Fourth Amended Complaint*, ¶¶ 26, 74, 48-56, 72-90, 144-155168-173, 180-198. Similarly, the constitutional claims against the County of El Paso and the county defendants in their official capacities were dismissed because the Second Amended

4

Complaint does not allege that any custom or policy is responsible for the deprivation of the plaintiff's constitutional rights [Doc. #141].  The proposed complaint reasserts the claims against the county and the county officials in their official capacities.  *Proposed Fourth Amended Complaint*, ¶¶ 26, 74, 91-115, 144-155.  The plaintiffs attempt to allege county liability by stating "[i]f any custom or policy exit [sic] then Maketa, Choate, and Shannons' conduct was under that custom, policy . . . ."  Id. at ¶ 97.  This allegation is patently insufficient to state a claim of relief against the county.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (stating that the complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief).

I note that the plaintiffs assert several claims under the Eighth Amendment.  *Proposed Fourth Amended Complaint*, Claims Two, Three, and Four.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The proposed complaint does not contain any allegations that would invoke the Eighth Amendment.

I also note that the proposed fourth amended complaint adds seven new defendants: Brad Shannon, Milan Foster, Dawn Doe, Paul Smith, Chris Hacker, and Paul Butcher.  Many of the allegations against these defendants are for actions taken prior to filing the Second Amended Complaint (which is the operative complaint).  E.g., ¶¶ 29, 58, 61-63.  The plaintiffs do not explain why these defendants could not have been named earlier.  Indeed, the plaintiffs have had ample opportunity to provide the Court and the defendants with a complete and competent Complaint.

Finally, the plaintiffs' proposed fourth amended complaint comes too late.  The plaintiffs initiated this case in October 2006.  The defendants had to respond to both the First Amended

5

Complaint and the Second Amended Complaint, resulting in the submission of a total of 12 motions to dismiss. The Court has already decided six motions to dismiss. Allowing the plaintiffs to amend their complaint again would be the equivalent of starting over.

I respectfully RECOMMEND that the Plaintiffs' Motion for Leave to File Fourth Amended Verified Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 27, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge