IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Plaintiffs' Motion for Leave to File Fifth Amended Verified Complaint** [Doc. #228, filed 8/21/08] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

As a preliminary matter, I note that the plaintiffs are proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On October 26, 2006, the plaintiffs initiated this action by filing a document titled "Ex Parte Application to Waive the Requirements of Filing Administrative Claim with U.S. of America, ATF and Other County &/or State Employees" in which they sought leave to file a civil complaint [Doc. #2]. On November 22, 2006, the plaintiffs filed a Complaint [Doc. #4]. On November 28, 2006, the Complaint was dismissed for failure to comply with Rule 8, Fed.R.Civ.P., and the plaintiffs were ordered to file an amended complaint [Doc. #7]. The plaintiffs filed their First Amended Complaint on December 27, 2006 [Doc. #8]. All of the defendants filed motions to dismiss the First Amended Complaint [Docs. #30, #33, #34, #39, and #51].

The plaintiffs filed a supplement to their First Amended Complaint on April 16, 2007 [Doc. #41]. The supplement was stricken, and the plaintiffs were directed that in order to amend their First Amended Complaint they must submit an entire proposed amended complaint rather than piecemeal supplements [Doc. #44].

The plaintiffs filed a Second Amended Complaint on April 26, 2007 [Doc. #52] as a matter of course. Because the defendants' motions to dismiss were all directed at the First Amended Complaint, they were denied without prejudice [Doc. #58].

All of the defendants filed motions to dismiss the Second Amended Complaint [Docs. #54, #60, #61, #63, #65, and #67]. Subsequently, on May 24, 2007, the plaintiffs moved for leave to file a Third Amended Complaint [Doc. #71].

On January 8, 2008, I issued a report and recommendation on each of the motions to dismiss [Doc. #112, #113, #114, #115, #116, and #117]. I also recommended denial of the plaintiffs' motion for leave to file the proposed Third Amended Complaint because it suffered

many of the same deficiencies as did the Second Amended Complaint [Doc. #118]. The district judge adopted my recommendations [Docs. #135, #136, #137, #138, #139, #140, and #141].

On March 10, 2008, the plaintiffs sought leave to file a fourth amended complaint [Doc. #163]. I recommended denial of the plaintiffs' motion for leave to file the proposed Fourth Amended Complaint because (1) it failed to comply with the mandates of Rule 8 of the Federal Rules of Civil Procedure despite my previous explanation of the requirements of Rule 8; (2) the format of the proposed complaint did not comply with the Local Rules of this Court; (3) the proposed complaint suffered many of the same deficiencies as did the Second Amended Complaint; (4) many of the allegations were against new defendants for actions taken prior to filing the Second Amended Complaint, and the plaintiffs offered no explanation for not asserting these claims earlier; (5) the plaintiffs had ample opportunity to provide the Court and the defendants with a complete and competent complaint; and (6) the proposed amendments were asserted too late in the course of this litigation [Doc. #202]. The district judge adopted my recommendation [Doc. #215].

On August 15, 2008, the City Defendants and Defendant Pelton filed separate motions for summary judgment [Doc. #219 and #220]. The County Defendants filed a motion for summary judgment on September 17, 2008.

The plaintiffs now seek leave to file a fifth amended complaint. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiffs' repeated attempts to amend their complaint are unjustified. They have had ample opportunity to submit a complete and competent complaint. Moreover, amendment of the Second Amended Complaint at this point in the litigation will unduly prejudice the defendants, all of whom have pending motions for summary judgment. The defendants have already had to respond to both the First Amended Complaint and the Second Amended Complaint, resulting in the submission of a total of 12 motions to dismiss. Finally, the proposed Fifth Amended Complaint suffers from deficiencies identified in previous recommendations to deny leave to file proposed amended complaints.[1] Under these circumstances, I find that the plaintiffs' repeated attempts to amend are made in bad faith and are intended to cause delay. Accordingly,

I respectfully RECOMMEND that the Plaintiffs' Motion for Leave to File Fifth Amended Verified Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

---

[1] For example, the plaintiffs are still attempting to assert claims against the United States and the federal defendants in their official capacities, and are still asserting--without explanation--claims against new defendants for actions taken prior to the filing of the Second Amended Complaint.

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 25, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge