IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

# ORDER
_____

This matter is before me on the **City Defendants' Motion for Summary Judgment** [Doc. #219, filed 8/15/08] (the "Motion"). The Motion is filed on behalf of defendants City of Colorado Springs, Lionel Rivera, Kathryn Young, James McGannon, Darrel Pearson, and Shane White (collectively referred to as the "City Defendants"). The Motion is DENIED WITHOUT PREJUDICE. The defendants may resubmit a motion for summary judgment which complies with this Order on or before March 9, 2009.

The defendants argue that the plaintiffs have filed several lawsuits prior to this one and that "a majority" of the plaintiffs' claims against them are barred by res judicata. The defendants

do not state with specificity which claims are barred by which prior decisions, and they do not provide any specific citations to any of the prior cases. Nor do they attach copies of any of the prior decisions to their Motion. They merely list the case names and cites. Although the defendants attach several decisions to their reply, they do not address which decisions bar which claims. These decisions are attached solely to address the plaintiffs' contention that they did not result in a "final judgment."

It is not a judicial function to read through a list of cases in search of holdings which support the defendants' argument. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

The defendants may resubmit their summary judgment motion on or before March 9, 2009. If they argue that the plaintiffs' claims are barred by res judicata, they shall state exactly which claim is barred, and they shall provide a pinpoint cite to their supporting evidence. Each claim shall be addressed separately. All supporting evidence shall be attached to the Motion.

IT IS ORDERED that the City Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE, subject to refiling in compliance with this Order on or before **March 9, 2009**.

IT IS FURTHER ORDERED that if the defendants resubmit their motion for summary judgment, the plaintiffs shall file their response on or before **March 30, 2009**. Such response shall not exceed twenty pages of text without leave of Court. All arguments shall be included in the response, and all exhibits shall be attached to the response. No supplemental responses or exhibits will be permitted.

Dated February 9, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge