IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **County Defendants' Motion for Summary Judgment** [Doc. #241, filed 09/17/2008] (the "Motion"). The Motion is filed on behalf of defendants Sergeant James A. Choate; and Sheriff Terry Maketa (the "County Defendants"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se*

litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 447 U.S. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint").  The allegations against the County Defendants are found in Claims Two and Four of the Complaint:

1.  The County Defendants conspired with others to "run Plaintiffs out of the tree service business."  *Complaint*, ¶¶ 32, 95.

2.  Defendant Maketa had knowledge of the wrongs and allowed them, ordered them, or failed to prevent them.  Id. at ¶¶ 33, 114.

3.  Maketa and Choate wrongfully forced plaintiff Darrell Fortner to register as a sex offender or be arrested for failure to register.  Id. at ¶¶ 53, 91, 92.

4.  The plaintiffs were forced to retain an attorney so they could obtain a court order to remove Mr. Fortner from the registry.  Id. at ¶¶ 54, 94.

5.  The County Defendants wrongfully entered Mr. Fortner, as the owner of Diamond Dundee Tree Service, on the internet as a registered sex offender.  Id. at ¶¶ 55, 93, 96.

6.  Choate and Maketa had the means to check Mr. Fortner's criminal background, but failed to do so.  Id. at ¶ 97.

Claim Two alleges loss of business in violation of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; violations of 42 U.S.C. §§ 1985(3) and 1986; violations of 18 U.S.C. §§ 241 and 242; intentional infliction of emotional distress; negligence; and "ruined reputation and shame."[1]  Claim Four alleges violations of the plaintiffs'

---

[1] In my recommendation [Doc. #116] to grant in part and deny in part the County Defendants' motion to dismiss, I construed the Complaint to allege against the County Defendants the state law torts of intentional infliction of emotional distress; negligence, and "ruined reputation and shame."  In their objection to the recommendation [Doc. #128], the plaintiffs did not object to my construction of the tort claims as against the County Defendants.

Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to deprive plaintiffs of their equal protection rights in violation of 42 U.S.C. § 1985(3); failure to prevent conspiracy in violation of 42 U.S.C. § 1986; and violations of 18 U.S.C. §§ 241 and 242. The plaintiffs seek monetary damages against the County Defendants. Id. at p. 33, §§ (a)-(f).

The district judge dismissed the plaintiffs' constitutional claims as against the County of El Paso and defendants Maketa and Choate in their official capacities; the Fourth Amendment claims against Maketa and Choate in their individual capacities; the claims for violations of 42 U.S.C. §§ 1985 and 1986; and the plaintiffs' claims for violation of 18 U.S.C. §§ 241 and 242. *Order issued February 12, 2008* [Doc. #141]. The remaining claims are the plaintiffs' state law tort claims and their due process claims against Maketa and Choate in their individual capacities.

### III.   UNDISPUTED MATERIAL FACTS

The parties do not specifically identify any undisputed material facts in their briefs. The following facts are those which have been set forth in the parties' briefs, are supported by competent evidence, and are not disputed.

1. On October 19, 2005, Mr. Fortner appeared at the El Paso County Sheriff's Office to see Sheriff Maketa. *Plaintiffs' Response to County Defendants' Motion for Summary Judgment* [Doc. #258] (the "Response"), Ex. 16, ¶ 1. He spoke to Dawn Capps, the Sex Offender Registration Coordinator. Id.; *Motion*, Ex. A, ¶¶ 1, 4.

2. Mr. Fortner filled out the State of Colorado Sex Offender Registration Form as a part of his initial registration. *Motion*, Ex. A, ¶ 6 and attached Bates Numbered Documents ("Bates

---

To the extent the plaintiffs attempt to bring other tort claims against the County Defendants, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

No.") 1-2. Mr. Fortner wrote above his signature "threat with arrest if I don't sign." Id. at Bates. No. 2; *Response*, Ex. 16, ¶ 5.

3. Ms. Capps gave to Mr. Fortner a Notice to Register form, which he initialed and signed. *Motion*, Ex. A, ¶ 6 and Bates No. 3-4. The Notice to Register form states that persons who are required to register as sex offenders in the State of Colorado include persons "[c]onvicted on or after 7/1/91 in another state or jurisdiction of an offense that, if committed in Colorado, would constitute an Unlawful Sexual Offense . . . ." Id. at Bates No. 3.

4. Ms. Capps took Mr. Fortner's photograph and entered his data into the El Paso County Sheriff's Office sex offender registration database. Id. at Ex. A, ¶ 7 and Bates Nos. 9-11. The data was marked for "public disclosure" which means that some of the data would later appear on the sex offender web page. Id. at Ex. A, ¶ 7. The sex offender web page is accessed through the El Paso County Sheriff's Office web page. Id.

5. The data shows that Mr. Fortner was arrested in California; was convicted of "Annoy/Molest Children"; and was convicted on "02-02-1990." Id. at Ex. A, Bates No. 11.

6. The plaintiff hired an attorney to petition the court to discontinue his sex offender registration. *Response*, Ex. 16, ¶ 7.

7. On May 1, 2006, Ms. Capps received two communications regarding Mr. Fortner's sex offender registration status. *Motion*, Ex. A, ¶ 12. The first was a facsimile transmission from the Colorado Bureau of Investigation. Id. and Bates Nos. 27-30. The second was correspondence from Mr. Fortner's attorney. Id. and Bates Nos. 32-35. Both communications included copies of an order dated April 24, 2006 and signed by Judge David Gilbert of the El Paso County District Court. Id. at Bates Nos. 29, 34. The order states:

> This matter coming on Mr. Fortner's Petition to Discontinue Sex
> Offender Registration, IT IS HEREBY ORDERED THAT:

>    Mr. Fortner is not required to register as a sex offender pursuant to
>    C.R.S. 16-22-103. Mr. Fortner's convictions pre-date the
>    applicability of the statute. Further, Mr. Fortner is not currently
>    required to register in the State of California and therefore is not
>    required to register in the State of Colorado pursuant to subsection
>    (3) of the statute.
>
>    The Colorado Bureau of Investigation and the El Paso County
>    Sheriff's Office shall immediately remove Mr. Fortner from the
>    registry.

Id.

8. Ms. Capps removed the plaintiff from the sex offender registry. Id. at Ex. A, ¶ 12.

9. As a result of the defendants' actions, the plaintiffs' tree service business has suffered decreased income from $200,000.00 to $20,000.00, and the plaintiffs' reputation and "good name" have been ruined. *Response*, Ex. 16, ¶¶ 8-9. The plaintiffs are now "almost bankrupt." Id. at ¶ 9.

## IV.   ANALYSIS

### A.   Due Process Claim

The plaintiff's due process claim is brought under 42 U.S.C. § 1983, which provides:

>    Every person who, under color of any statute, ordinance,
>    regulation, custom, or usage, of any State, . . . subjects, or causes
>    to be subjected, any citizen of the United States . . . to the
>    deprivation of any rights, privileges, or immunities secured by the
>    Constitution and laws, shall be liable to the party injured in an
>    action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The plaintiffs allege in Claims Two and Four that in an effort to "run plaintiffs out of the tree service business," Maketa and Choate forced plaintiff Darrell Fortner to register as a sex offender; threatened him with arrest if he failed to register; and entered Mr. Fortner, as the owner

of Diamond Dundee Tree Service, on the internet as a registered sex offender. *Complaint*, ¶¶ 53, 55, 91, 92, 93, 95, 96.

The Due Process Clause prohibits the government from depriving a person of life, liberty, or property without prior notice and an opportunity for a hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). "To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1394 (10th Cir. 1988) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972)). The Tenth Circuit has recognized that a protected liberty interest may arise when government officials deliberately, wrongfully, and publicly label an individual as a sex offender:

> "'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' a protectible liberty interest may be implicated that requires procedural due process in the form of a hearing to clear his name." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir.1993) (quoting Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971)). Damage to one's reputation alone, however, is not enough to implicate due process protections. See Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (stating that "reputation alone, apart from some more tangible interests such as employment, is neither 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause"); McGhee v. Draper, 639 F.2d 639, 643 (10th Cir.1981) ("[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action.").
>
> Instead, a plaintiff asserting that the government has violated the Due Process Clause by impugning his or her "good name, reputation, honor, or integrity," Jensen, 998 F.2d at 1558, must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that "significantly altered [his or] her status as a

7

>matter of state law." Paul, 424 U.S. at 710-11, 96 S.Ct. 1155. This is sometimes described as the "stigma plus" standard.

Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004).

Here, the undisputed evidence shows that Mr. Fortner is a convicted sex offender. *Motion*, Ex. A, Bates Nos. 29, 34. Although the evidence also shows that his conviction pre-dates the applicability of the sex offender registration statute, id., and that he was therefore wrongfully required to register, his conviction is not "capable of being proved false." Therefore, under Gwinn, Mr. Fortner does not have a protected liberty interest, and the County Defendants did not violate his due process rights.

## B.  State Law Claims

The plaintiffs also assert the state law torts of intentional infliction of emotional distress, negligence, and "ruined reputation and shame." The following constitutes the defendants' entire argument regarding the state law claims against them:

>Finally, Plaintiffs have no evidence to support a claim of intentional infliction of emotional distress or any intent to harm by any of the County Defendants. Regarding the emotional distress claim, Darrell Fortner verified he has no evidence to support the claim because he testified at deposition that he has not seen a psychotherapist, psychiatrist, or psychologist since at least 2002. (Exhibit D Deposition of Darrell Fortner, P. 123, LL. 1-10).

*Motion*, p. 7.

The defendants do not provide any discussion of the elements of the tort claims, nor do they analyze the elements under the facts of this case. Therefore, they have failed to establish that they are entitled to summary judgment on the state law tort claims.

## V.  CONCLUSION

I respectfully RECOMMEND that the County Defendants' Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART as follows:

GRANTED to the extent it seeks judgment in favor of the County Defendants on the plaintiff's due process claim, and

DENIED insofar as it seeks judgment in favor of the County Defendants on the plaintiff's state law tort claims.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 26, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge