IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **City Defendants' Second Motion for Summary Judgment** [Doc. #281, filed 03/23/2009] (the "Motion").[1]  The Motion is filed on behalf of defendants City of Colorado Springs, Lionel Rivera, Kathryn Young, James McGannon, Darrel Pearson, and Shane White (collectively referred to as the "City Defendants").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

---

[1] I denied without prejudice the defendants' first motion for summary judgment because it asserted the defense of res judicata without supporting arguments and evidence [Doc. #271].

## I. STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at

324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint"). The allegations against the City Defendants are found in Claim Four:

1. Defendants Rivera, Young, McGannon, Pearson, White, and the City of Colorado Springs (the "City") are conspiring to "run Plaintiffs out of the tree service business." *Complaint*, ¶¶ 62, 66, 77, 95, 113.

2. Rivera, Young, McGannon, and White are wrongfully withholding the plaintiffs' tree service license in violation of the City's own rules and regulations. Id. at ¶¶ 67, 118.

3. Rivera, Young, McGannon, White, and Pearson retaliated against the plaintiffs "by taking Plaintiffs' tree service business signs from private property without just cause." Id. at ¶¶ 70, 90, 110.

4. Rivera, Young, McGannon, White, and Pearson are telling the public in Colorado Springs and people in Washington that plaintiff Darrell Fortner is a registered sex offender and is unlicensed and not to hire the plaintiffs to do their tree work. Id. at ¶¶ 64-65, 71-72, 87-88.

5. Rivera, Young, McGannon, White, and the City "have harassed Plaintiffs in court trials more than (10) ten times without just cause" and have caused the Colorado Springs police to issue tickets to the plaintiffs for working without a license. Id. at ¶¶ 73, 74.

6. Rivera, as the Mayor of the City of Colorado Springs, has failed to prevent the wrongs. Id. at ¶ 77.

7. Pearson is wrongfully preventing plaintiff Darrell Fortner from cutting trees. Pearson struck Fortner across the left side of his head. Id. at ¶ 78.

8. Pearson caused the City to issue Darrell Fortner a ticket for working without a tree service license.  Id. at ¶ 82.

9. White "called the grand jury process server and had the server serve plaintiff Darrell Fortner with a subpoena to appear before the grand jury in Denver, Colorado on false charges of spraying trees."  Id. at ¶ 84.

10. Pearson, McGannon, and other City employees are following plaintiffs and taking their pictures.  Id. at ¶ 85.

11. Rivera, Young, McGannon, Pearson, and White are threatening to arrest the plaintiffs.  Id. at ¶ 86.

12. Rivera, Young, McGannon, Pearson, and White are telling the plaintiffs' customers and friends not to help the plaintiffs in any way or they will "dig up all the old goast [sic] in your back ground."  Id. at ¶¶ 88, 117.

13. Pearson told plaintiffs that there are "two [sic] many Mexicans in our town and we don't want you working here."  Id. at ¶ 89.

14. The City and its employees are contacting out-of-state agencies and asking them to harass the plaintiffs.  The State of Washington has harassed the plaintiffs with threats of arrest.  Id. at ¶¶ 64, 112.

The plaintiffs allege that the defendants' actions violated the Fourth, Fifth, and Fourteenth Amendments; 42 U.S.C. §§ 1985(3) and 1986; and 18 U.S.C. §§ 241 and 242.[2]  Id. at

---

[2] Any claims other than those I identified which the plaintiffs may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

¶¶ 61-63. The plaintiffs' claims pursuant to 42 U.S.C. §§ 1985 and 1986 and their claims under 18 U.S.C. §§ 241 and 242 have been dismissed with prejudice [Docs. #141 and #140].

The plaintiffs seek monetary damages against the City Defendants. Id. at p. 33, §§ (a)-(f). In addition, they seek the following injunctive relief: "City of Colorado Springs revise the rules and regulations of the City Forstery [sic] and testing procudure [sic] to be written within the meaning of the laws of the Constitution of the United State [sic]." Id. at p. 33, § (h).

### III. UNDISPUTED MATERIAL FACTS

1. On July 26, 1996, the plaintiffs filed a civil action, Case No. 96-B-1794, in the United States District Court for the District of Colorado against 19 defendants including the City of Colorado Springs; several City Foresters; City Clerks; and City Attorneys. *Motion*, Ex. A. On October 8, 1996, the plaintiffs amended their complaint to add new claims and defendants, including the Mayor of Colorado Springs. Id. at Ex. B.

2. The plaintiffs asserted numerous state, federal, and constitutional causes of action, alleging that the City and its employees (1) followed the plaintiffs from one job to another, *Motion*, Ex. B, ¶ 19; (2) intimidated and harassed the plaintiffs' customers and told them not to use the plaintiffs' tree service, id. at ¶¶ 20-21; (3) falsely arrested Mr. Fortner on several occasions and falsely imprisoned him, id. at ¶¶ 22-27; (4) were improperly trained by the Mayor, id. at ¶¶ 37-39; (5) conspired to force the plaintiffs out of the tree business, id. at ¶¶ 45, 47; (6) wrongfully suspended the plaintiffs' tree license on the basis that the plaintiffs did not have proof of insurance, id. at ¶¶ 46-54; (7) had knowledge of the conspiracy but failed to prevent it, id. at ¶¶ 60-62; (8) discriminated against Ms. Fortner by stating that a Mexican woman will never work on city trees, id. at ¶¶ 71-73; (9) wrongfully refused to reinstate that plaintiffs' tree service license, id. at ¶ 97; and (10) maliciously prosecuted Mr. Fortner. Id. at ¶ 104. Plaintiffs

also alleged that defendant Pearson hit Mr. Fortner "about the head causing Plaintiff to suffer with pain as such that Plaintiff Fortner was taken to a local hospital." Id. at ¶¶ 78-85. The plaintiffs sought declaratory relief, injunctive relief, and millions of dollars in damages. Id. at ¶¶ 106-114.

    3. On June 3, 1997, the district judge dismissed the amended complaint with prejudice. Id. at Ex. C. Judgment entered on June 4, 1997. Id. at Ex. D.

    4. On December 12, 1996, the plaintiffs, through their attorney, submitted to the El Paso County District Court a complaint against the City of Colorado Springs, Case No. 96CV2929, pursuant to Rule 106, Colo. R. Civ. P. Id. at Ex. E. The plaintiffs alleged that the City wrongfully determined that their tree service license was invalid and that Mr. Fortner was wrongfully charged with operating a tree service business without a valid licence. Id. Upon stipulation of the parties, the court found that from January 29, 1996, though December 31, 1996, the plaintiffs' license was not revoked or suspended; it was valid and in full force during that time; and the plaintiffs had timely filed a Renewal Application for 1997. Id. at Ex. F. The court further found that because there was no action pending against the plaintiffs for suspension or revocation of their 1996 license, the plaintiffs could continue in their business unless or until their Renewal Application was denied. Id. The court ruled that damages were not recoverable under Rule 106, and invited the plaintiffs to amend their complaint if they wished to pursue a claim for damages. Id. at Ex. J, pp. 1-2. The plaintiffs did not amend their complaint. Id. at p. 2. The case was dismissed without prejudice "to any new case being filed if 1997 application is denied by city." Id. at Ex. G.

    5. On or about September 11, 1997, the plaintiffs filed a second amended complaint against the City of Colorado Springs and its employees in the El Paso County District Court,

Case No. 97CV1619.³  Id. at Ex. H.  The plaintiffs asserted six claims for violations of state law based on the defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiffs in 1996; bringing criminal cases against Mr. Fortner in September and November 1996; failing to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees.  Id.  On September 15, 1997, the district judge issued an order dismissing several of the claims.  Id. at Ex. I.  The Colorado Court of Appeals affirmed dismissal of Claims One, Three, and Five for failure to state a claim upon which relief could be granted and Claim Six as barred by the Colorado Governmental Immunity Act; reversed the dismissal of Claims Two and Four; and remanded the case for further proceedings.  Id. at Ex. J.  On October 15, 1999, the district judge dismissed the entire case with prejudice because the plaintiffs failed to comply with the court's orders and the discovery rules, and they failed to appear for trial.  Id. at Ex. K.  The appellate court affirmed the dismissal.  Id. at Ex. L.

      6.  On September 16, 1997, the plaintiffs filed another lawsuit in the El Paso County District Court, Case No. 97CV2698, against the City of Colorado Springs and its employees.  Id. at Ex. M.  This suit asserted state law claims for (1) assault against defendant Darrel Pearson for striking Mr. Fortner in the head on September 17, 1996; (2) libel, slander, and false arrest against Pearson because in September 1996 he "printed false statements on a summons and complaint with the City of Colorado Springs Police Dept. telling them Plaintiffs did not have a business license thus, caused the City Police to issue the false summons and complaint upon Plaintiff, Darrell Fortner," and he told other people that the plaintiffs were unlicensed; and (3) civil

---

³The defendants cite to Exhibit H as supporting their assertion that the plaintiffs filed "their third lawsuit against the City and City employees" on June 19, 1997.  However, Exhibit H is a second amended complaint dated September 11, 1997.

conspiracy as against Pearson and Rita Larson, Assistant City Clerk, for "agreeing with others to sign the summons and complaint against Plaintiffs." Id.

7. On April 10, 1998, the defendants filed "Defendants' Motion for Summary Judgment, and Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted and for Lack of Subject Matter Jurisdiction." Id. at Ex. N. The defendants argued that the court did not have subject matter jurisdiction over plaintiffs' claims because they did not provide the defendants with proper notice of their claims as required by the Colorado Governmental Immunity Act; the plaintiffs' claims were barred by res judicata; and the plaintiffs' claims for willful and wanton conduct failed to allege a specific factual basis and therefore failed to state a claim upon which relief could be granted. Id. The district court granted the motion "for all the reasons stated in the Defendants' Motion for Summary Judgment." Id. at Ex. O.

8. On June 24, 1998, the plaintiffs filed another complaint in the El Paso County District Court, Case No. 98CV2394, against the City of Colorado Springs and its employees. Id. at Ex. P. This lawsuit was based on the denial in 1997 of the plaintiffs' tree service license. Id. On March 7, 2000, the district court dismissed the case. Id. at Ex. Q. The dismissal order did not indicate whether the court dismissed the action with or without prejudice. Id.

## IV. ANALYSIS

The City Defendants assert that the majority of plaintiffs' claims are barred by res judicata. Res judicata, or claim preclusion, "prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits." Coffman v. Veneman, 175 Fed.Appx. 985, 985 (10th Cir. 2006).

## A. Plaintiffs' Previous Federal Lawsuit

The plaintiffs filed their first action against the City of Colorado Springs and its employees in this court in 1996 (Case No. 96-B-1794). *Motion*, Ex. B. Federal claim preclusion law applies to determine the effect of the judgment of a federal court. Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999). For claim preclusion to apply, the following elements must exist: (1) a judgment on the merits in a prior action; (2) identity of parties or privies in the two suits, and (3) identity of the cause of action in the two suits. Id. at 1226.

The City and its employees filed motions to dismiss the claims against them in Case No. 96-B-1794 pursuant to Federal Rule of Civil Procedure 12(b)(6). *Civil Docket for Case # 1:96-cv-01794-LTB*,[4] Entry Nos. 16-27; *Motion*, Ex. B, pp. 1-2. The magistrate judge recommended that the motions be granted. *Civil Docket for Case # 1:96-cv-01794-LTB*, Entry No. 70. The district judge adopted the recommendation and dismissed Case No. 96-B-1794 with prejudice. *Civil Docket for Case # 1:96-cv-01794-LTB*, Entry No. 75; *Motion*, Ex. C. The judgment entered in that case by the district judge was a final judgment on the merits. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits). Thus, the first element for claim preclusion is met.

In addition, the Fortners were the plaintiffs in Case No. 96-B-1794, and the City of Colorado Springs and its employees were defendants. Therefore the second element for claim preclusion is met. Pelt v. Utah, 539 F.3d 1271, 1281-82 (10th Cir. 2008) (stating that exceptions to the general rule against nonparty preclusion exist "when a nonparty was adequately

---

[4] I may take judicial notice of the record in Case No. 96-B-1794. Fed.R.Evid. 201.

represented by someone with the same interests who was a party in an earlier suit") (internal quotations omitted).

As to the third element, the Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments in determining the "identity of causes" in a suit:

> The transactional approach provides that a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded. What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
>
> The transactional test has been rearticulated by courts in a variety of ways, most of which focus upon whether the two suits are both based upon a discrete and unitary factual occurrence. For example, the First Circuit queries whether both suits depend upon the same operative nucleus of fact. The Seventh Circuit assesses whether the two claims are based on the same, or nearly the same, factual allegations. Some courts focus upon whether the two suits seek to redress the same injury.

Yapp, 186 F.3d at 1227 (internal quotations and citations omitted).

The current Complaint contains many allegations of wrongdoing without reference to dates. In addition, the current Complaint states that the City and its employees are still withholding the plaintiffs' tree service license and are still threatening, harassing, and intimidating the plaintiffs and their neighbors, family, and friends. *Complaint*, p. 29, ¶¶ 117-118; *Response*, p. 5, ¶¶ 7, 10 and Ex. 4. The defendants do not provide any evidence to demonstrate that the incidents alleged in the current Complaint are the same incidents as were

alleged in Case No. 96-B-1794.  Consequently, it is unclear whether certain claims asserted in the current case arise out of the same facts as were involved in Case No. 96-B-1794.[5]

It is clear from the record, however, that the plaintiffs' claim against defendant Pearson for striking Mr. Fortner in the head arises out of the same facts as the claim against Pearson in Case No. 96-B-1794.  That incident occurred in September 1996--shortly before the plaintiffs amended the complaint in Case No. 96-B-1794.  *Response*, p. 10, ¶ 14 and Ex. 59.  Thus, res judicata operates to bar that claim.

It is also clear from the record that res judicata bars any claims against the City of Colorado Springs and/or its employees which occurred between May 1994 and October 1996 and which are based on harassment; unlawful arrest of Mr. Fortner; failure to properly supervise and train; conspiracy to run the plaintiffs out of the tree business; and suspension of the plaintiffs' tree business license.  *Motion*, ¶¶ 17-67.

### B.  Plaintiffs' Previous State Lawsuits

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984).  Under Colorado law:

> [c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not.  The doctrine protects litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by

---

[5]I previously recommended that the defendants' motion to dismiss the Complaint for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure be denied.  In doing so, I stated that the defendants could through discovery seek to obtain details concerning the plaintiffs' claims.  *Recommendation of United States Magistrate Judge*, pp. 5-6 [Doc. #117].

11

> preventing needless litigation. For a claim in a second judicial
> proceeding to be precluded by a previous judgment, there must
> exist: (1) finality of the first judgment, (2) identity of subject
> matter, (3) identity of claims for relief, and (4) identity or privity
> between parties to the actions.
>
> * * *
>
> In analyzing whether there exists identity of claims for relief, we
> have held that the inquiry does not focus on the specific claim
> asserted or the name given to the claim. Instead, the same claim or
> cause of action requirement is bounded by the injury for which
> relief is demanded, and not by the legal theory on which the person
> asserting the claim relies. In addition, claim preclusion also bars a
> litigant from splitting claims into separate actions because once
> judgment is entered in an action it extinguishes the plaintiff's claim
> including all rights of the plaintiff to remedies against the
> defendant with respect to all or any part of the transaction, or
> series of connected transactions, out of which the action arose.
> Thus, claim preclusion bars relitigation not only of all claims
> actually decided, but of all claims that might have been decided if
> the claims are tied by the same injury.

Argus Real Estate, Inc. v. E-470 Public Highway Authority, 109 P.3d 604, 608-609 (Colo. 2005) (internal quotations and citations omitted).

### 1.  Case No. 96CV2929

On December 12, 1996, the plaintiffs filed Case No. 96CV2929 in the El Paso County District Court. That case was dismissed without prejudice. The state appellate court ruled that it could not provide the basis for a res judicata defense in a subsequent suit for damages. *Motion*, Ex. J, pp. 4-5. Therefore, under Colorado law, the doctrine of res judicata does not apply with respect to the claims asserted in Case No. 96CV2929.

### 2.  Case No. 97CV1619

The plaintiffs filed Case No. 97CV1619 in the El Paso County District Court on September 11, 1997. The Colorado Court of Appeals affirmed the district court's dismissal of Claims One, Three, and Five for failure to state a claim upon which relief could be granted and

Claim Six as barred by the Colorado Governmental Immunity Act; reversed the dismissal of Claims Two and Four; and remanded the case for further proceedings. Id. at Ex. J. The remaining claims were dismissed with prejudice on October 15, 1999, and the appellate court affirmed the dismissal. Thus, Case No. 97CV1619 meets the first element of finality of the judgment.

The current case and Case No. 97CV1619 were both brought by Mr. and Mrs. Fortner against the City of Colorado Springs and its employees, thereby satisfying the fourth element of identity or privity between parties to the actions. Turkey Creek Ltd. Liability Co. v. Anglo America Consol. Corp., 43 P.3d 701, 703 (Colo. App. 2001) ( stating that "[p]rivity between a party and a nonparty requires a substantial identity of interests and a working or functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation" and "[i]n analyzing privity for purposes of res judicata, a court should look to the underlying relationship of the parties").

It is not clear from the record when many of the plaintiffs' current claims are alleged to have occurred. However, to the extent the current Complaint asserts claims based on the defendants' actions in (1) ignoring the plaintiffs' valid tree service license in 1996; (2) arresting the plaintiffs in 1996; (3) bringing criminal cases against Mr. Fortner in September and November 1996; (4) failing to renew the plaintiffs' tree service license in 1997; and (5) failing to properly supervise city employees with regard to these actions, the claims in the current case are based on the same subject matter as Case No. 97CV1619 and the plaintiffs are seeking relief for the same injuries. Thus, the second and third elements for res judicata are met, and these claims are barred by res judicata.

### 3. Case No. 97CV2698

In Case No. 97CV2698, the plaintiffs asserted state law claims of (1) assault against defendant Darrell Pearson for striking Mr. Fortner in the head on September 17, 1996; (2) libel, slander, and false arrest as against Pearson because in September 1996 he "printed false statements on a summons and complaint with the City of Colorado Springs Police Dept. telling them Plaintiffs did not have a business license thus, caused the City Police to issue the false summons and complaint upon Plaintiff, Darrell Fortner," and he told other people that the plaintiffs were unlicensed; and (3) civil conspiracy against Pearson and Rita Larson, Assistant City Clerk, for "agreeing with others to sign the summons and complaint against Plaintiffs."

The state district court dismissed the case "for all of the reasons stated in the Defendants' Motion for Summary Judgment." The defendants sought summary judgment on several bases including lack of subject matter jurisdiction, res judicata, and failure to state a claim upon which relief can be granted. The defendants do not discuss preclusion law as to each of these bases for dismissal. Nevertheless, it is clear from the record that the assault by Pearson alleged in Case No. 97CV2698 is the same assault alleged in Case No. 96-B-1794 and dismissed with prejudice.[6] It similarly is clear that the allegedly false statements in a summons and complaint leading to Mr. Fortner's arrest in September 1996 and the related conspiracy claim asserted in Case No. 97CV2698 also were asserted in Case No. 97CV1619 [7] and dismissed with prejudice.

---

[6] See p. 11 supra.

[7] In Case No. 97CV2698, the plaintiffs alleged that on September 17, 1996, "Pearson printed false statements on a summons and complaint with the City of Colorado Springs Police Dept. telling them Plaintiffs did not have a business license thus, caused the City Police to issue the false summons and complaint upon Plaintiff, Darrell Fortner." Motion, Exh. J at ¶8.
This is the same incident previously alleged in Case No. 97CV1619, where the plaintiffs claimed that "[o]n September 17, 1996, a criminal case was brought against Plaintiff Darrell Fortner, charging Plaintiff with operating a tree service business without a valid license." Id.,

14

Consequently, each claim asserted in Case No. 97CV2698 is redundant of claims in either Case No. 96-B-1794 or Case No. 97CV1619 and are barred by res judicata.

### 4. Case No. 98CV2394

Case No. 98CV2394 was based on the denial of the plaintiffs' tree service license in 1997. The case was dismissed by the El Paso County District Court on March 7, 2000. The dismissal order does not indicate whether the court dismissed the action with or without prejudice, and the defendants do not provide any discussion of the implications the dismissal of Case No. 98CV2394 has on their res judicata defense. Nevertheless, the claim in Case No. 98CV2394 is redundant of a claim asserted in Case No. Case No. 97CV1619, which I have determined is barred by res judicata..

### 5. Summary of Res Judicata Analysis

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the following claims as barred by res judicata:

1. The claim against defendant Pearson for striking Mr. Fortner in the head in September 1996;

2. All claims against the City of Colorado Springs and/or its employees which are based on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner, conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business license, and failure to properly supervise and train with regard to these actions; and

3. All claims based on defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiffs in 1996; bringing criminal cases against Mr. Fortner in

---

Exh. H at ¶13.

September and November 1996; failing to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees with regard to these actions.

### B.  Failure to State a Claim upon Which Relief Can Be Granted

The defendants assert that the remaining allegations should be dismissed because they are unsupported by factual allegations and fail to state a claim upon which relief can be granted. *Motion*, pp. 14-17.  However, the defendants do not discuss the plaintiffs' allegations in the context of the remaining claims for violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.  I decline to fashion the defendants' arguments for them.

### V.  CONCLUSION

I respectfully RECOMMEND that the City Defendants' Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART as follows:

1. GRANTED insofar as it seeks judgment in favor of the City Defendants on the following claims as barred by res judicata: (a) the claim against defendant Pearson for striking Mr. Fortner in the head in September 1996; (b) all claims against the City of Colorado Springs and/or its employees which are based on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner, conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business license, and failure to properly supervise and train with regard to these actions; and (c) all claims based on defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiffs in 1996; bringing criminal cases against Mr. Fortner in September and November 1996; failing to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees with regard to these actions.; and

2. DENIED in all other respects.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 26, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge