IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

SARAH PELTON, in her individual capacity as an ATF agent,
ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of
Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.

---

## ORDER

---

This matter is before me on the **City and County Defendants Joint Motion Requesting Leave to File Supplemental Motions for Summary Judgment Out of Time** [Doc. #320, filed 11/30/2009] (the "Motion"). The Motion is DENIED.

The remaining City and County Defendants have filed motions for summary judgment, and I have recommended that their motions be granted in part and denied in part. The defendants seek leave to file supplemental motions for summary judgment in the event that their written objections to my recommendations "do not dispose of all remaining claims in this case." *Motion*, ¶ 3. I do not express any opinion regarding the district judge's resolution of the

recommendations.  I address only the issue of the appropriateness of successive motions for summary judgment under the circumstances of this case.

## THE COUNTY DEFENDANTS

On May 8, 2007, defendants County of El Paso, Colorado; the employees of El Paso County, Colorado; Sergeant James A. Choate; and Sheriff Terry Maketa (the "County Defendants") filed a motion to dismiss [Doc. #61] the plaintiffs' Second Amended Verified Complaint [Doc. #52].  I recommended that the motion be denied as to the plaintiffs' due process claims against Maketa and Choate in their individual capacities; denied without prejudice as to the plaintiffs' state law tort claims; and granted in all other respects.  *Recommendation of United States Magistrate Judge* [Doc. #116].  In doing so, I identified the plaintiffs' state law tort claims against the County Defendants as (1) intentional infliction of emotional distress; (2) negligence; and (3) "ruined reputation and shame."  Id. at p. 4.  The plaintiffs did not object to my characterization of their tort claims.  *Plaintiffs' Objections to Honorable U.S. Magistrate Boland's Recommendations as to the Matter of County Defendants* [Doc. #128].

I addressed the County Defendants' argument to dismiss the plaintiffs' state law tort claims as follows:

> The defendants assert that they are immune from tort liability under the Colorado Governmental Immunity Act ("CGIA"), §24-10-101 *et seq.*, because they have not waived sovereign immunity for the plaintiffs' claims.  *Motion*, ¶¶ 13 -15.  The defendants recite law pertinent to the notice provision of the CGIA, but they do not specifically assert that the plaintiffs failed to comply with the notice provision, nor do they provide any evidence of noncompliance.
>
> Compliance with the notice provision is "a jurisdictional prerequisite to any action brought under" the CGIA "and failure of compliance shall forever bar any such action."  C.R.S. § 24-10-109(1).  Because compliance with the notice provision implicates

> this Court's jurisdiction over the plaintiffs' state law tort claims,
> and because it appears the defendants may be asserting that the
> plaintiffs did not comply with the notice provision, I decline to
> address the defendants' other CGIA arguments.  I respectfully
> RECOMMEND that the Motion be DENIED WITHOUT
> PREJUDICE insofar as it seeks dismissal of the plaintiffs' state
> law tort claims based on sovereign immunity, subject to proper
> reassertion of the notice issue.

Id. at p. 5.

On September 17, 2008, the remaining County Defendants, Sergeant Choate and Sheriff

Maketa filed a motion for summary judgment [Doc. #241].  I recommended that the County

Defendants' motion be granted insofar as it sought summary judgment on the plaintiffs' due

process claim.  *Recommendation of United States Magistrate Judge* [Doc. #306].  I

recommended that the motion be denied as to the tort claims as follows:

> The plaintiffs also assert the state law torts of intentional infliction
> of emotional distress, negligence, and "ruined reputation and
> shame."  The following constitutes the defendants' entire argument
> regarding the state law claims against them:
>
> "Finally, Plaintiffs have no evidence to support a claim of
> intentional infliction of emotional distress or any intent to harm by
> any of the County Defendants.  Regarding the emotional distress
> claim, Darrell Fortner verified he has no evidence to support the
> claim because he testified at deposition that he has not seen a
> psychotherapist, psychiatrist, or psychologist since at least 2002.
> (Exhibit D Deposition of Darrell Fortner, P. 123, LL. 1-10)."
> *Motion*, p. 7.
>
> The defendants do not provide any discussion of the elements of
> the tort claims, nor do they analyze the elements under the facts of
> this case.  Therefore, they have failed to establish that they are
> entitled to summary judgment on the state law tort claims.

Id. at p. 8.

The County Defendants "request one final opportunity to correct the technical defect in

their arguments regarding the jurisdictional bar to the remaining state law tort claims."  *Motion*,

¶ 6.  It is disingenuous for the defendants to characterize their failure to meaningfully address the jurisdictional issue as a "technical defect."

The County Defendants raised the jurisdictional issue in their motion to dismiss. However, they did not specifically assert that the plaintiffs failed to comply with the CGIA notice provision, nor did they provide any evidence of noncompliance.  Their argument was utterly ineffective, and I denied it without prejudice "subject to proper reassertion of the notice issue."  The district judge adopted my recommendation on February 12, 2008 [Doc. #141].

The County Defendants, however, did not reassert the jurisdictional bar defense in their motion for summary judgment, filed on September 17, 2008 [Doc. #241].  To the contrary, they (ineffectively) sought summary judgment on the merits of the tort claims.

The County Defendants assert that there is confusion as to the nature of the tort claims against them, and they seek leave to file a supplemental summary judgment motion as "one final opportunity under Fed. R. Civ. P. 56 to address the Court's concerns as to these "three" torts, their relevant elements, and related issues, *inter alia*, limitation of actions and insufficiency as a matter of law."  *Motion*, ¶ 18.  As the defendants admit, the tort claims against them were unambiguously identified in my Recommendation [Doc. #116].  The County Defendants had ample opportunity to address these claims on the merits in their motion for summary judgment, but failed to do so.

### THE CITY DEFENDANTS

On May 7, 2007, defendants City of Colorado Springs, Lionel Rivera, Kathryn Young, James McGannon, Darrel Pearson, and Shane White to the extent they were sued in their official capacities (collectively referred to as the "City Defendants") filed a motion to dismiss [Doc. #60] the Plaintiffs' Second Amended Verified Complaint [Doc. #52] (the "Complaint").  I

4

recommended that the motion be granted in part and denied in part.  *Recommendation of United States Magistrate Judge* [Doc. #117].  In my description of the Complaint's allegations, I stated that the plaintiffs claim "[t]he defendants' actions violated the Fourth, Fifth, and Fourteenth Amendments."  Id. at p. 5, ¶ 15.

The City Defendants sought, in part, to dismiss the Complaint because the claims against them did not "involve either federal question jurisdiction or diversity of citizenship."  I recommended that this argument be denied, and I stated:

> Claim Four asserts violations of the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and violations of 42 U.S.C. §§ 1985(3) and 1986.
>
> "A suit will be dismissed for lack of federal question jurisdiction when the claim is too insubstantial for consideration, or is wholly insubstantial and frivolous.  Otherwise the district court will assume jurisdiction in order to decide whether the allegation stated a cause of action on which the court could grant relief as well as to determine the issues of fact arising in the controversy."  Martinez v. U.S. Olympic Committee, 802 F.2d 1275, 1280 (10th Cir. 1986) (internal quotations and citations omitted).
>
> Although the federal claims will likely not withstand a challenge on the merits, I do not find them "too insubstantial for consideration" or "wholly insubstantial and frivolous."  Therefore, the plaintiffs sufficiently allege federal questions.  I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the Complaint for lack of subject matter jurisdiction.

Id. at pp. 7-8.[1]

The district judge adopted my recommendation on February 12, 2008 [Doc. #140].

---

[1] I further noted: "The Motion is brought on behalf of the defendants in their official capacities.  Therefore, I do not address individual capacity claims.  In addition, the defendants do not address the merits of any of the claims against them, except the conspiracy claim.  Therefore, I address only the merits of the conspiracy claim."  Id. at p. 8, n.3.

On August 15, 2008, the City Defendants filed a motion for summary judgment [Doc. #219].  On February 9, 2009, I denied without prejudice the City Defendants' summary judgment motion.  *Recommendation of United States Magistrate Judge* [Doc. #271].  In doing so, I stated:

> The defendants argue that the plaintiffs have filed several lawsuits prior to this one and that "a majority" of the plaintiffs' claims against them are barred by res judicata.  The defendants do not state with specificity which claims are barred by which prior decisions, and they do not provide any specific citations to any of the prior cases.  Nor do they attach copies of any of the prior decisions to their Motion.  They merely list the case names and cites.  Although the defendants attach several decisions to their reply, they do not address which decisions bar which claims.  These decisions are attached solely to address the plaintiffs' contention that they did not result in a "final judgment."
>
> It is not a judicial function to read through a list of cases in search of holdings which support the defendants' argument.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence.  Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).
>
> The defendants may resubmit their summary judgment motion on or before March 9, 2009.  If they argue that the plaintiffs' claims are barred by res judicata, they shall state exactly which claim is barred, and they shall provide a pinpoint cite to their supporting evidence.  Each claim shall be addressed separately.  All supporting evidence shall be attached to the Motion.

Id. at pp. 1-2.

I denied the City Defendants' summary judgment motion without prejudice, subject to refiling in compliance with my order.  Id. at p. 2.

On March 23, 2009, the City Defendants filed their second motion for summary judgment [Doc. #281].  The City Defendants again asserted that the majority of plaintiffs' claims

6

were barred by res judicata.  Although it was clear from the record that res judicata barred many of the plaintiff's claims, it was unclear whether certain other claims were barred.

In addition, the City Defendants asserted that the plaintiff's remaining allegations should be dismissed because they were unsupported by factual allegations and they failed to state a claim upon which relief could be granted.  However, the City Defendants did not discuss the plaintiffs' allegations in the context of the remaining claims for violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.

Consequently, I recommended that the City Defendants' second summary judgment motion be granted to the extent the record supported dismissal of certain claims based on res judicata and denied as to all other claims.  *Recommendation of United States Magistrate Judge* [Doc. #307].

The City Defendants "request one final opportunity to correct the technical defect in their arguments regarding alleged violations of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights."  *Motion*, ¶ 21.

The defendants' total failure to discuss the Fourth, Fifth and Fourteenth Amendments is not a technical defect.  The defendants were provided ample notice that the plaintiffs were asserting these claims against them, and they were provided ample opportunity to discuss the claims on their merits.  They simply failed to do so.

A court may, in its discretion, allow a party to file a successive motion for summary judgment, "particularly if good reasons exist."  Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir.1995).  The circuit court has cautioned, however, that it is not the "usual practice to give litigants the proverbial second bite at the apple."  Pippin v. Burlington Resources Oil and Gas Co., 440 F.3d 1186, 1199 (10th Cir. 2006).

Grounds for permitting successive summary judgment motions include an intervening change in the applicable law, <u>Smith v. McGarvie</u>, 321 Fed.Appx. 665, 666, 2009 WL 965806, at *1 (9th Cir. April 7, 2009); where the moving party has expanded the factual record on which summary judgment is sought, <u>Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.</u>, 436 F.3d 662, 670, n.6 (6th Cir. 2006); and to correct a clear error or prevent manifest injustice. <u>Fernandez v. Bankers Nat'l Life Ins. Co.</u>, 906 F.2d 559, 569 (11th Cir.1990). Neither the State Defendants nor the County Defendants have demonstrated the existence of any of these grounds.

IT IS ORDERED that the Motion is DENIED.

Dated December 21, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

8