# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-02148-LTB-BNB

DARRELL FORTNER and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

    Plaintiffs,

v.

ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHRYN YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff of El paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, CO, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

    Defendants.

_____

## ORDER
_____

    This case is before me on the Recommendation of the Magistrate Judge (Doc 307). The Magistrate Judge recommends that City Defendants' Second Motion for Summary Judgment (Doc 281) be granted in part and denied in part.

    Specifically, the Magistrate Judge recommends that the City Defendants' Motion for Summary Judgment be granted insofar as it seeks judgment in favor of the City Defendants

1

on the following claims as barred by res judicata: (a) the claim against Defendant Pearson for striking Mr. Fortner in the head in September 1996; (b) all claims against the City of Colorado Springs and/or its employees which are based on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner, conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business license, and failure to properly supervise and train with regard to these actions; and (c) all claims based on defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiff in 1996; bringing criminal cases against Mr. Fortner in September and November 1996; failure to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees with regard to these action. The Magistrate Judge recommends that the City Defendants' Second Motion for Summary Judgment (Doc 281) be denied in all other respects.

The Plaintiffs have filed timely specific written objections to the Magistrate Judge's recommendation. The City Defendants have filed timely written objections to the Magistrate Judge's recommendation. Plaintiffs have filed their response to the City Defendants' objections. I therefore consider the recommendation *de novo* in light of the objections to it and the file and record in this case. On *de novo* review, I conclude that the recommendation is correct.

I note that the Plaintiffs have alleged that the City Defendants' actions violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and claims under 42 U.S.C. §§ 1985(3) and 1986 together with claims under 18 U.S.C. §§ 241 and 242. These claims have been previously dismissed with prejudice (Docs 141 and 140). It therefore appears that diversity of citizenship jurisdiction is lacking and there is no

pending federal question claim between Plaintiffs and the City Defendants.  Consequently I question whether this Court should assume supplemental jurisdiction over what appears to be the Plaintiffs remaining state law claims against the City Defendants.  Being duly advised

IT IS ORDERED as follows:

The City Defendants' Second Motion for Summary Judgment (Doc 281) is GRANTED insofar as it seeks judgment in favor of the City Defendants on the following claims as barred by res judicata:  (a) the claim against Defendant Pearson for striking Mr. Fortner in the head in September 1996; (b) all claims against the City of Colorado Springs and/or its employees which are based on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner, conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business license, and failure to properly supervise and train with regard to these actions; and (c) all claims based on defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiff in 1996; bringing criminal cases against Mr. Fortner in September and November 1996; failure to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees with regard to these action.

IT IS FURTHER ORDERED that the City Defendants' Second Motion for Summary Judgment (Doc 281) is DENIED in all other respects.

IT IS FURTHER ORDERED that on or before **February 12, 2010**, the parties shall file simultaneous pleadings showing cause why this Court should assume supplemental jurisdiction over Plaintiffs' remaining state law claims against the City Defendants.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   January 25, 2010