IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

ATF AGENTS DOG 1, CAT 2, AND HORSE 3 in their individual capacities,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **County Defendants' Supplemental Motion for Summary Judgment or Motion to Dismiss** [Doc. #322, filed 12/03/2009] (the "Motion). The Motion is filed on behalf of defendants Sergeant James A. Choate and Sheriff Terry Maketa (the "County Defendants"). I respectfully RECOMMEND that the Motion be DENIED.

# I. STANDARD OF REVIEW

At the time the plaintiffs filed this action and their response to the County Defendants' Motion, they were proceeding *pro se*.[1] I must liberally construe the plaintiffs' *pro se* filings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for *pro se* litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine

---

[1] While proceeding *pro se*, the plaintiffs requested and were granted an extension of time to file a response to the County Defendants' Motion [Docs. #355 and #360]. On March 1, 2010, the plaintiffs timely filed Plaintiffs' Response to County Defendants' Supplemental Motion for Summary Judgment or Motion to Dismiss [Doc. #364] (the "Response"). On March 2, 2010, counsel entered an appearance for the plaintiffs and requested an extension of time to respond to the County Defendants' Motion [Doc. #367] even though a response had already been filed. Counsel was granted an extension to March 22, 2010 [Doc. #370], but a second response was never filed. Therefore, the plaintiffs' *pro se* Response is the extant response to the County Defendants' Motion.

issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

## II. BACKGROUND

The plaintiffs filed their Second Amended Verified Complaint on April 26, 2007 [Doc. #52] (the "Complaint").[2] The allegations against the County Defendants are found in Claims Two and Four of the Complaint:

1. The County Defendants conspired with others to "run Plaintiffs out of the tree service business." *Complaint*, ¶¶ 32, 95.

2. Defendant Maketa had knowledge of the wrongs and allowed them, ordered them, or failed to prevent them. Id. at ¶¶ 33, 114.

---

[2]The plaintiffs attempted to file a third and a fourth amended complaint [Docs. #71 and #163]. The attempts to amend were denied because the proposed amended complaints suffered numerous deficiencies [Docs. #118, #135, #202, and #215].

3

3. Maketa and Choate wrongfully forced plaintiff Darrell Fortner to register as a sex offender or be arrested for failure to register. Id. at ¶¶ 53, 91, 92.

4. The plaintiffs were forced to retain an attorney so they could obtain a court order to remove Mr. Fortner from the registry. Id. at ¶¶ 54, 94.

5. The County Defendants wrongfully entered Mr. Fortner, as the owner of Diamond Dundee Tree Service, on the internet as a registered sex offender. Id. at ¶¶ 55, 93, 96.

6. Choate and Maketa had the means to check Mr. Fortner's criminal background but failed to do so. Id. at ¶ 97.

Claim Two alleges loss of business in violation of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; violations of 42 U.S.C. §§ 1985(3) and 1986; violations of 18 U.S.C. §§ 241 and 242; intentional infliction of emotional distress; negligence; and "ruined reputation and shame."[3] Claim Four alleges violations of the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; conspiracy to deprive plaintiffs of their equal protection rights in violation of 42 U.S.C. § 1985(3); failure to prevent conspiracy in violation of 42 U.S.C. § 1986; and violations of 18 U.S.C. §§ 241 and 242. The plaintiffs seek monetary damages against the County Defendants. Id. at p. 33, §§ (a)-(f).

---

[3]In my recommendation [Doc. #116] to grant in part and deny in part the County Defendants' motion to dismiss, I construed the Complaint to allege against the County Defendants the state law torts of intentional infliction of emotional distress; negligence; and "ruined reputation and shame." In their objection to the recommendation [Doc. #128], the plaintiffs did not object to my construction of the tort claims. To the extent the plaintiffs attempt to bring other tort claims against the County Defendants, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

The district judge dismissed the plaintiffs' constitutional claims against the County of El Paso and defendants Maketa and Choate in their official capacities; the Fourth Amendment claims against Maketa and Choate in their individual capacities; the claims for violations of 42 U.S.C. §§ 1985 and 1986; and the plaintiffs' claims for violation of 18 U.S.C. §§ 241 and 242. *Order issued February 12, 2008* [Doc. #141]. In addition, I have recommended that summary judgment enter in favor of the County Defendants on the plaintiff's due process claims [Doc. #306]. The County Defendants have filed the instant Motion seeking dismissal of the plaintiffs' state law tort claims.

### III. UNDISPUTED MATERIAL FACTS

1. The County Defendants were employees of El Paso County at all times relevant to the allegations of the Complaint. *Motion*, p. 8; *Complaint*, p. 6, ¶¶ 24-24.

2. The County Attorney represents El Paso County through its Board of County Commissioners. *Motion*, p. 8.

3. In El Paso County, all notices of claim are processed through the County Attorney, and the Clerk and Recorder makes the County Attorney aware of all instances of personal service of process in suits involving the county. *Motion*, p. 8.

### IV. ANALYSIS

The defendants assert that the plaintiff's tort claims are barred by the Colorado Governmental Immunity Act (the "CGIA") because the plaintiffs did not file notice of their claims as required by C.R.S. §§ 24-10-109(1) and (3) (2006). The CGIA, section 24-10-101 *et seq.*, sets forth the circumstances under which a plaintiff may bring an action in tort against the

5

state, its political subdivisions, and its employees. Mesa County Valley School District v. Kelsey, 8 P.3d 1200, 1203 (Colo. 2000). Section 24-10-109(1) requires:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred and eighty days after the date of discovery of the injury, regardless of whether the person then knew all the elements of a claim or a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

The notice must contain the name and address of the claimant; a concise statement of the factual basis of the claim; the name and address of the public employee(s) involved; a concise statement of the nature and extent of the injury; and a statement of the amount of monetary damages being requested. Id. at § 109(2). If the claim is against any other public entity or an employee of a public entity, as here, the notice must be filed with the governing body of the entity or the attorney representing that entity. Id. at § 109(3).

The County of El Paso is a public entity. Its governing body is the El Paso County Board of Commissioners. C.R.S. § 30-11-103 (2006). The County Attorney represents El Paso County through its Board of County Commissioners. The designated agent for service of process on El Paso County is "the county clerk, chief deputy, or county commissioner." Colo.R.Civ.P. (4)(e)(7).

The defendants state that "the El Paso County Clerk and Recorder is El Paso County's designated agent for service of process" and that "[n]o notice was received in any form or by any method at any time by the county attorney or the El Paso County Clerk and Recorder." *Motion*, p. 8. They further state that "[n]either the county attorney nor the clerk to the board nor

any other employee or agent of El Paso County received a notice of claim from the Plaintiffs at any time by registered mail, nor were they personally served with such notice." Id. The defendants provide the affidavits of William H. Louis, El Paso County Attorney; Eileen F. Wheeler, Clerk to the Board Manager; and Robert S. Demetry, Safety and Claims Investigator for El Paso County, to support these statements. Id. at Exs. A, B, and D. The defendants also provide a portion of the transcript of Mr. Fortner's deposition testimony. Mr. Fortner testified as follows:

> Q: Could I direct your attention, please, to page 18 of 21? And can you tell me what that is?
>
> A: 18?
>
> Q: Yes, sir. What is that, sir?
>
> A: Its an affidavit of Phil Ludwig.
>
> Q: And Mr. Phil Ludwig was your process server; is that correct?
>
> A: He's a private server, yeah.
>
> Q: He is the person that you engaged to serve Notice of Claim on the County with respect to this lawsuit; is that correct?
>
> A: Yes.
>
> Q: And if I read your pleading correctly, sir, the Notice of Claim itself is set out in Page 15 and 16 and 17 of this same document; is that correct?
>
> A: Yes.
>
> Q: So Page 15, 16, and 17 is your Notice of Claim to the county; is that correct?
>
> A: Yes.

Q: Now, why did you serve a Notice of Claim? Why did you do that?

A: Why did I?

Q: Yes, sir.

A: Because I'm familiar with the procedure.

Q: You know the Colorado Governmental Immunity act well enough to know that before you file a lawsuit, you first have to serve a written Notice of Claim?

A: Yes.

Q: Is that because you've filed so many lawsuits against the government before?

A: Its because I had to sue the City before.

Q: So you know how this law works?

A: Yes.

Q: I mean, you're not a lawyer--

A: No.

Q: – but with respect to this notice requirement provision of the Colorado Governmental Immunity Act, you know what is required --

A: Yes.

Q: – or at least you feel you know it well enough to hire Mr. Ludwig and do it this way, correct?

A: Yes.

Q: Mr. Ludwig's affidavit, Page 2 of his affidavit, which is Page 19 of this document, states at Paragraph 5, "On March 6, 2006 at 11:00 A.M. I personally delivered a true and correct copy of the attached claim upon the County of El Paso Risk Management [Department] at 105 [East]

8

>
> Vermijo, 2nd Floor, [Colorado] Springs, [Colorado]," correct?

A: Yes.

Q: That's the only place that Mr. Ludwig took this document, right?

A: Yes.

Q: He did not serve it on the County Attorney?

A: I don't think so.

Q: Nor did he serve it on the clerk and recorder?

A: I don't think so.

Q: And you don't think so because this is his affidavit, right?

A: He served it at 105 East Vermijo, the Risk Management Department.

Q: That's what this document says?

A: Yes.

Q: And you believe that this is a sworn statement, true and correct, correct?

A: Correct.

Q: You don't have any reason to doubt what Mr. Ludwig said?

A: No.

*Motion*, Ex. C.

The defendants assert that because the plaintiffs served the notice on the Risk Management Department and not on the County Clerk and Recorder or the County Attorney, the notice was not sufficient under the CGIA.

9

The plaintiffs assert that they have complied with the CGIA notice provisions, citing several documents in support. First, they cite "Doc 350 pg 4 at 6-9" and Exhibits 19 and 20.[4] *Response*, p. 2. Exhibit 19 is the Affidavit of Darrell Fortner wherein he states:[5]

> On March 6 2006 at 9:15 a.m., I personally delivered a true and correct copy of a Notice of Claim . . . the same as in Doc 258 Ex 1 upon the El Paso County Attorney's Office at 27 Vermijo Ave., Colorado Springs, Colorado.
>
> At 10:50 a.m. I met Phil Ludwig at 105 E. Vermijo. I went with Mr. Ludwig and I witnessed Phil Ludwig serve the Rist Management Dept with a true and correct copy of the Notice of Claim at 11:00 a.m., that copy was the same as the copy in Doc 258 Ex. 1.
>
> I have served four (4) Notice of Claims since 1994 and of those services were upon the City Attorney and City claims all dual services. As in the instant claim I always serve dual parties in order to cover all grounds.

*Document #350*, Ex. 19, p. 2 (ellipses in original).[6]

Document 258, Exhibit 1, states:

> In the matter of claimants Darrell Fortner and Jennifer Fortner d/b/a/ Diamond Dundee Tree Service.
>
> The name and address claimants wish [illegible] sent to is: Darrell Fortner 13365 Nelson St., Co. Springs, CO 80908
>
> This claim is being presented due to the following:
>
> On Oct. 19 2005 the Elpaso County Sheriff, Maketa and J. Choate forced claimant, Darrell Fortner to register as a sex offender with threats of arrest and jail if he refused to register.

---

[4]Document #350 does not contain an Exhibit 20.

[5]I have quoted the plaintiffs' filings as written, without correction or acknowledgment of error.

[6]This document is also found as Exhibit 19 to Document #341.

> Maketa and Sgt. J. Choate put Darrell Fortner's name on the
> internet as a registered sex offender for several months without due
> process
>
> Claimants have loss of income, business, emotional distress,
> humitilation and shame due to the evel acts of Maketa & Choate.
>
> County employees are telling the public that Darrell Fortner is a
> registered sex offender.
>
> The names of the Elpaso County employees are Maketa, Choate
> and others unknown to claimants at the time of presenting this
> claim.
>
> Claimants losses as of the date of filing this claims is over
> $1,000,000
>
> The County employees are the legal proimate cause of damages to
> claimants.
>
> Dated: March 2, 3006.

Document 258, Exhibit 1.

The plaintiffs' documents are sufficient to create a material fact dispute regarding whether they complied with the CGIA notice provisions.[7] The documents demonstrate that the plaintiffs' alleged injuries were discovered on or after October 19, 2005 (the date Mr. Fortner was forced to register as a sex offender); Mr. Fortner served notice of the plaintiffs' claims on the County Attorney on March 6, 2006–138 days after he was forced to register as a sex offender; and the notice contained the name and address of the claimants, a concise statement of the factual basis of the claims, the name and address of the public employees involved, a concise

---

[7]I am aware that where an affidavit conflicts with the affiant's prior sworn statements, the affidavit will not operate to create a genuine fact dispute if it is merely an attempt to create a sham fact issue. Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986). However, Mr. Fortner's affidavit does not directly contradict his prior sworn deposition testimony.

statement of the nature and extent of the injuries, and a statement of the amount of monetary damages being requested.

The defendants also argue that the plaintiffs' tort claims are barred because the plaintiffs failed to allege compliance with the notice requirements in their Complaint. *Motion*, p. 10. "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions." Aspen Orthopaedics & Sprots Medicaine, LLC v. Aspen Valley Hospital District, 353 F.3d 832, 840 (10th Cir. 2003). Here, I am addressing the case in the context of a motion for summary judgment. The plaintiffs have provided sufficient evidence to create a material fact dispute regarding whether they have met the notice requirements.[8]

## V. CONCLUSION

I respectfully RECOMMEND that the County Defendants' Supplemental Motion for Summary Judgment or Motion to Dismiss [Doc. #322] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

---

[8]In addition, I note that although the plaintiffs' proposed Fourth Amended Verified Complaint was not accepted for filing, the plaintiffs attempted to cure their failure to plead compliance with the CGIA notice requirements in the proposed complaint. *Doc. 163-2*, p. 5.

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 9, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge