IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  06-cv-02148-LTB-BNB

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

       Plaintiffs,

v.

ATF AGENTS DOG 1, CAT 2, AND HORSE 3,
THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERS, individually and in his official capacity as Mayor of Colorado Springs,
      CO,
KATHRYN YOUNG, individually and in her official capacity as City Clerk of Colorado Springs,
      CO,
DARREL PEARSON, individually and in his official capacity as City Forrester of ,Colorado
      Springs, CO,
JAMES A. CHOATE, individually and in his official capacity as Sergeant for El Paso County
      Sheriff's Office,
TERRY MAKETA, individually and in his official capacity as Sheriff for El Paso County Sheriff's
      Office,
SHANE WHITE, individually and in his official capacity as Asst. City Attorney for the City of
      Colorado Springs, CO, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of
      Colorado Springs, CO,

       Defendants.

_____

ORDER
_____

This case is before me on several recommendations issued by Magistrate Judge Boyd  N.

Boland, and related objections thereto, as well as un-referred motions currently pending before

me in this matter.  After consideration of the parties' pleadings and arguments, I address and rule

upon the following:

1)  Recommendation of United States Magistrate Judge dated September 25, 2008 [**Doc # 248**], recommending a ruling on Plaintiffs' Motion for Leave to File Fifth Amended Verified Complaint [**Doc #228**];

2) Plaintiffs' "Motion for Delay Prevention Order for Plaintiffs to file Notice of Appeal" dated April 3, 2009 [**Doc # 285**];

3)  Recommendation of United States Magistrate Judge dated October 26, 2009  [**Doc # 306**], recommending a ruling on the County Defendants' Motion for Summary Judgment [**Doc #241**];

4)  Recommendation of United States Magistrate Judge dated April 9, 2010 [**Doc # 381**], recommending a ruling on County Defendants' Supplemental Motion for Summary Judgment or Motion to Dismiss [**Doc #322**]; and

5) City Defendants' Motion to Deny Supplemental Jurisdiction dated February 12, 2010 [**Doc # 362**].

## I. BACKGROUND

On April 26, 2007, Plaintiffs Darrell and Jennifer Fortner, d/b/a Diamond/Dundee Tree Service (the "Fortners"), filed their *pro se* Second Amended Verified Complaint [Doc #52], seeking damages and injunctive relief against various governmental entities related to their claims that they have been subject to (1) illegal attempts to "run Plaintiffs out of the tree service business" – by, among other things, wrongfully withholding the Fortners' tree service license, taking their tree service business signs from private property, falsely accusing Darrell Fortner of spraying trees, threatening arrest, etc. – and (2) wrongfully forcing Darrell Fortner to register as a sex offender.

In assessing the claims raised in the Fortners' complaint, the Magistrate Judge indicated that because the Fortners were proceeding *pro se*, he liberally construed their pleadings as required by *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).   The Magistrate Judge noted, however, that he could not act as advocate for a *pro se* litigant, who

must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Magistrate Judge also ruled that any other undefined claims the Fortners may be attempting to assert are "unintelligible and will not be recognized."  *See Hall v. Bellmon*, *supra*, 935 F.2d at 1110 (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").  Although the Fortners are currently represented by counsel, most if not all of the pleadings filed by the Fortners in this case have been filed *pro se* and, as such, I likewise apply these standard here.

The claims asserted against Defendants James A. Choate, individually and in his official capacity as Sergeant for El Paso County Sheriff's Office; and Terry Maketa, individually and in his official capacity as Sheriff for El Paso County Sheriff's Office (the "County Defendants") are set forth in the Fortners' Second and Fourth Claims for Relief.  The complaint seeks monetary damages from the County Defendants for alleged violations of the Fortners' Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; violations of 42 U.S.C. § 1985(3) & § 1986; violations of 18 U.S.C. § 241 & § 242, as well a state tort law claims.  Following my ruling on the County Defendants' motion to dismiss, dated February 12, 2008, the Fortners' remaining claims are: 1) the state law tort claims – for intentional infliction of emotional distress; negligence; and "ruined reputation and shame" – and 2) the due process claims (Fifth and Fourteenth Amendments) against County Defendants Maketa and Choate, in their individual capacities only, asserted under 42 U.S.C. § 1983. [Doc # 141]

In addition, the claims asserted against Defendants the City of Colorado Springs ("C/S"); Mayor Lionel Rivers, individually and in his official capacity as Mayor of C/S; Kathryn Young,

individually and in her official capacity as City Clerk of C/S;  Darrel Pearson, individually and

in his official capacity as City Forrester of C/S;  Shane White, individually and in his official

capacity as Assistant City Attorney for the City of C/S; and James E. McGannon  individually

and in his official capacity as City Forrester for the C/S (the "City Defendants") are set forth in

the Second Claim for Relief  in the Fortners' complaint.  The Fortners's complaint seek damages

and injunctive relief for the City Defendants' alleged violation of the Fourth, Fifth, and

Fourteenth Amendment rights under 42 U.S.C. § 1983, and violations pursuant to 42 U.S.C. §

1985 & § 1986, and 18 U.S.C. § 241 & § 242.  After ruling on motions to dismiss on February

12, 2008, the Fortners only remaining claims against the City Defendants are for violations of

their Fourth, Fifth, and Fourteenth Amendment rights, asserted under 42 U.S.C. § 1983. [Docs

#140 & #141]

## II.  PLAINTIFFS' MOTIONS

<u>Motion to Amend</u>

On August 21, 2008, the Fortners filed a Motion For Leave To File Fifth Amended

Verified Complaint.  [Doc # 228]  The Magistrate Judge recommended that the motion be

denied.  [Doc # 248]  In his recommendation, the Magistrate Judge concluded that the Fortners'

"repeated attempts to amend their complaint are unjustified."  The basis for this determination is

that:  1) they have had ample opportunity, but have failed, to submit a complete and competent

complaint; 2) amendment of their complaint at this point in the litigation would "unduly

prejudice the defendants, all of whom have pending motions for summary judgment"  and the

Defendants "have already had to respond to both the First Amended Complaint and the Second

Amended Complaint, resulting in the submission of a total of 12 motions to dismiss;" and 3) "the

proposed Fifth Amended Complaint suffers from deficiencies identified in previous recommendations to deny leave to file proposed amended complaints." Thus, under these circumstances, the Magistrate Judge found "that the [Fortners'] repeated attempts to amend are made in bad faith and are intended to cause delay."

The Fortners timely filed their objections to the recommendation on October 6, 2008 [Doc # 250] and, in addition, the County Defendant filed a response thereto. [Doc # 252]

The Fortners assert that I should not accept the recommendation to deny their motion because the new claims and allegations set forth in their proposed amended complaint are based on new evidence of retaliation against them by the various named and unnamed Defendants.

However, I agree with the County Defendants that allowing amendment at this point – when the  second amended complaint has been pending for nearly a year and a half, discovery is closed, and motions for summary judgment from all defendants are pending – would be manifestly unjust. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).   After *de novo* review, I agree with the Magistrate Judge's determinations that the Fortners have failed to submit a complete and competent complaint, amendment of their complaint now would unduly prejudice the Defendants, and, most importantly, "the proposed Fifth Amended Complaint suffers from deficiencies identified in previous recommendations to deny leave to file proposed amended complaints."  In light of the record, and my *de novo* review thereof, I accept the Magistrate Judge's recommendation to deny the Fortners' Motion For Leave To File Fifth Amended Verified Complaint. [Doc # 248]

Motion for "Prevention Order"

In addition, pending before me is the Fortners' "Motion for Delay Prevention Order for Plaintiffs to file Notice of Appeal" [Doc # 285], in which the Fortners seek a "delay prevention order" of my ruling granting summary judgment in favor of former Defendant, Sarah Pelton, individually and in her official capacity as ATF agent, in order to "reserve their right to appeal the action against Sarah Pelton."  [Doc # 280]

However, because the challenged ruling is not final for the purpose of appellate review, the relief sought here is not available or necessary and the Fortners motion should be denied. *See* Fed.R.Civ.P. 54(b)(a judgment which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties ..."); *Bristol v. Fibreboard Corp.,*789 F.2d 846, 848 (10th Cir. 1986)(holding that an order granting a motion for summary judgment that was not joined by every served defendant and not accompanied by a Rule 54(b) certification is not appealable); *see also Hutchinson v. Pfeil,* 105 F.3d 566, 569 (10th Cir. 1997).   Accordingly, I deny the Fortners' Motion for Delay Prevention Order for Plaintiffs to file Notice of Appeal. [Doc # 285]

### III.  COUNTY DEFENDANTS' MOTIONS

Motion for Summary Judgment

On September 17, 2008, the County Defendants filed a Motion for Summary Judgment. [Doc #241]  The Magistrate Judge subsequently recommended that the motion be granted "to the extent it seeks judgment in favor of the County Defendants on the [Fortners'] due process claim" but denied "insofar as it seeks judgment in favor of the County Defendants on the [Fortner's] state law tort claims."  [Doc # 306]

The Due Process Clause prohibits the government from depriving a person of life, liberty, or property without prior notice and an opportunity for a hearing.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).  "To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest."  *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1394 (10th Cir. 1988)(*citing Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

In reviewing the due process claim, the Magistrate Judge determined that the Fortners do not have a protected property interest as defined under *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004), and thus the County Defendants did not violate their due process rights when they required Darrell Fortner to register as a sex offender.  As such, he recommended that summary judgment enter in favor of the County Defendants on the Fortners' due process claim. In their various objections to the recommendation [Docs # 311, 314 & 317], the Fortners object to the Magistrate Judge's conclusion that "the data shows that Mr. Fortner was arrested in California; was convicted of 'Annoy/Molest Children'; and was convicted on "'02-02-1990.'"

In *Gwinn v. Awmiller*, *supra*, 354 F.3d at 1216, the Tenth Circuit ruled that a protected liberty interest may arise when government officials deliberately, wrongfully, and publicly label an individual as a sex offender.   In such a case, a plaintiff must assert that the government has impugned his good name, reputation, honor, or integrity by demonstrating that: "(1) the government made a statement about him that is sufficiently derogatory to injure his reputation, that is capable of being proved false, and that he asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that 'significantly altered his status as a matter of state

7

law.'" *Id.* (*quoting Paul v. Davis*, 424 U.S. 693, 710-11, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)).

The Magistrate Judge found that although Mr. Fortner was wrongfully required to register – in that his alleged conviction predated the applicability of the sex offender registration statute – the "undisputed evidence" is that Mr. Fortner is, in fact, a convicted sex offender, and thus his conviction is not "capable of being proved false."  As a result, the Magistrate Judge concluded that Mr. Fortner does not have a protected liberty interest and, therefore, the County Defendants did not violate his due process rights as a matter of law.

In their various objections, the Fortners challenge the Magistrate Judge's determination that it is undisputed that he is a convicted sex offender.  Specifically, they maintain that there is no proof before this court of any arrest or conviction that would require Mr. Fortner to register as a sex offender.  The Fortners assert that the El Paso County form relied upon by the Magistrate Judge was "fabricated" by El Paso County, fails to indicate a specific penal code violation, whether the conviction was a misdemeanor or felony, the arresting agency, and notes no victim.  As such, the Fortners assert that the County Defendants have not provided evidence that Mr. Fortner was ever convicted of any crime.  In addition, the Fortners provide in their response conflicting evidence related to at least one conviction.

My *de novo* review reveals that there is clearly a disputed issue of material fact as to whether Mr. Fortner is a convicted sex offender.  The evidence relied upon by the Magistrate Judge is subject to interpretation and is hotly disputed by the Fortners.  A careful reading of the affidavits provided by the County Defendants reveals that there is no direct evidence provided that Mr. Fortner is a convicted sex offender.  Rather, it is unclear that he is and he provides some evidence that he is not.  When reviewing the factual record and inferences in the light most

8

favorable to the Fortners, I conclude that a material issue of fact exists precluding summary judgment on the Fortners' due process claim. *See* Fed. R. Civ. P. 56(c)(providing that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(ruling that a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  As such, I reject the Magistrate Judge recommendation that the County Defendants' motion for summary judgment be granted to the extent it seeks judgment on the Fortners' due process claim.

I note that the County Defendants also object to the Magistrate Judge's recommendation that their motion for summary judgment be denied as to the Fortners' state law claims.  [Doc # 319]  However, this objection is no longer viable as the County Defendants were provided an opportunity to re-argue this issue in a subsequent motion, as discussed below.

Supplemental Motion for Summary Judgment

In their Supplemental Motion for Summary Judgment or Motion to Dismiss, filed on December 3, 2009, the County Defendants sought judgment their favor as to the remaining pendant state law tort claims or, in the alternative, dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(1) & 12(h)(3). [Doc # 322]  The Magistrate Judge subsequently recommended that the motion be denied. [Doc # 381]  The County Defendants have filed timely objections. [Doc # 383]  However, this motion is also no longer at issue in that I have determined that the Fortners' federal due process claim should not be dismissed.  *See* 28 U.S.C. § 1367(a)(providing that "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall

have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy");  *Smith v.*

*City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  As a result, I deny the County Defendants'

supplemental motion for summary judgment.

## IV.  CITY DEFENDANTS' MOTIONS

Finally, I address the City Defendants' pending Motion to Deny Supplemental

Jurisdiction.  [Doc # 362]  This motion has been fully briefed and is ready for determination.

After consideration of the record and the parties' briefs and arguments, I deny the motion.

On January 25, 2010, I entered partial summary judgment in favor of the City

Defendants, by accepting the recommendation of the Magistrate Judge, on several of the factual

allegations asserted by the Fortners in support of their federal claims as barred by *res judicata.*

[Doc # 353] Specifically, I ruled that the following claims asserted by the Fortners in their

complaint were dismissed:

(a)  the claim against [City] Defendant Pearson for striking Mr. Fortner in the head in
September 1996;

(b)  all claims against the City of Colorado Springs and/or its employees which are based
on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner,
conspiracy to run the [Fortners] out of the tree business, suspension of the [Fortners'] tree
business license, and failure to properly supervise and train with regard to these actions; and

(c)  all claims based on defendants' actions in ignoring the [Fortners'] valid tree service
license in 1996; arresting [Mr. Fortner] in 1996; bringing criminal cases against Mr. Fortner in
September and November 1996; failure to renew the [Fortners'] tree service license in 1997; and
failing to properly supervise city employees with regard to these action.

In so doing, I denied the City Defendants' motion seeking summary judgment in all other

respects. [Doc # 353]

Thereafter, on February 12, 2010, the City Defendants filed the motion at issue – following my misdirected order requiring that the parties file simultaneous pleadings "showing cause why this Court should assume supplemental jurisdiction over Plaintiffs' remaining state law claims against the City Defendants" – in which they assert that my ruling on summary judgment "dismisse[d] with prejudice all of [the Fortners'] federal claims over which the Court has original jurisdiction." As a result, in this motion the City Defendants ask that I "refuse to assume supplemental jurisdiction over [the Fortners'] remaining state claims" and that I "dismiss [the Fortners'] remaining state claims without prejudice to allow [them] to pursue those claims in state court." [Doc # 362]

However, my summary judgment ruling did not serve to dismiss the Fortners' federal claims. Rather, as discussed above, I only dismissed several specific factual allegations and claims asserted by the Fortners because they had been raised and ruled upon in prior litigation. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)(discussing the elements of *res judicata* or "claim preclusion"). Moreover, I note that the Fortners' complaint does not assert any state law tort claims against the City (as opposed to the County) Defendants.

As such, I deny the City Defendants' Motion to Deny Supplemental Jurisdiction [Doc # 362] on the basis that the remaining pending claims in the Fortner's complaint against the City Defendant are for federal violations of their Fourth, Fifth, and Fourteenth Amendments and, moreover, that the Fortners have no pending state law tort claims asserted against the City Defendants. I apologize to the extent that I my request for "simultaneous pleadings showing cause why this Court should assume supplemental jurisdiction over Plaintiffs' remaining state law claims" on January 25, 2010, caused undue confusion. [Doc # 353]

11

## V. CONCLUSION

Upon a liberal reading of the Fortners' *pro se* complaint, and a result of my various prior rulings as well as the rulings made in this order, I conclude that the Fortners' claims that remain at this point in the litigation are as follows:

1) Against County Defendants:  State law tort claims for intentional infliction of emotional distress; negligence; and "ruined reputation and shame," related to the Fortners' allegations that they improperly required him to register as a sex offender (Second Claim for Relief).

2) Against County Defendants Maketa and Choate, in their individual capacities: Federal claims of violation of Fifth and Fourteenth Amendments (due process), pursuant to 42 U.S.C. § 1983, related to the allegations that they improperly required Mr. Fortner to register as a sex offender (Second  Claim for Relief) and improperly acted to run the Fortners out of business  (Fourth Claim for Relief).

3) Against City Defendants:  Federal claims of violation of the Fifth and Fourteenth Amendments (due process) and Fourth Amendment, pursuant to 42 U.S.C. § 1983,  related to their allegations that the Defendants improperly acted to run them out of their tree service business (Fourth Claim for Relief).  The factual allegations that support this claim are limited to those that have not been dismissed, on *res judicata* grounds, as set forth in my order dated January 25, 2010.  [Doc #343]

ACCORDINGLY, it is hereby ORDERED as follows:

1) The Recommendation of United States Magistrate Judge dated September 25, 2008 [**Doc # 248**] is ACCEPTED and, as a result, Plaintiffs' Motion for Leave to File Fifth Amended Verified Complaint [**Doc #228**] is DENIED;

2) Plaintiffs' "Motion for Delay Prevention Order for Plaintiffs to file Notice of Appeal" [**Doc # 285**] is DENIED;

3) The Recommendation of United States Magistrate Judge dated October 26, 2009 [**Doc # 306**] is REJECTED and, as a result, the County Defendants' Motion for Summary Judgment is DENIED [**Doc #241**];

4) The Recommendation of United States Magistrate Judge dated April 9, 2010 [**Doc # 381**] is ACCEPTED and, as a result, the County Defendants' Supplemental Motion for Summary Judgment or Motion to Dismiss [**Doc #322**] is DENIED; and

5) The City Defendants' Motion to Deny Supplemental Jurisdiction dated February 12, 2010 [**Doc # 362**] is DENIED.


IT IS FURTHER ORDERED that a status and scheduling conference is set for **Tuesday,**

**February 1, 2011, at 10:00 a.m.**  Counsel shall appear in person at The Byron Rogers

Courthouse at 1929 Stout Street, Courtroom #C401, Denver, Colorado 80294.


Dated: January __4__, 2011, in Denver, Colorado.


                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        LEWIS T. BABCOCK, JUDGE