IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.

_____

**ORDER**
_____

This matter arises *sua sponte*.  On December 3, 2009, defendants Choate and Maketa (the

"County Defendants") filed a supplemental motion for summary judgment [Doc. #322] seeking

dismissal of the plaintiffs' state law tort claims for failure to provide notice under the Colorado

Governmental Immunity Act ("CGIA").  In recommending denial of the defendants'

supplemental motion for summary judgment [Doc. #381], I found that there was a fact dispute

regarding whether the plaintiffs complied with the CGIA notice provision.  However,

compliance with the CGIA notice provision implicates the court's subject matter jurisdiction.

Section 24-10-109(1), C.R.S.; City and County of Denver v. Crandall, 161 P.3d 627, 634 (Colo.

2007) (stating that "[t]he CGIA notice of claim provision is both a condition precedent and a

jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit").  See also Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 924 (Colo. 1993).

I am obligated to address this court's subject-matter jurisdiction *sua sponte*. Tafoya v. United States Department of Justice, 748 F.2d 1389, 1390 (10th Cir.1984) (stating that "[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings").

The CGIA, section 24-10-101 *et seq*., C.R.S., sets forth the circumstances under which a plaintiff may bring an action in tort against the state, its political subdivisions, and its employees. Mesa County Valley School District v. Kelsey, 8 P.3d 1200, 1203 (Colo. 2000).  Section 24-10-109(1) requires:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

The notice must contain the name and address of the claimant; "[a] concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of"; the name and address of the public employee(s) involved, if known; a concise statement of the nature and extent of the injury; and a statement of the amount of monetary damages being requested.  Id. at § 109(2).  The notice must be filed with the

attorney general if the claim is against the state or an employee of the state.  If the claim is against any other public entity or an employee of a public entity, the notice must be filed with the governing body of the entity or the attorney representing that entity.  Id. at § 109(3).  The plaintiff has the burden to prove jurisdiction.  Trinity Broadcasting, 848 P.2d at 925.

The issue of the plaintiffs' compliance with the requirements of the CGIA must be decided by the court as a matter of law prior to trial.

IT IS ORDERED that an evidentiary hearing on the issue of whether the plaintiffs provided to the County Defendants proper written notice of their state law tort claims under the CGIA is set for **May 2, 2012, at 8:30 a.m.**, in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Plaintiffs and defense counsel shall provide to the court, by **April 25, 2012**, proposed witness lists, exhibit lists, and the original and two copies of all exhibits.  Each exhibit list should be prepared on the attached form.

Plaintiffs' exhibits should be marked with yellow labels, designated as P1, P2, etc.  Defendants' exhibits should be marked with blue labels, designated as D1, D2, etc.  The civil action number should appear on each exhibit sticker. The exhibits shall be contained in three ring binders, and dividers with the exhibit designation must be placed between each exhibit for ease of reference.

Please advise my courtroom deputy, Geneva Mattei, (303) 335-2061, of any anticipated filings to insure that all necessary documents are present during the hearing.  If you intend to use any special equipment, including videos or overhead projections, please make arrangements to provide **all** necessary equipment and inform the courtroom deputy of the date the equipment will be brought to the courthouse so that we may facilitate clearance through court security.

Dated March 21, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

EXHIBIT LIST

CASE NUMBER_____          PLAINTIFF'S LIST_____          DEFENDANT'S LIST_____          THIRD PARTY LIST ____

CASE CAPTION _____ VS. _____ PAGE NUMBER___ DATE_____

LIST PLAINTIFF'S EXHIBITS AS P1, P2, etc, and DEFENDANT'S EXHIBITS AS D1, D2, etc.

| EXHIBIT NO./LTR. | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RESERVED | COMMENTS/ INFORMATION |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

6