IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions (the "Motions") filed by the plaintiffs:[1]

1. **Plaintiffs' Objection to County Defendant Expert Witness(es) and Object to Use of County Expert Witness(es) and Motion to Exclude County Defendants' Expert Witness(es) and/or Strike County Defendants' Expert Witness(es)** [Doc. #417, filed 05/17/2011];

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

2. **Plaintiffs' Objection to County Defendants' Use of Witnesses Not Named in Disclosures Before March 18, 2011, and Motion to Exclude Witnesses** [Doc. #435, filed 07/15/2011];

3. **Plaintiffs Object to City Trying to Invoke the Statute of Limition Defence** [Doc. #436, filed 07/15/2011];

4. **Plaintiffs' Motion for Leave of Court to File and Serve Plaintiffs' Reply to Doc. 447** [Doc. #450, filed 08/04/2011]; and

5. **Plaintiffs' Motion to Set Status Conference and Motion for Evidentiary Hearing** [Doc. #462, filed 11/10/2100].

<u>Motion to Strike County Defendants' Expert Witnesses [Doc. #417]</u>

The plaintiffs assert that the County Defendants did not provide the plaintiffs with their expert designations and Rule 26(a)(2) information on or before April 15, 2011, as required by the Scheduling Order [Doc. #396, entered 3/4/11]. Instead, they sought and received an extension of time until May 6, 2011 [Docs. #409 and #412]. Plaintiffs complain that there was no good cause for the extension. The plaintiffs also complain that although the disclosure certifies service on May 6, 2011, the envelope containing the disclosure is postmarked May 7, 2011.

The plaintiffs' arguments are frivolous and petty. The motion is denied insofar as it seeks an order striking expert witnesses on these bases.

The plaintiffs also assert that the defendants' expert, Dr. Jonathan A. Olin, did not provide a report as required by Rule 26(a)(2). *Motion*, p. 6. The plaintiffs also object to Dr. Olin on the basis that "his testimony is not relevant to the issues in this case" because it offers an

opinion of the plaintiffs' psychiatric condition and mental status.  Id. at pp. 8-9.  The plaintiffs state that they cannot designate a rebuttal witness "based on the limited information provided by County defendants."  Id. at p. 10.

The plaintiffs attach a portion of the defendants' disclosure which states that the plaintiffs have made reference to a "report upcoming" from their expert, Dr. Rosenthal; the report has not been provided to the defendants; upon receipt of the report, "Dr. Olin will offer rebuttal, response, or comment."  Id. at Ex. 160, ¶ 2.  The disclosure further states that "County Defendants will provide Dr. Olin's provide [sic] a written report upon completion, the timing of which is dependant on Plaintiffs' cooperation with discovery and disclosures."  Id.

It is unclear from the motion whether the plaintiffs timely designated Dr. Rosenthal as an expert.  Therefore, I lack sufficient information to determine whether Dr. Olin will be offered as a rebuttal witness.  The plaintiffs' motion is denied insofar as it seeks an order striking Dr. Olin.

Motion to Exclude Witnesses [Doc. #435]

The plaintiffs complain that the County Defendants named Sgt. John Mueller as an expert witness, but he "presents no curriculum vitae, no education, no training, . . . no expert report."  The plaintiffs also complain that this expert designation was untimely.  The plaintiffs further seek to "exclude" Sgt. John Mueller, Sarah Pelton, and Deputy Greg Young as witnesses because they were disclosed in the County Defendants' First Supplemental Disclosures on June 30, 2011, instead of on or before March 18, 2011, as required by the Scheduling Order [Doc. #396].  The plaintiffs summarily state that the testimony of all three witnesses would be irrelevant.

The plaintiffs' arguments are frivolous.  The plaintiffs attach to the motion the defendants' disclosures which state that Sgt. Mueller is a non-retained expert who will testify as to his involvement in requiring Mr. Fortner to register as a sex offender and his understanding of Colorado's sex offender registration law.  Therefore, the defendants are not required to submit an expert report for Sgt. Mueller.  Fed.R.Civ.P. 26(a)(2)(B).  Moreover, the expert designation date was extended to June 30, 2011 [Doc. #428], and the defendants' disclosures were served on June 30, 2011.  The motion is denied.

### Motion for Leave of Court to File Reply to Doc. #447 [Doc. #450]

Plaintiffs request leave to file a reply in support of Doc. #435.  The request is denied.

### Plaintiffs' Objection to Statute of Limitation Defense [Doc. #436]

The plaintiffs assert that the City Defendants have refused to respond to some discovery requests on the basis that the requests are barred by the statute of limitation.  The plaintiffs argue that the defendants have waived this defense.

The plaintiffs do not include the discovery requests and responses that are at issue. Accordingly, the motion is denied.  Moreover, I note that although the defendants did not assert the statute of limitation defense in their dispositive motions [Docs. #60 and #281], they asserted it in their Answer [Doc. #144] in response to paragraphs 78, 79, 80, 81, and 82 of the Second Amended Complaint.  Therefore, the defense is not waived as to the allegations contained in these paragraphs.

### Motion to Set Status Conference and Motion for Evidentiary Hearing [Doc. #462]

The plaintiffs request an order setting a status conference.  They further request an evidentiary hearing because "both County and City defendants are trying to enter witnesses and

evidence that Plaintiffs have not seen nor heard of until now, and long past the cut off deadline of March 18, 2011, for evidence / discovery." The plaintiffs' requests are denied. As discussed below, all witness and evidentiary matters will be addressed at the pretrial conference.

### Abusive Filing Conduct

My review of the record reveals that this case contains 465 docket entries. Many of the entries are redundant and/or frivolous filings by the plaintiffs. Many of the plaintiffs' filings contain immaterial and impertinent statements, and *ad hominem* attacks against the defendants. Such filings are exemplified by the motions addressed in this order. I find that the plaintiffs are engaged in a pattern of abusive conduct.

As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiffs' filings have placed an unnecessary burden on the court. Consequently, the plaintiffs shall cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendant. In addition, all witness and/or evidentiary matters will be addressed at the pretrial conference; motions or other papers raising issues regarding witnesses and evidence are disallowed.

IT IS ORDERED:

1. The Motions [Docs. #417, #435, #436, #450,#462] are DENIED;

      2.   The plaintiffs shall cease filing redundant papers, frivolous papers, and papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendant;

      3.   The parties are prohibited from filing any further motions regarding evidence and witnesses prior to the final pretrial conference; and

      4.   Failure to comply with this Order may result in sanctions, including dismissal of the Second Amended Complaint.

      Dated March 21, 2012.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge