IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiffs' Motion/Request this Court Make Ruling on this Court's Jurisdiction on Plaintiff's Due Process Claims and the State Tort Claims So Intertwined/Related Original Jurisdiction and Supplemental Jurisdiction Be in this Court**[1] [Doc. #479, filed 05/02/2012] (the "Motion"). The Motion is DENIED.

The plaintiffs assert a federal due process claim and several state law tort claims against the County Defendants. The plaintiffs request that the court decide whether the claims are "so

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

intertwined &/or so related to each other" that the court has supplemental jurisdiction over the tort claims. The plaintiffs rely on an order issued by Judge Lewis T. Babcock on January 4, 2011 [Doc. #387], in which Judge Babcock found that the County Defendants' supplemental motion for summary judgment [Doc. #322] was moot. Judge Babcock cited "28 U.S.C. § 1367(a)(providing that '[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy')". Id. at pp. 9-10.

In their supplemental motion for summary judgment, the County Defendants argued that the plaintiffs' state law court claims were barred by the Colorado Governmental Immunity Act ("CGIA") because the plaintiffs did not file notice of their claims as required by sections 24-10-109(1) and (3), C.R.S. (2006). In recommending denial of the defendants' supplemental motion for summary judgment [Doc. #381], I found that there was a fact dispute regarding whether the plaintiffs complied with the CGIA notice provision. Judge Babcock did not address the CGIA notice argument or its impact on the court's subject matter jurisdiction over the tort claims.

Subsequent to Judge Babcock's Order, I informed the parties [Doc. #466] that compliance with the CGIA notice provision implicates the court's subject matter jurisdiction. Section 24-10-109(1), C.R.S.; City and County of Denver v. Crandall, 161 P.3d 627, 634 (Colo. 2007) (stating that "[t]he CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit"). See also Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 924 (Colo. 1993). The court cannot exercise supplemental

jurisdiction over a claim unless it has subject matter jurisdiction over the claim. Therefore, supplemental jurisdiction over the plaintiffs' state law tort claims may exist only if the plaintiffs gave proper notice under the CGIA.

IT IS ORDERED that the Motion [Doc. # 479] is DENIED.

Dated May 11, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge