IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, in his official capacity as Asst. City Attorney for the City of Colorado Springs,
Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.

_____

**ORDER SETTING PRETRIAL CONFERENCE**
_____

The plaintiffs' allegations against defendants Rivera, Young, McGannon, Pearson,

White, and the City of Colorado Springs (the "City Defendants") have been summarized as

follows:

1.  The City Defendants have conspired to "run Plaintiffs out of the tree service

business," *Complaint*, ¶¶ 62, 66, 77, 95, 113;

2.  Rivera, Young, McGannon, and White wrongfully withheld the plaintiffs' tree service

license in violation of the City's rules and regulations, id. at ¶¶ 67, 118;

3.   Rivera, Young, McGannon, White, and Pearson retaliated against the plaintiffs "by taking Plaintiffs' tree service business signs from private property without just cause," id. at ¶¶ 70, 90, 110;

4.   Rivera, Young, McGannon, White, and Pearson have stated  that plaintiff Darrell Fortner is a registered sex offender and is unlicensed and not to hire the plaintiffs to do their tree work, id. at ¶¶ 64-65, 71-72, 87-88;

5.   Rivera, Young, McGannon, White, and the City "have harassed Plaintiffs in court trials more than (10) ten times without just cause" and have caused the Colorado Springs police to issue tickets to the plaintiffs for working without a license, id. at ¶¶ 73, 74;

6.   Rivera, as the Mayor of the City of Colorado Springs, has failed to prevent the wrongs, id. at ¶ 77;

7.   Pearson has wrongfully prevented plaintiff Darrell Fortner from cutting trees. Pearson struck Fortner across the left side of his head, id. at ¶ 78;

8.   Pearson caused the City to issue Darrell Fortner a ticket for working without a tree service license, id. at ¶ 82;

9.   White "called the grand jury process server and had the server serve plaintiff Darrell Fortner with a subpoena to appear before the grand jury in Denver, Colorado on false charges of spraying trees," id. at ¶ 84;

10.   Pearson, McGannon, and other City employees have followed the plaintiffs and taken their pictures, id. at ¶ 85;

11.   Rivera, Young, McGannon, Pearson, and White have threatened to arrest the plaintiffs, id. at ¶ 86;

12.   Rivera, Young, McGannon, Pearson, and White have instructed the plaintiffs' customers and friends not to help the plaintiffs in any way or they will "dig up all the old goast [sic] in your back ground," id. at ¶¶ 88, 117;

13.   Pearson told plaintiffs that there are "two [sic] many Mexicans in our town and we don't want you working here," id. at ¶ 89; and

14.   The City and its employees have contacted out-of-state agencies and asked them to harass the plaintiffs.  The State of Washington has harassed the plaintiffs with threats of arrest. Id. at ¶¶ 64, 112.  See Doc. # # 117; 140; 307; and 353.

The plaintiffs allege that the defendants' actions violated their Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.[1]  The Complaint does not allege when the underlying events occurred, however, nor does it indicate the specific constitutional provision that each action is alleged to violate.

The City Defendants sought summary judgment dismissing these claims [Doc. #281], arguing that they are barred by *res judicata* because the Fortners have lost several lawsuits in both state and federal court concerning the same subject matter. The defendants did not provide any evidence regarding the dates of the alleged events, however.  Consequently, the court granted summary judgment dismissing the following claims as barred by *res judicata*:

1.   The claim against defendant Pearson for striking Mr. Fortner in the head in September 1996;

---

[1]The plaintiffs also alleged claims under 42 U.S.C. §§ 1985(3), 1986 and 18 U.S.C. §§ 241, 242.  Those claims have been dismissed.  See Doc. ##116; 117; 140; and 141.

3

2.  All claims against the City of Colorado Springs and/or its employees which are based on actions from May 1994 until October 1996 for harassment, unlawful arrest of Mr. Fortner, conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business license, and failure to properly supervise and train with regard to these actions; and

3.  All claims based on defendants' actions in ignoring the plaintiffs' valid tree service license in 1996; arresting the plaintiffs in 1996; bringing criminal cases against Mr. Fortner in September and November 1996; failing to renew the plaintiffs' tree service license in 1997; and failing to properly supervise city employees with regard to these actions.  See Recommendation [Doc. # 307] and Order [Doc. # 353].

IT IS ORDERED:

(1)     A final pretrial conference is set for **July 17, 2012, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification, see D.C.COLO.LCivR 83.2B;

(2)     The proposed final pretrial order, which must be submitted pursuant to District of Colorado ECF Procedures V.5.1, is due on or before **July 10, 2012**; and

(3)     Under Section 3 of the proposed final pretrial order (Claims and Defenses), the plaintiffs shall (a) set forth each of their claims separately; (b) state specifically the constitutional provision that forms the basis for each claim; (c) identify the defendant(s) each claim is brought against; and (d) state the facts supporting each claim, including the dates of the relevant actions or inactions of the defendant(s) that support the claim.

Dated June 11, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge