IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, in his official capacity as Asst. City Attorney for the City of Colorado Springs, Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiffs' **Motion for Reconsideration** [Doc. #485, filed 06/11/2012] (the "Motion"). The Motion is DENIED.

On May 2, 2012, I held an evidentiary hearing on the issue of whether the plaintiffs filed with the County defendants a written notice of their state law tort claims as required by the Colorado Governmental Immunity Act ("CGIA"). I found that they did not. On May 30, 2012, I issued my "Findings of Fact, Conclusions of Law, and Order" [Doc. #483] (the "Order") dismissing the state law tort claims for lack of subject matter jurisdiction.

The plaintiffs seek reconsideration of the Order. I construe the Motion as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case." In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

A Rule 60(b) motion is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted). The plaintiffs' Motion reiterates arguments already made and advances arguments that could have been raised previously. The Motion does not contain any basis to reconsider my Order.

IT IS ORDERED that the Motion [Doc. # 485] is DENIED.

Dated June 12, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge