IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,
MAYOR LIONEL RIVERA, individually and in his official capacity as Mayor of C/S,
KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S,
JAMES A. CHOATE, in his individual capacity as Sergeant for El Paso County Sheriff's Office,
TERRY MAKETA, in his individual capacity as Sheriff of El Paso County, Colorado,
SHANE WHITE, in his official capacity as Asst. City Attorney for the City of Colorado Springs,
Co., and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.

_____

## ORDER

_____

    This matter arises on the proposed pretrial orders filed by the parties [Doc. ## 487, 489,

and 494]. The proposed orders are rejected, and the parties are directed to submit a single

proposed pretrial order that complies with this order.

## BACKGROUND

    This case has been pending for almost six years. During that time, the parties have failed

to clarify the claims against defendants Rivera, Young, McGannon, Pearson, White, and the City

of Colorado Springs (the "City Defendants"). The Complaint's allegations against those

defendants are vague and conclusory. The Complaint alleges that the City Defendants' actions

violated the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §

1983.[1]  The Complaint does not indicate the specific constitutional provision that each action is

alleged to violate nor does it state when the alleged events occurred.  In many instances, the

Complaint does not identify the defendants involved in the alleged events.

The City Defendants sought summary judgment dismissing the plaintiffs' claims [Doc. #

281], arguing that they are barred by *res judicata* because the Fortners have lost several lawsuits

in both state and federal court concerning the same subject matter.  However, the defendants did

not provide any evidence regarding the dates of, or the individuals involved in, the alleged

events.  Consequently, the court granted summary judgment dismissing the following claims as

barred by *res judicata*:

1.  The claim against defendant Pearson for striking Mr. Fortner in the head in

September 1996;

2.  All claims against the City of Colorado Springs and/or its employees which are based

on actions from May 1994 until October 1996 for harassment, the unlawful arrest of Mr. Fortner,

conspiracy to run the plaintiffs out of the tree business, suspension of the plaintiffs' tree business

license, and failure to properly supervise and train with regard to these actions; and

3.  All claims based on defendants' actions in ignoring the plaintiffs' valid tree service

license in 1996; arresting the plaintiffs in 1996; bringing criminal cases against Mr. Fortner in

September and November 1996; failing to renew the plaintiffs' tree service license in 1997; and

---

[1]The Complaint also alleged claims under 42 U.S.C. §§ 1985(3), 1986 and 18 U.S.C. §§
241, 242.  Those claims have been dismissed.  See Doc. ## 116; 117; 140; and 141.

failing to properly supervise city employees with regard to these actions.  See *Recommendation of United States Magistrate Judge* [Doc. # 307] and *Order* [Doc. # 353].

## PROPOSED PRETRIAL ORDERS

I set a pretrial conference for July 17, 2012 [Doc. # 484].  In doing so, I ordered the parties to submit a proposed final pretrial order.  I further ordered the plaintiffs to (a) set forth each of their claims separately; (b) state specifically the constitutional provision that forms the basis for each claim; (c) identify the defendant(s) each claim is brought against; and (d) state the facts supporting each claim, including the dates of the relevant actions or inactions of the defendant(s) that support the claim.

Subsequently, I received three separate proposed pretrial orders: one from defendants City of Colorado Springs, Rivera, Young, McGannon, and Pearson[2] [Doc. # 488]; another from defendants Maketa and Choate (the "County Defendants") [Doc. # 494]; and a third from the plaintiffs [Doc. # 489].

In their proposed pretrial order, the plaintiffs set forth 13 "claims."  The claims fail to comply with my order.  The asserted claims may be summarized as follows:

(1)  Defendant Pearson told Matt Niccoli and Dean Mason that Mr. Fortner is a sex offender, is unlicensed, and is uninsured in violation of the Fifth and Fourteenth Amendments and in retaliation for unspecified acts.

---

[2]Although Shane White is a City Defendant, he was not included in the City Defendants' proposed pretrial order.  As discussed below, Mr. White is dismissed from this action.

(2)    Defendants Pearson and McGannon told the Seventh Day Adventist Church, Jacob Richmeier, Scott Reed, and Margie Van Cleave not to hire plaintiffs to do their tree work in violation of the Fifth and Fourteenth Amendments and in retaliation for unspecified acts.

(3)    Defendant Young wrongfully suspended plaintiffs' tree service license in violation of the Fifth and Fourteenth Amendments and in retaliation for unspecified acts.  This claim names Rivera, Young, McGannon, and Pearson, but there are no factual allegations against them.

(4)    Defendant Pearson removed the signs advertising the plaintiffs' tree business from various properties on various dates without due process in violation of the First,[3] Fifth, and Fourteenth Amendments and in retaliation for unspecified acts.

(5)    Defendant White[4] called Mr. Fortner and intimidated him "by having a process server serve Mr. Fortner a subpoena" to testify in front of a grand jury regarding charges of illegally spraying trees, in violation of Mr. Fortner's due process rights and the Fourth, Fifth, and Fourteenth Amendment, and in retaliation for unspecified acts.

(6)    Defendants Pearson and McGannon "stalked" the plaintiffs and took pictures of and harassed the plaintiffs and their clients.  Pearson and McGannon also removed plaintiffs' tree

---

[3]To the extent the plaintiffs are attempting to amend their Complaint to add claims for retaliation and violation of the First Amendment, their attempt to amend is inappropriately presented in a proposed pretrial order, is untimely, and is denied.  In recommending denial of their last attempt to amend, I found that the plaintiffs' "repeated attempts to amend their complaint are unjustified"; they have had "ample opportunity to submit a complete and competent complaint"; and their "repeated attempts to amend are made in bad faith and are intended to cause delay." [Doc. # 248, adopted by Doc. # 387].

[4]The claim is actually brought against "City Defendant."  During the hearing, Mr. Fortner identified "City Defendant" as defendant White.  *Transcript of Pretrial Conference* [Doc. # 497] ("Tr."), 6:1-14.

signs from various properties.  These actions violated the plaintiffs' due process rights, their

Fifth and Fourteenth Amendment rights, and constituted retaliation for unspecified acts.

(7)   Defendant Pearson threatened to arrest Mr. Fortner on numerous occasions in

violation of his due process rights and the Fourth, Fifth, and Fourteenth Amendment, and in

retaliation for unspecified acts.

(8)   Pearson told the plaintiffs' neighbor, Lee Ellis, not to help Mr. Fortner; he would

never get a tree service business license; and if anyone tried to help Mr. Fortner, Mr. Pearson

would revoke their license.  These actions violated the plaintiffs' due process rights, their Fifth

and Fourteenth Amendment rights, and constituted retaliation for unspecified acts.

(9)   Defendants Pearson and McGannon caused the police to arrest Mr. Fortner seven

times "without due process."  The City, Pearson, and McGannon caused Mr. Fortner "to court

trials . . . without due process, without any investigation as to whether Mr. Fortner committed

any violation of any kind."  All seven of the criminal charges were dismissed by the court, or

Mr. Fortner was found not guilty.  No probable cause existed for any of the false arrests or

malicious prosecutions.  These actions violated the plaintiffs' due process rights, their Fourth,

Fifth, and Fourteenth Amendment rights, and constituted false arrest and malicious prosecution.[5]

(10)   This claim states only that the City Defendants' actions violated the Fourth, Fifth,

and Fourteenth Amendments.  There are no specific factual allegations.

---

[5]This claim contains ad hominem attacks against the City Defendants (¶ 58).
Specifically, the plaintiffs state that "due to the dirty hands of the City defendants' willful and
wanton acts to harass and intimidate plaintiffs . . . .  They are like wolves hiding in sheep's
clothing . . . ."  I previously ordered the Fortners to cease filing papers containing ad hominem
attacks against the defendants [Doc. # 467].  I caution the plaintiffs that if they do not cease
filing papers containing ad hominem attacks against the defendants, I will impose sanctions,
including dismissal of this case with prejudice.

(11)   This claim states that Claims One through Ten deprived the plaintiffs of their First, Fourth, Fifth, and Fourteenth Amendment rights including due process and equal protection. There are no specific factual allegations.

(12)   Defendant Rivera had knowledge of the wrongs being done to the plaintiffs and failed to prevent them.  "Instead of preventing the wrongs, the Mayor joined in with the other named defendants to harm the plaintiff."  Rivera violated the plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.

(13)   This claim requests that the "City revise their rules and regulations of the City Forestry's testing procedure to be written within the meaning of the U.S. constitution."

## PRETRIAL CONFERENCE

"At any pretrial conference, the court may consider and take appropriate action on the following matters:

> (A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;
>
> (B) amending the pleadings if necessary or desirable;
>
> (C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;
>
> (D) avoiding unnecessary proof . . . ."

Rule 16(c)(2), Fed.R.Civ.P.

A frivolous claim is one that lacks an arguable basis either in law or in fact.  Blakely v. USAA Casualty Ins. Co., 633 F.3d 944, 949-50 (10th Cir. 2011).  The Tenth Circuit has acknowledged that the purpose of a pretrial conference is to narrow the issues, including claims,

for trial.  <u>Wirtz v. Young Electric Sign Co.</u>, 315 F.2d 326, 327 (10th Cir. 1963) (stating that

"[s]ummary disposition of a cause may logically and properly follow a pre-trial conference when

the pre-trial procedures disclose the lack of a disputed issue of material fact and the facts so

established indicate an unequivocal right to judgment favoring a party"); <u>Holcomb v. Aetna Life

Ins. Co.</u>, 255 F.2d 577, 580 (10th Cir. 1958) (stating that "[t]he purpose of pre-trial conferences is

to simplify the issues and eliminate waste of time and money by avoiding unnecessary proof of

facts at the trial" and that "[a] pre-trial conference is more than a mere conference at which the

court seeks to eliminate groundless allegations or denials and the court has the power to compel

the parties to agree to all facts concerning which there can be no real issue"); <u>Lynch v. Call</u>, 261

F.2d 130, 132 (10th Cir. 1958) (stating "[t]he salutary, indeed the desirable and efficacious,

purpose of a pretrial conference is to sift the discovered and discoverable facts to determine the

triable issues, both factual and legal, and to chart the course of the lawsuit accordingly").  <u>See

also</u> 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

Procedure § 1525 (3d ed. 2010) ("[o]f course, judgment may be ordered at the [pretrial]

conference if there is no triable issue left at the end of the discussion").

## PENDING CLAIMS

During the pretrial conference, in order to discern whether the plaintiffs had any

nonfrivolous claims against the City Defendants under the Fourth, Fifth, or Fourteenth

Amendments, I questioned them extensively regarding the nature of their claims and the

evidence to support their claims.  In addition to the plaintiffs' remaining claim against the

County Defendants,[6] I find that the plaintiffs have stated a sufficient factual basis and have articulated the existence of evidence which may, if believed by the jury, support claims for the following causes of action against certain City Defendants:

**1.   Defendant Young denied renewal of the plaintiffs' tree service business license in 1998 in violation of the plaintiffs' procedural due process rights.**

A license to practice one's profession is a protected property right.  Therefore, "the revocation or removal of a license or certificate that is essential in the pursuit of a livelihood requires procedural due process under the Fourteenth Amendment." Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1150 (10th Cir. 2001).

Mr. Fortner states that at a hearing in 1998, a decision was made not to renew his license, but his lawyer was not present. Id. at 64:19-65:6.  Mr. Fortner filed a lawsuit in the District Court in El Paso County; the lawsuit was dismissed; he filed an appeal; the court of appeals found that the Fortners' due process rights had been violated at the hearing; and the matter was remanded for another hearing. Id. at 65:7-24.  A second hearing was held, but the Fortners' attorney was ill and could not attend. Id. at 65:25-66:8.  The Fortners' application for renewal of their tree service license again was denied. Id. at 66:9-11.  Mr. Fortner states that he was not given an opportunity speak at the second hearing, id. at 66:24-68:20, and that he has evidence to support his claim that he did not have an opportunity to speak. Id. at 69:2-8.

Mr. Fortner has made a sufficient showing that there is evidence to support a claim for denial of his procedural due process rights at the second hearing.

---

[6]The plaintiffs have a due process claim against the County Defendants in their individual capacities related to allegations that they improperly required Mr. Fortner to register as a sex offender and improperly acted to run the Fortners out of business.

**2.   Defendants Pearson and McGannon caused Mr. Fortner to be arrested seven times in violation of his Fourth Amendment rights.**

Mr. Fortner does not provide the dates of the arrests, but the charges were dismissed by the court on December 29, 1998; December 28, 1999; December 29, 2000; December 27, 2001; December 30, 2002; December 30, 2003; December 30, 2004; December 30, 2005; and December 29, 2006.[7] *Final Pretrial Order from Plaintiffs* [Doc. #49], p. 16, ¶ 56.

"The Fourth Amendment, made applicable to the States by way of the Fourteenth Amendment, guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Minnesota v. Dickerson, 508 U.S. 366, 372 (1993) (internal quotations and citation omitted). "It is quite plain that the Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime--'arrests' in traditional terminology.  It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U.S. 1, 16 (1968).

Arrests even for minor offenses must be based on probable cause to believe that the suspect has committed or is committing an offense. Atwater v. City of Lago Vista, 532 U.S. 318, 351 (2008).  "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Cortez v. McCauley, 478 F.3d 1108, 1116 (10th Cir. 2007).

---

[7]To the extent the plaintiffs assert that the arrests also violate Mr. Fortner's due process rights, the Fourth Amendment governs pretrial deprivations of liberty.  Albright v. Oliver, 510 U.S. 266, 273-74 (1994); Taylor v. Meacham, 82 F.3d 1556, 1560 (10th Cir. 1996).

Mr. Fortner states that in all seven instances he was detained by police officers and given a ticket for working without a tree service license. *Tr.*, 43:13-17; 44:12-16; 52:23-53:1. He was taken to jail by the officers twice, and on one he occasion was told to follow the officer in his car to the jail. Id. at 55:4-19. In the other four instances, he was detained for an hour-and-a-half or longer to receive the ticket. Id. at 56:2-3. Mr. Fortner states that the charges in all seven instances were dismissed or that he was found not guilty. He states that if defendants Pearson and McGannon had investigated, they would have known that Mr. Fortner was not in violation of any rules because he was not cutting trees or was cutting them for free. Id. at 44:17-24.

The plaintiffs have stated facts and articulated evidence to support a claim for violation of Mr. Fortner's Fourth Amendment rights based on Pearson and McGannon's seven arrests of Mr. Fortner.

### 3.   Defendants Pearson and McGannon caused Mr. Fortner to be maliciously prosecuted on one of the seven charges.

In this circuit, "a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Wallace v. Kato, 549 U.S. 384, 390 (2007). Because section 1983 malicious prosecution

claims are Fourth Amendment claims, a plaintiff must prove that he was also seized in order to prevail.  Nielander v. Bd. of County Comm'rs, 582 F.3d 1155, 1165 (10th Cir.2009) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)).

Mr. Fortner states that he was prosecuted on one of the seven charges; he was found not guilty; and defendants Pearson and McGannon did not have probable cause to have him arrested or prosecuted.  *Tr.*, 44:16-24.  The plaintiffs state that the defendants' actions were willful and wanton and the plaintiffs suffered loss of income and emotional injuries.  *Final Pretrial Order from Plaintiffs* [Doc. # 489], p. 16, ¶¶ 54, 56.

The plaintiffs have articulated facts and evidence sufficient to sustain a claim for malicious prosecution.

I find that the plaintiffs have not shown the existence of facts or evidence sufficient to demonstrate that their due process rights were violated when Mr. Pearson told two individuals that Mr. Fortner is a registered sex offender.  Damage to one's reputation, without more, does not implicate a liberty interest.  Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004). "[R]eputation alone, apart from some more tangible interests such as employment, is [neither] 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause."  Paul v. Davis, 424 U.S. 693, 701 (1976).  Instead:

> [A] plaintiff asserting that the government has violated the Due Process Clause by impugning his or her "good name, reputation, honor, or integrity," Jensen, 998 F.2d at 1558, must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that "significantly altered [his or] her status as a matter of state law." Paul, 424 U.S. at 710-11, 96 S.Ct. 1155. This is sometimes described as the "stigma plus" standard.

11

<u>Gwinn</u>, 354 F.3d at 1216.

Mr. Fortner states that he had agreed to trim a tree free of charge for Dean Mason, but Mr. Mason changed his mind after he and Matt Niccoli were told by Mr. Pearson that Mr. Fortner was a registered sex offender and was unlicensed and uninsured. *Tr.*, 29:7-30:10. These allegations are insufficient to show that Mr. Fortner suffered a governmentally imposed burden that significantly altered his status as a matter of law. His tree business is not implicated because he was performing work for free, and he does not have any other evidence involving Mr. Pearson telling people that Mr. Fortner was a registered sex offender. <u>Id.</u> at 71:22-72:11.

Moreover, Mr. Fortner admits that he has no evidence that the allegations of sex offender status had anything to do with the City's denial of his tree service license. <u>Id.</u> at 27:9-11. In addition, Mr. Fortner has no evidence to support the allegations contained at page 64 of the Complaint that defendants Rivera, Young, and McGannon told others that Mr. Fortner was a registered sex offender. *Tr.*, 28:1-10; 30:11-31:2. Nor does he have any evidence that defendant White said he was a sex offender. <u>Id.</u> at 31:3-7. Accordingly, there is no evidence to support a claim against any of the City Defendants for violation of the plaintiffs' due process rights regarding allegations that Mr. Fortner is a registered sex offender.

The plaintiffs' allegations of harassment, intimidation, and sign removal, without more, do not rise to the level of constitutional violations. <u>Singer v. Wadman</u>, 595 F.Supp. 188, 284-85 (D.C.Utah, 1982) (harassment and intimidation by law enforcement officials recognized as a cause of action under section 1983 only when the conduct deprives the plaintiff of a specific constitutional right) (citing <u>Philadelphia Yearly Meeting of the Religious Society of Friends v. Tate</u>, 519 F.2d 1335 (3rd Cir.1975)).

The plaintiffs' claim against the City of Colorado Springs cannot be sustained.  In <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  <u>Id.</u> at 694.  A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.  <u>Id.</u> at 690.  A custom is a "persistent and widespread ... practice[] of ... officials."  <u>Id.</u> at 691 (quoting <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 167-168 (1970)).

The plaintiffs have not articulated any facts or evidence showing that any custom or policy is responsible for the deprivation of their constitutional rights.  To the contrary, the plaintiffs complain of the alleged wrongdoings of several individual City employees.  The City of Colorado Springs is dismissed from this action.

The plaintiffs have also failed to state a claim upon which relief can be granted against defendant Rivera.  The Tenth Circuit Court of Appeals has summarized the parameters of supervisory liability under section 1983 as follows:

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. There is no concept of strict supervisor liability under § 1983.  This does not mean that a supervisor may not be liable for the injuries caused by the conduct of one of his subordinates.  It does mean that his liability is not vicarious, that is, without fault on his part.
>
> Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.  To establish supervisor liability under § 1983, it is not enough for a

> plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. In short, the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation.
>
> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because mere negligence is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur.

Serna v. Colorado Dep't. of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (diffuse and quotations omitted).

The plaintiffs attempt to hold Rivera liable because of his supervisory position. *Tr.*, 7:16-21. The plaintiffs cannot articulate any specific facts or any evidence to show that Rivera actively participated or acquiesced in any constitutional violation. Id. at 8:3-10:23. Defendant Rivera is dismissed from this action.

Finally, the plaintiffs have failed to state a claim upon which relief can be granted against defendant White. Mr. Fortner states that White asked him to come talk to him about a case (but not this one) pending against the City. When Mr. Fortner arrived at Mr. White's office, a process server was present. Mr. White said "that's Mr. Fortner, hand it to him." Id. at 63:22-25. Mr. Fortner was served with a subpoena to testify in a Denver court regarding illegally spraying

trees.  Id. at 61:12-23.  The subpoena was issued by the Attorney General's office, not the City.

Id. at 62:6-7.

Mr. Fortner's allegations against White, even if proven, do not rise to the level of a

constitutional violation.  There are no other allegations against defendant White.  Accordingly,

defendant Shane White is dismissed.

## CITY DEFENDANTS' STATUTE OF LIMITATION DEFENSE

During the pretrial conference, the City Defendants moved to amend their Answer [Doc.

# 144]  to include a statute of limitation defense.  Tr., 73:4-13.  The City Defendants did not

plead a statute of limitation defense generally, nor did they raise the defense in their dispositive

motions [Doc. ## 60, 219, and 281].  They pled the defense only in response to paragraphs 78,

79, 80, 81, and 82 of the Second Amended Complaint.  These paragraphs address the claim

against defendant Pearson for striking Mr. Fortner in the head in September 1996, which is

barred by res judicata.

The City Defendants were required to raise all affirmative defenses, including a statute of

limitation defense, in their responsive pleading.  Fed.R.Civ.P. 8(c).  Affirmative defenses are

subject to waiver.  Youren v. Tintic School Dist., 343 F.3d 1296, 1302, 1304 (10 th Cir.2003).

The City Defendants argued that the "request today to raise the statute of limitations

defense comes because this case is kind of strangely postured and we're just getting more

specific information now.  It's the City's position that it would be appropriate for the statute of

limitations to be raised now to address some of the--some of the 12, 15 year old claims that

we're--that we're dealing with, again, that we're just having light shed on at this point."  Tr.,

73:5-13.

15

If this case is "strangely postured" and the City Defendants are "just getting more specific information now," it is through no fault but their own.  On January 8, 2008, I recommended that the City Defendants' motion to dismiss be granted in part and denied in part. *Recommendation of United States Magistrate Judge* [Doc. # 117].  In doing so, I stated "The Complaint is not a model of clarity; however, it provides sufficient allegations to apprise the defendants of the claims against them and the grounds for the claims.  The defendants may through discovery seek to obtain details concerning the plaintiffs' claims." Id. at p. 6.  In recommending that the City Defendants' motion for summary judgment be granted in part and denied in part, I noted that the defendants did not provide evidence to show when many of the plaintiffs' claims were alleged to have occurred.  *Recommendation of United States Magistrate Judge* [Doc. # 307], pp. 10, 13.

The City Defendants apparently did not employ the discovery process to determine the specifics of the plaintiffs claims.  They failed to amend their Answer to include a statute of limitation defense; they failed to assert that defense in their three dispositive motions; and they have not provided any justification for their failure to raise that defense until almost six years after this action was filed.

I find that the City Defendants have waived the statute of limitation defense, and their request to amend their Answer to include the defense is denied.

## CONCLUSION

IT IS ORDERED:

(1)   The parties' proposed pretrial orders [Doc. ## 487, 489, and 494] are REJECTED;

(2)   The parties' objections to the proposed pretrial orders [Doc. ## 488 and 493] are DENIED AS MOOT;

(3)   A supplemental pretrial conference is set for **October 10, 2012**, at 1:00 p.m. in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado;

(4)   The proposed final pretrial order, which must be submitted pursuant to District of Colorado ECF Procedures V.5.1 and in conformance with this order, is due on or before **October 3, 2012**.  The parties are directed to follow the format specified in Appendix G of the local rules of practice, D.C.COLO.LCivR.  The defendants are directed to obtain the plaintiffs' input for the proposed final pretrial order; cause it to be typewritten and presented in a manner consistent with Appendix G; and submit it electronically.  The plaintiffs are directed to cooperate in the preparation of the proposed final pretrial order;

(5)   Defendants City of Colorado Springs, Shane White, and Lionel Rivera are DISMISSED;

(6)   The City Defendants' motion to amend their Answer to assert a statute of limitation defense is DENIED; and

(7)   The plaintiffs' surviving claims against the City Defendants are construed as follows:

17

a.   Defendant Young denied the renewal of the plaintiffs' tree service business license in 1998 in violation of the plaintiffs' procedural due process rights;

b.   Defendants Pearson and McGannon caused Mr. Fortner to be arrested seven times in violation of his Fourth Amendment rights; and

c.   Defendants Pearson and McGannon caused Mr. Fortner to be maliciously prosecuted on one of the seven charges.

Dated September 4, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge