IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion for Reconsideration** [Doc.#549, filed 03/14/2013]. The Motion is DENIED.

The plaintiffs, Darrell and Jennifer Fortner, are proceeding *pro se.*[1] On December 12, 2012, defendants Choate and Maketa (the "County Defendants") filed a Motion to Enforce Settlement [Doc. #518] stating that the Fortners had entered into a settlement agreement with them but had improperly withdrawn from the agreement. On March 4, 2013, I issued an order [Doc. #540] granting the County Defendants' Motion to Enforce Settlement.

The Fortners request that I reconsider my order granting the County Defendants' Motion to Enforce Settlement. "[A] motion for reconsideration is appropriate where the court has

---

[1]Therefore, I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  The plaintiffs' motion reiterates arguments already made and advances arguments that could have been raised previously.  Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration [Doc.#549] is DENIED.

Dated March 18, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge