IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

## ORDER
_____

This matter arises on **Plaintiffs' Motion for Reconsideration** [Doc. #559, filed 03/18/2013] (the "Second Motion for Reconsideration"). The Second Motion for Reconsideration is STRICKEN.

On December 12, 2012, former defendants James Choate and Terry Maketa (the "County Defendants") filed a motion to enforce a settlement agreement between the plaintiffs and the County Defendants [Doc. #518]. After a full-day hearing, I issued and order granting the motion [Doc. #540]. On March 14, 2013, the plaintiffs filed a motion to reconsider my order [Doc. #549] (the "First Motion to Reconsider"). On March 18, 2013, I denied the plaintiffs' First Motion to Reconsider [Doc. #553]. Also on March 18, 2013, the plaintiffs filed their Second

Motion to Reconsider.  This motion is identical to the First Motion to Reconsider except that it contains additional exhibits.[1]

The plaintiffs have a history of filing redundant motions.  On March 26, 2012, I ordered them to cease filing redundant papers [Doc. #467].  In doing so, I stated:

> My review of the record reveals that this case contains 465 docket entries.  Many of the entries are redundant and/or frivolous filings by the plaintiffs.  Many of the plaintiffs' filings contain immaterial and impertinent statements, and *ad hominem* attacks against the defendants.  Such filings are exemplified by the motions addressed in this order.  I find that the plaintiffs are engaged in a pattern of abusive conduct.
>
> As the Tenth Circuit Court of Appeals has made clear:
>
>> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial system.
>
> Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).
>
> The plaintiffs' filings have placed an unnecessary burden on the court.  Consequently, the plaintiffs shall cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendant.

In spite of my order, the plaintiffs have filed redundant motions for reconsideration.  Moreover, the motions contain immaterial and impertinent statements.  For example, the motions state:

> Should Mr. Fortner file for a devorse [sic], well he would win everything he wanted, handsdown if this is the case that Mr.

---

[1] The additional exhibits are not relevant to the issue of whether a settlement agreement was reached between the plaintiffs and the County Defendants.

> Fortner in a legal court room at a hearing or with his attorney Mrs.
> Fortner would have no rights whatsoever and Mr. Fortner could
> cause Mrs. Fortner to be living in the streets with NOTHING!

*First and Second Motions for Reconsideration*, ¶ 15.

Finally, the captions of the First and Second Motions for Reconsideration list James Choate and Terry Maketa as defendants. Choate and Maketa are no longer defendants in this case, and the plaintiffs shall cease naming them in the caption.

IT IS ORDERED:

(1)   Plaintiffs' Motion for Reconsideration [Doc. #559] is STRICKEN;

(2)   The plaintiffs shall cease filing redundant papers, frivolous papers, and papers containing immaterial and impertinent statements and *ad hominem* attacks;

(3)   All future filings shall contain the proper caption; and

(4)   Failure to comply with this Order will result in sanctions, including dismissal of this action.

Dated March 20, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge