IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

KATHY YOUNG, individually and in her official capacity as City Clerk of C/S,
DARREL PEARSON, individually and in his official capacity as City Forrester of C/S, and
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City
of Colorado Springs, CO,

Defendants.

_____

**ORDER**

_____

This matter arises on **Plaintiffs' Motion in Limine** [Doc. #561, filed 03/29/2013] (the

"Motion").  The Motion is DENIED.

On March 14, 2013, I held a status conference in order to reset this case for trial.[1]  At the

conference, Mr. Fortner requested permission to file a motion in limine to address exhibits that

defendants Young, Pearson, and McGannon (the "City Defendants")[2] had listed on their Exhibit

List but had not provided to him.  I expressed my reluctance to allow the plaintiffs to file a

motion in limine, partly because the trial is to the court and most issues can be handled during

the trial and partly because the Fortners have a tendency to unnecessarily burden the court with

_____

[1]The initial trial setting was vacated because the Fortners entered into a settlement
agreement with defendants Choate and Maketa (the "County Defendants") but refused to honor
the agreement.

[2]All defendants other than Young, Pearson, and McGannon have been dismissed.

irrelevant arguments and materials.  Nevertheless, I gave the Fortners permission to file one

motion in limine, not to exceed 10 pages, to address the issue of the asserted failure to disclose

the documents listed on the Exhibit List.  I stated that although the 10 page limit does not include

exhibits, the Fortners were not to file excessive exhibits.

The City Defendants' Exhibit List is attached to the Amended Final Pretrial Order [Doc.

#508, pp. 16-19].  The City Defendants list 33 exhibits.[3]  The Fortners' Motion does not identify

which, if any, of the exhibits were not provided to them by the City Defendants.  Instead, the

plaintiffs object to the City Defendants' listed witnesses; witnesses not listed by the City

Defendants; exhibits not disclosed on or before March 18, 2011; all exhibits with dates before

June 25, 1997 and April 25, 2004; all exhibits concerning misdemeanors, infractions or traffic

offenses; exhibits and witnesses that relate to claims that have been dismissed; and "all hearsay."

The plaintiffs attached 209 pages of exhibits to the Motion .[4]

---

[3]The plaintiffs state "September 25, 2012 and October 5, 2012, for the first time, City Defendants are tendering more than 160 listed exhibits in their exhibit book." *Motion*, ¶¶ 21, 22. This statement is unsupported by the record.

[4]The plaintiffs also argue that the City Defendants failed to provided them with discovery. *Motion*, ¶¶ 27, 28, 33.  On May 2, 2008, the plaintiffs filed their only motion to compel discovery from the City Defendants [Doc. #188].  The plaintiffs complained that the defendants had not responded to their discovery requests by the May 1st deadline.  I denied the motion to compel as moot because the City Defendants had served their discovery requests on the plaintiffs on May 1, 2008 [Doc. #207].  Rather than waiting to receive the timely-served responses in the mail, the plaintiffs rushed to file their motion to compel.  The plaintiffs did not seek to compel further responses to their discovery requests from the City Defendants. Therefore, their argument is untimely.  Moreover, the plaintiffs do not contend that any of the discovery which they claim was not provided is relevant to the remaining claims.

The Fortners have failed to file a motion in limine limited to the subject permitted.[5]  The

Motion is demonstrative of the abusive litigation tactics frequently employed by the plaintiffs,

including their repeated and stubborn refusal to follow court orders and to focus on the issues at

hand.

IT IS ORDERED:

(1)   The Motion [Doc. # 561] is DENIED; and

(2)   No additional pretrial motions are permitted without leave of court.

Dated April 10, 2013.

BY THE COURT:

 s/ Boyd N. Boland                              
United States Magistrate Judge

---

[5]I am aware that the plaintiffs are proceeding *pro se*, and that I must liberally construe
their pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for *pro
se* litigants, however, who must comply with the rules and orders of this court.  Hall v. Bellmon,
935 F.2d 1106, 1110 (10th Cir. 1991).