IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No.  06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a/ Diamond/Dundee Tree Service,

Plaintiffs,

v.

KATHRYN YOUNG, individually and in her official capacity as City Clerk of Colorado Springs, CO,
DARRELL PEARSON, individually and in his official capacity as City Forrester of Colorado Springs, CO,
JAMES E. MCGANNON, individually and in his official capacity as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

# ORDER
_____

The parties appeared this morning for a trial preparation conference in anticipation of a five day trial to the court to begin in one week, on June 10, 2013.  Immediately before the conference, the plaintiffs filed the following:

(1)   **In re: Attorneys' fees or Motion to Consider Attorneys fees** [Doc. # 568, filed 6/3/2013] (the "Motion re Attorneys Fees");

(2)   **Plaintiffs' Motion to Vacate Trial Date and Reset trial** [Doc. # 569, filed 6/3/2013] (the "Motion to Vacate Trial");

(3)   **Motion for Leave of Court to File; and Motion to Reinstate City of Colorado Springs as a Defendant** [Doc. # 570, filed 6/3/2013] (the "Motion to Reinstate Colorado Springs as Defendant"); and

(4)     **Plaintiffs' Motion for Leave of Court to File the Attached Motion to Strike Defendants' Exhibits** [Doc. # 571, filed 6/3/2013] (the "Motion to Strike Exhibits").

The Motion re Attorneys Fees concerns the Motion for Enforcement of Contingent Fee Agreement for Attorneys Fees [Doc. # 544] filed by Erhard Fitzsimmons, PC (the "Fitzsimmons Motion"), the Fortners' former lawyer. I received briefing on the Fitzsimmons Motion, see Doc. ## 544 and 546, and held a hearing on it. See Transcript of Proceedings [Doc. # 566]. The matter has been fully presented, and further briefing at this late date is not warranted. Consequently, the Motion re Attorneys Fees [Doc. # 568] is STRICKEN.

In the Motion to Vacate Trial [Doc. # 569], Mr. Fortner alleges that he is scheduled to have eye surgery tomorrow. There is no evidence, beyond Mr. Fortner's statement, supporting the assertion, nor is there any evidence that the surgery is of an emergency nature and could not be postponed until after the trial. Finally, there is no evidence of the recovery period associated with the surgery or evidence that Mr. Fortner will not be entirely healed by the date of the trial. This is a very old case. A trial scheduled for January of this year was vacated due to the plaintiffs' conduct in hiring and firing Mr. Fitzsimmons as their lawyer and the dispute about whether the plaintiffs had settled their claims against the County defendants. Order [Doc. # 521] at ¶4. On the record now before me, it does not appear that another last minute continuance of the trial is warranted, and the Motion to Vacate Trial [Doc. # 569] is DENIED.

In an Order [Doc. # 498] entered on September 4, 2012, I dismissed the City of Colorado Springs as a defendant stating:

> The plaintiffs' claim against the City of Colorado Springs cannot be sustained. In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury

> inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official polity, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. . . .
>
> The plaintiffs have not articulated any facts or evidence showing that any custom or policy is responsible for the deprivation of their constitutional rights.  To the contrary, the plaintiffs complain of the alleged wrongdoings of several individual City employees.  The City of Colorado Springs is dismissed from this action.

Order [Doc. # 498] at p. 13.  Nothing contained in the Motion to Reinstate Colorado Springs as Defendant [Doc. # 570] convinces me that my prior ruling was erroneous and requires reconsideration, and that motion is DENIED.

The Motion to Strike Exhibits [Doc. # 571] is an attempt to file another motion in limine concerning an alleged failure by the City defendants to fully disclose their trial exhibits.  I previously allowed the plaintiffs an opportunity to present these arguments.  Specifically, in my Order [Doc. # 548] entered on March 14, 2013, I allowed the plaintiffs "leave to file one motion in limine on the issue of the disclosure of the City Defendants' trial exhibits." Id. at ¶3.  I expressed reluctance to allow the motion, partly because the trial is to the court and most issues can be handled during the trial, and partly because the plaintiffs tend to unnecessarily burden the court with irrelevant arguments and materials.  See Order [Doc. # 563] at pp. 1-2.

The plaintiffs filed the motion in limine [Doc. # 561] and, as I feared, it generally did not address the alleged failure to disclose trial exhibits.  Order [Doc. # 563] at p. 3.  Consequently, the motion in limine was denied. Id.  The plaintiffs orally sought leave to file another motion in limine, which was denied.  Trans. of Proceedings [Doc. # 566] at p. 11 line 2 through p. 12 line 22.  This latest motion to raise an issue previously briefed and decided is also DENIED.

IT IS ORDERED:

(1)    The Motion re Attorneys Fees [Doc. # 568] is STRICKEN;

(2)    The Motion to Vacate Trial [Doc. # 569] is DENIED;

(3)    The Motion to Reinstate Colorado Springs as Defendant [Doc. # 570] is DENIED; and

(4)    The Motion to Strike Exhibits [Doc. # 571] is DENIED.

Dated June 3, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge