IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02148-BNB-MEH

DARRELL FORTNER, and
JENNIFER FORTNER, d/b/a Diamond/Dundee Tree Service,

Plaintiffs,

v.

KATHY YOUNG, individually as City Clerk of C/S,
DARREL PEARSON, individually as City Forrester of C/S, and
JAMES E. MCGANNON, individually as City Forrester for the City of Colorado Springs, CO,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Motion for Enforcement of Contingent Fee Agreement for Attorney Fees** [Doc. #544, filed 03/07/2013] (the "Motion") filed on behalf of the plaintiffs' former counsel, Erhard Fitzsimmons PC. The Motion is GRANTED.

The plaintiffs, Darrell and Jennifer Fortner, initiated this case on October 26, 2006. They proceeded *pro se* during most of the case. They were represented by Erhard Fitzsimmons PC for approximately 2½ months. Mr. Fitzsimmons filed the instant Motion to enforce the Contingent Fee Agreement several months after I allowed him to withdraw as counsel.

On April 15, 2013, I held a hearing on the Motion. I make the following findings of fact and conclusions of law:

1. On September 29, 2012, Darrell and Jennifer Fortner signed a Contingent Fee Agreement (the "Agreement") dated September 29, 2012. *Transcript of Motion Hearing* [Doc. #566] ("Tr."), 21:1-7.

2. Mr. Fitzsimmons signed the Agreement on or before October 3, 2012. *Tr.* 22:18-24; 52:22-53:25; 57:19-58:6.

3. The Agreement provides in pertinent part that the Fortners retain the law office of Erhard Fitzsimmons, PC, to represent them in this case and that they will pay Mr. Fitzsimmons 33 1/3 % of the total amount obtained by settlement of the plaintiffs' claims. Although the Agreement provides that the Fortners are responsible for costs, Mr. Fitzsimmons waived all costs. *Tr.* 24:6-20; *Fitzsimmons' Exhibit*, 1.1 - 1.7.

4. On October 3, 2012, Mr. Fitzsimmons entered his appearance in this case on behalf of the plaintiffs. *Tr.* 22:18-19; 23:14-20; Doc. #503.

5. On November 26, 2012, Mr. Fitzsimmons entered into settlement negotiations with defendants Choate and Maketa (the El Paso "County Defendants") on behalf of the plaintiffs. *Order* [Doc. #540], p. 4, ¶ 1. On November 30, 2012, the plaintiffs and the County Defendants entered into an oral settlement agreement. Id. at p. 5, ¶ 8. On December 4, 2012, the terms of the settlement agreement were met, and the plaintiffs' claims against the County Defendants were settled in the amount of $9,900.00.[1] Id. at pp. 5,6, 7, 8, and 10, ¶¶ 10, 11, 12, 13, 17, and 19.

6. On December 11, 2012, Erhard Fitzsimmons, PC, file an unopposed motion to withdraw as counsel of record [Doc. #516]. I permitted Mr. Fitzsimmons to withdraw on December 17, 2012 [Doc. #521].

---

[1]The plaintiffs refused to sign the General Release and Agreement, and the County Defendants filed a motion to enforce the settlement agreement [Doc. #518]. I granted the motion [Doc. #540] after conducting an evidentiary hearing on the matter.

7. The Fortners have not paid Mr. Fitzsimmons for his work on this case pursuant to the Agreement or otherwise. *Tr.* 26:16; 59:7-8.

8. Chapter 23.3 of the Colorado Court Rules contains the Rules Governing Contingent Fees. Rule 6 provides that "[n]o contingent fee agreement shall be enforceable by the involved attorney unless there has been substantial compliance with all the provisions of this Chapter 23.3."

9. The Fortners do not argue that the Agreement runs afoul of the rules, and my review of the Agreement reveals that it is in compliance with the requirements of Chapter 23.3. Anderson v. Kenelly, 547 P.2d 260, 261 (Colo. App. 1975) (stating that "[u]nder its general supervisory power over attorneys as officers of the court, a court may and should scrutinize contingent fee contracts and determine the reasonableness of the terms thereof") (citing Brillhart v. Hudson, 455 P.2d 878 (Colo. 1969); Bryant v. Hand, 404 P.2d 521 (Colo. 19656); Enyart v. Orr, 238 P. 29 (Colo. 1925)). The Fortners signed a proper Disclosure Statement pursuant to Rule 4, and the Agreement contains the appropriate contents as set forth in Rule 5. Moreover, the agreement was not unreasonable considering the contentious and protracted nature of the case; Mr. Fortner's obstinance; Mr. Fitzsimmons' professional opinion that the Fortners faced a low risk of success at trial; and Mr. Fitzsimmons' success in settling the claims against the County for a relatively large sum of money. Berra v. Springer and Steinberg, P.C., 251 P.3d 567, 572-73 (Colo. App. 2010) (setting forth factors to consider regarding the reasonableness of fee arrangements and holding that the court can take into consideration events which occurred after the parties entered into the fee agreement, such as the amount involved and the results obtained, to determine the enforceability of the agreement); Rule 3(d) (providing that "[n]o

contingent fee agreement shall be made . . . if it is unconscionable, unreasonable, and unfair");

*Tr.* 21:17-22:10; *Fitzsimmons' Exhibit*, 1.1.

IT IS ORDERED:

(1)   The Motion for Enforcement of Contingent Fee Agreement for Attorney Fees [Doc. #544] is GRANTED; and

(2)   Judgment shall enter in favor of Erhard Fitzsimmons, PC, and against Darrell and Jennifer Fortner in the amount of $3,300.00.

Dated August 20, 2013.

                                               BY THE COURT:

                                               s/ Boyd N. Boland
                                               United States Magistrate Judge